UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILEVER BESTFOODS and CCL CUSTOM MANUFACTURING, INC., Plaintiffs,<br>v.<br>AMERICAN STEEL & ALUMINUM CORPORATION, et al., Defendants,<br>and<br>CCL CUSTOM MANUFACTURING, INC., Plaintiff,<br>v.<br>ARKWRIGHT INCORPORATED, et al., Defendants. | CONSOLIDATED<br>CIVIL ACTION NO. 01-496-L |

**REPLY OF DEFENDANTS, WASTE MANAGEMENT OF MASSACHUSETTS, INC., WASTE MANAGEMENT DISPOSAL SERVICES OF MASSACHUSETTS, INC., WASTE MANAGEMENT, INC., CHAMBERS DEVELOPMENT COMPANY, INC. AND CLEAN HARBORS OF BRAINTREE, INC. TO THE RESPONSE TO PLAINTIFFS' MOTION FOR ORDER OF DISMISSAL SUBMITTED BY DEFENDANTS LEACH & GARNER TECHNOLOGY, INC. AND LUCENT TECHNOLOGY SERVICES, INC.**

Defendants, Waste Management of Massachusetts, Inc.[1], Waste Management Disposal Services of Massachusetts, Inc.[2], Waste Management, Inc.[3] Chambers Development Company, Inc.[4] and Clean Harbors of Braintree, Inc.[5] (hereinafter collectively referred to as "Waste

[1] Incorrectly referred to in the Third Amended Complaint as "Waste Management of North America, Inc. f/k/a Goditt & Boyer, Inc"; "Waste Management, Inc. f/k/a Waste Management of North America, Inc. f/k/a Waste Management of Massachusetts, Inc. f/k/a Waste Systems, Inc. f/k/a Goditt & Boyer, Inc." and "Waste Management, Inc. f/k/a Waste Management of North America, Inc. f/k/a Waste Management of Massachusetts, Inc. f/k/a Waste Systems, Inc. f/k/a L.W Fontaine Trucking, Inc."
[2] Incorrectly referred to in the Third Amended Complaint as "Waste Management, Inc. f/k/a Waste Management Acquiring Corp. f/k/a SCA Disposal Services of New England, Inc. f/k/a Cal's Enterprises, Inc."
[3] Incorrectly referred to in the Third Amended Complaint as "Waste Management, Inc. f/k/a Advanced Environmental Technology Services, LLC f/k/a Advanced Environmental Technology Corp."
[4] Incorrectly referred to in the Third Amended Complaint as "Chambers Development Co., Inc. f/k/a United Sanitation" and "Waste Management, Inc. f/k/a USA Waste Services, Inc. f/k/a "Chambers Development Co., Inc. f/k/a United Sanitation".

Management"), hereby reply to the Response to Plaintiffs' Motion for Order of Dismissal ("Response"), including the proposed Order attached thereto, submitted by Defendants Leach and Garner Technology, Inc. ("Leach") and Lucent Technologies Services Co., Inc. ("Lucent").[6] The Lucent and Leach proposed Order reflects, at best, a misunderstanding of the function of the limited dismissals proposed by the plaintiffs in their Motion for Order of Dismissal ("Motion"), and, at worst, an intentional attempt to restrict Waste Management's and other settling defendants' statutory protections.

As a preliminary matter, Waste Management supports plaintiffs' Motion under the terms and limitations expressly set forth therein. To Waste Management's knowledge, all other settling defendants identified in the Motion similarly support the Motion. This makes sense, as the dismissals requested in the Motion are consistent with and in furtherance of the Administrative Order on Consent ("AOC") entered into by each settling defendant (and previously by plaintiffs) with the United States Environmental Protection Agency ("EPA"), in which each of the settling defendants was relieved of certain environmental liabilities and granted defined contribution protection in relation to the Site. The Motion is largely a reflection of the AOC.

In contrast, the Response and proposed Order were submitted to the Court by a subset of defendants who have refused to settle with plaintiffs or EPA. Not only are those defendants still subject to the claims of plaintiffs and EPA, most if not all are also subject to crossclaims filed against them by Waste Management. It is the crossclaims component that nonsettling defendants seek to affect with their Response and proposed Order. In fact, Nonsettlors' Response is more appropriately characterized as an Opposition to the Motion, given that their proposed changes

---

[5] Incorrectly referred to in the Third Amended Complaint as "Clean Harbors Environmental Services, Inc. f/k/a SCA Chemical Services, Inc. f/k/a SCA Services, Inc. f/k/a Recycling Industries, Inc." and "Clean Harbors, Inc. f/k/a SCA Chemical Services, Inc. f/k/a Recycling Industries, Inc."

[6] Defendants General Electric Company and Sequa Corporation joined Leach and Lucent in their "Response".

would dramatically alter the effect of the Motion and impact current and subsequent contribution actions. The relief the recalcitrant parties seek is not appropriate in the context of this Superfund (CERCLA) case.

Plaintiffs' Motion as presented to the Court serves three primary functions. First, it would dismiss all of plaintiffs' claims against the *settling* defendants only (i.e. those that have settled with plaintiffs and EPA). Second, in return it would dismiss any counterclaims filed by the settling defendants against plaintiffs. Third, it suggests that it may be appropriate for the Court to dismiss crossclaims that exist *between* the *settling* defendants.[7] Nowhere in the Motion are the recalcitrant non-settling defendants mentioned, nor are claims against or by them affected.

Under the Motion, all claims except for the three limited categories set forth above are retained and continue in effect. In particular, even though Waste Management has settled the pending claims between it and plaintiffs and settling defendants, its crossclaims against all *nonsettling* defendants are retained, as are any crossclaims by those parties against Waste Management. The nonsettling defendants have no basis to comment on a Motion that has no effect on them or their claims. This leads to the possible conclusion that nonsettling defendants simply misunderstand the operative effect of the Motion.

It should be further noted that the dismissal sought in the Motion is a limited one. Plaintiffs in their Third Amended Complaint sought only costs associated with the Remedial Investigation and Feasibility Study ("RI/FS") portion of the Superfund site cleanup. Again this makes sense, because plaintiffs and each settling defendants settling with EPA only in relation to those (still ongoing) costs. Costs related to the next step, the Remedial Design and Remedial

[7] While Waste Management does not necessarily agree that dismissal of crossclaims between settling defendants is necessary or appropriate, it has assented to that approach in this instance for purposes of facilitating the settlement reflected in the Motion.

Action ("RD/RA") phase, are not the subject of the AOC nor the Motion, and related claims are expressly reserved as plainly stated in the Motion.

The recalcitrant nonsettlors display their overreach when they state in their response that the proposed Order "carries out the terms of the Settlement and Release Agreements". Neither Lucent nor Leach are party or privy to any of those confidential Settlement and Release Agreements. In fact, the settling defendants are not even necessarily aware of the terms of each other settling defendants' agreements. Waste Management can state that it is aware that its Settlement and Release Agreement, although identical in name, has provisions that vary from some, if not all, of the other agreements between plaintiffs and other settling defendants. This is in part because Waste Management, unlike the other settling defendants who were "cashout" parties, agreed in the AOC with EPA to perform RI/FS work at the Site. Waste Management has in fact performed that work alongside plaintiffs and has incurred related costs. It is therefore not only a settling defendant but also an active crossclaim plaintiff seeking recovery of the response costs it has incurred at the Site.

As part of Waste Management's settlement with EPA under the AOC, it is entitled to statutory contribution protection from claims related to matters addressed in the AOC.[8] The nonsettlors' attempt to "preserve" their crossclaims against settling parties like Waste Management therefore fails for two reasons: (i) the Motion does not purport to address crossclaims (if any) that nonsettlors have against settling parties, and (ii) as a practical matter, the nonsettlors have no such crossclaims, because such crossclaims are mooted by the contribution protection afforded by the AOC (even were the Motion not granted). Attempts by the nonsettlors or the Court to "preserve" such contribution crossclaims would result in giving illusory life to claims that are expressly barred by statute. The Response of Lucent and Leach

and other recalcitrant nonsettlors is a thinly-veiled attempt to end-run around the clear directives of the CERCLA statute, rather than to serve its purposes.

For the foregoing reasons, the opposing Response and Order proposed by Lucent and Leach must be rejected. Instead, the Court should enter an Order consistent with the Motion submitted by the plaintiffs with the full support of the 33 listed settling defendants.

Respectfully submitted,

WASTE MANAGEMENT OF MASSACHUSETTS, INC.,
WASTE MANAGEMENT DISPOSAL SERVICES OF MASSACHUSETTS, INC.,
WASTE MANAGEMENT, INC.,
CHAMBERS DEVELOPMENT COMPANY, INC.,
CLEAN HARBORS OF BRAINTREE, INC.

By their attorneys,

/s/ Paul V. Reynolds
Paul V. Reynolds (# 0966)
REYNOLDS, DEMARCO & BOLAND, LTD.
Greater Providence Bank Building
170 Westminster Street
Suite 200
Providence, RI 02903
(401) 861-5522

/s/ Roy P. Giarrusso
Roy P. Giarrusso, BBO No. 549470
GIARRUSSO, NORTON, COOLEY & McGLONE, P.C.
Marina Bay
308 Victory Road
Quincy, MA 02171
(617) 770-2900

[8] See 42 U.S.C. § 9613(f)(2) ("A person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement.").

CERTIFICATE OF SERVICE

I, Roy P. Giarrusso, hereby certify that I have this day caused a copy of the foregoing "Reply Of Defendants, Waste Management Of Massachusetts, Inc., Waste Management Disposal Services Of Massachusetts, Inc., Waste Management, Inc., Chambers Development Company, Inc. And Clean Harbors Of Braintree, Inc. To The Response To Plaintiffs' Motion For Order Of Dismissal Submitted By Defendants Leach & Garner Technology, Inc. And Lucent Technology Services, Inc." to be sent by electronic means (ECF) to the following counsel of record:

- **Stephen Adams**
  sadams@taylorduane.com
- **Melody A. Alger**
  melody.alger@bgmalaw.com
- **Thomas C. Angelone**
  angelonelaw@ol.com Conlonmaryv@aol.com
- **Charles S. Beal**
  cbeal@cm-law.com ccappalli@cm-law.com
- **Gregory L. Benik**
  gbenik@nixonpeabody.com ProEfile@nixonpeabody.com
- **Kevin J. Bristow**
  KJBristowlaw@verizon.net
- **Christopher R. Bush**
  cbush@riag.ri.gov randrade@riag.ri.gov
- **Alexandra K. Callam**
  acallam@haslaw.com
- **Paul V. Curcio**
  pcurcio@apslaw.com
- **John B. Daukas**
  jdaukas@goodwinprocter.com
- **William M. Dolan, III**
  wdolan@brownrudnick.com
- **William S. Eggeling**
  William.eggeling@ropesgray.com
- **Douglas J. Emmanuel**
  demanuel@crfllp.com
- **Alden C. Harrington**
  Harrington@bhrlaw.com
- **Richard W. MacAdams**
  rmacadams@mwdglaw.com vburrus@mwdglaw.com
- **Kevin J. McAllister**
  kmcallister@brcsm.com
- **James J. McGair**
  jmcgair@hotmail.com
- **Joseph J. McGair**
  jjm@petracamcgair.com
- **Jeffrey S. Michaelson**
  jeffmichaelson@cox.net

- **Mortimer C. Newton**
  mortnewton@gmail.com
- **Scott J. Partington**
  scott@b-plaw.com
- **Karen Ann Pelczarski**
  kap@blishcavlaw.com
- **Gerald J. Petros**
  gpetros@haslaw.com clomas@haslaw.com
- **Thomas C. Plunkett**
  tplunkett@kprlaw.com info@kprlaw.com
- **Ian C. Ridlon**
  iridlon@darroweverett.com
- **Paul M. Sanford**
  psanford@burnslev.com scook@burnslev.com
- **Justin T. Shay**
  jshay@cm-law.com ccappalli@cm-law.com
- **Deming Sherman**
  dsherman@eapdlaw.com
- **Kristen W. Sherman**
  ksherman@apslaw.com afontaine@apslaw.com;btallman@apslaw.com
- **Steven E. Snow**
  ses@psh.com tlc@psh.com
- **Dean S. Sommer**
  dsommer@youngersommer.com amorris@youngersommer.com
- **Randal L. Souza**
  rsouza@shslawfirm.com asalvaggio@shslawfirm. com
- **Benjamin V. White, III**
  bwhite@vetterandwhite.com

and by first-class mail to the following counsel of record:

John A. Andreason, Esq.
McGrath, North, Mullin & Kratz, P.C.
1601 Dodge Street – Suite 3700
Omaha, NE 68102

Julie Pruitt Barry, Esq.
Stephen J. Brake, Esq.
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604

John J. Barton, Esq.
Taylor, Duane, Barton & Gilman LLP
10 Dorrance Street – Suite 700
Providence, RI 02903

Ralph A. Child, Esq.
Lyn M. Lustig, Esq.
Mintz, Levin, Cohn Ferris,
Glovsky & Popeo, PC
One Financial Center
Boston, MA 02110

Douglas A. Cohen, Esq.
Michael Kozlik, Esq.
Brown Rudnick Berlack Israels LLP
185 Asylum Street
City Place I
Hartford, CT 06103

Stephen E. Crowley, Esq.
United States Department of Justice
Environmental & Natural Resource Division
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026-3986

Christopher Davis, Esq.
Goodwin Procter LLP
Exchange Place
Boston, MA 02109

Mark O. Denehy, Esq.
Adler Pollock & Sheehan PC
One Citizens Plaza – 8th Floor
Providence, RI 02903

William D. Gills, Jr., Esq.
Donovan & Hatem, LLP
2 Seaport Lane
Boston, MA 02110

H. Hamilton Hackney, III, Esq.
Greenberg Traurig LLP
One International Place
Boston, MA 02110

Thomas H. Hannigan, Jr., Esq.
Ropes & Gray
One International Place
Boston, MA 02110-2624

Thomas E. Harrison, Esq.
Clifford E. Nichols III, Esq.
Day, Berry & Howard LLP
City Place I
185 Asylum Street
Hartford, CT 06103-3499

Adam Kahn, Esq.
Nicholas Kenney, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

Erick Luckingbeal, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103

Kevin A. McKenna, Esq.
Kevin A. McKenna PC
23 Acorn Street
Providence, RI 02903

Mark A. McSally, Esq.
Kelly, Kelleher, Reilly & Simpson
Suite 500
146 Westminster Street
Providence, RI 02903

Jonathan A. Murphy, Esq.
Lester, Schwab, Katz & Dwyer, LLP
120 Broadway
New York, NY 10271-0071

Donald P. Nagle, Esq.
Law Office of Donald P. Nagle, P.C.
5 Main Street Extension – Suite 300
Plymouth, MA 02360

David Platt, Esq.
Murtha Cullina LLP
City Place I, 29th Floor
185 Asylum Street
Hartford, CT 06103

Peter Brent Regan, Esq.
Sayer, Regan, Thayer & Flanagan
130 Bellevue Avenue – Unit 2
Newport, RI 02840

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza – Suite 1100
Providence, RI 02903

Michael W. Steinberg, Esq.
Kenneth A. Rubin, Esq.
Brian M. Privor, Esq.
Morgan, Lewis, Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004

William D. Wick, Esq.
Wactor & Wick, LLP
180 Grand Avenue – Suite 950
Oakland, CA 04612

/s/ Roy P. Giarrusso

Dated: July 3, 2007