UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNILEVER BESTFOODS, ET AL ,

Plaintiffs,

v.

AMERICAN STEEL & ALUMINUM CORP ,
ET AL.,

Defendants.

CCL CUSTOM MANUFACTURING, INC.

Plaintiff,

v.

ARKWRIGHT INCORPORATED, ET AL.,

Defendants.

CONSOLIDATED
C.A. No. 01-496 L

**DEFENDANT GENERAL ELECTRIC COMPANY'S MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO THE MOTION BY PLAINTIFFS' TO ENTER CASE MANAGEMENT ORDER**

Defendant General Electric Company ("GE") submits this memorandum of law in partial opposition to Plaintiffs' Motion to Enter Case Management Order, dated December 20, 2007 ("Plaintiffs' Proposed CMO") and in support of an alternative Case Management Order as proposed by GE. In furtherance of GE's opposition to the CMO proposed by Plaintiffs, GE has attached to this memorandum of law an alternative proposed Case Management Order pursuant

to Federal Rules of Civil Procedure Rule 16(b) and Rule 26(f). GE's proposed Case Management Order is attached hereto as Exhibit A. GE respectfully submits that its proposed Case Management Order better addresses the particular circumstances of this case and is fully consistent with Plaintiffs stated interest of identifying, at the initial stage of discovery, the evidence, if any, which Plaintiffs allege serves as the basis for its claims against the non-settling Defendants.

Defendant GE objects to Plaintiffs' Proposed CMO for the following primary reasons:

- Contrary to Plaintiffs' proposed CMO, there is no valid reason to stay <u>all</u> discovery in this action other than the proposed depositions of truck drivers. There is no basis to deprive Defendants a fuller and early opportunity to determine whether they actually have a "nexus" or connection to the site and to understand the basis for the allegations and claims of Plaintiffs. Therefore, although GE agrees that depositions of truck drivers should move forward as proposed by Plaintiffs, GE opposes Plaintiffs' proposal to stay all other discovery.

  As a modification to Plaintiffs' approach, GE suggests that the most effective and efficient method for Defendants to obtain the evidence, if any, as to why the non-settling Defendants were named in this case is to also permit such Defendants to conduct "paper discovery", coupled with a limited set of interrogatories to Plaintiffs, with regard to the threshold evidence on which Plaintiffs' rely in bringing an action against the non-settling defendants. As such, GE proposes that Defendants be permitted to serve an initial set of document demands and interrogatories to fully develop what documents or information exist with regard to Defendants "nexus" with the JM Mills Site.

  GE agrees that proceeding with depositions of certain witnesses may be appropriate, however, conducting document demands and interrogatories in advance of those depositions will better allow the parties to fully prepare for the depositions and allow for full disclosure of evidence, if any, connecting each Defendant with the site.

- Contrary to Plaintiffs' proposed CMO, Defendant GE respectfully submits that mandatory mediation is entirely premature and inappropriate at this early stage of the case. Mediation, as the case presently stands, will likely be time-consuming, expensive, a burden to parties that may have no liability in this matter, and ineffective. In light of the extensive settlement discussions which have already occurred and that were unsuccessful, the focus of the parties should now be on the discovery phase, as described above, so as to determine the factual basis for Plaintiffs' claims.

> Until the Plaintiffs provide "nexus" evidence connecting Defendants with the site, mediation would not serve to expedite settlement of the case. Rather, mandatory mediation would more than likely delay and preclude parties from making valid dispositive motions at the completion of this early phase of limited discovery. Moreover, in the event that the discovery phase discloses "nexus" evidence, the parties are likely to be able to negotiate a resolution based on such evidence. Mediation, therefore, could be unnecessary.

This multi-party CERCLA contribution action was commenced by Plaintiffs' in October 2001. The case involves the J.M. Mills Landfill Site which has been defined by the United States Environmental Protection Agency as part of Operable Unit 2 of the Peterson/Puritan Superfund Site in Cumberland, Rhode Island. Operable Unit 2 ("OU-2") consists of the J.M. Mills landfill, a transfer station, a wetland area, an unnamed island filled with waste and a field of debris littered with gasoline station waste and highway debris (the "Site"). The action filed by Plaintiffs only involves contribution toward the remedial investigation and feasibility study for the Site. Defendant GE has denied the allegations in the Complaint and denies that it is liable for conditions at the Site.

Plaintiffs allege that Defendant GE contracted with a waste transportation company to dispose of hazardous wastes. However, Plaintiffs do not allege that the GE wastes were transported directly to the Site. Rather, Plaintiffs appear to suggest that GE wastes were picked up and transported by a disposal company to a permitted facility at an entirely separate location completely unrelated to the JM Mills Site, where the wastes were then, at some later time, commingled with some other wastes of some other companies and then allegedly "trans-shipped" to the JM Mills Site by some other waste transporter. This type of tenuous "nexus" claim has been rejected by many courts, including the First Circuit. (See Acushnet v Mohasco Corp., 191 F.3d 69 (1st Cir. 1999)("In light of the equitable factors ... plaintiffs' evidence showed too little pollution to justify compelling defendants to take on any meaningful share of the response

costs.....if he had to make an allocation....the evidence dictated that each of their shares for response costs would be zero"); Also see Kalamazoo River v Menasha Corp., 228 F3d 648 (6th Cir. 2000).

Without initial discovery of the "nexus" evidence, Defendants do not know whether the Plaintiffs have actual evidence establishing that their wastes were sent to the JM Mills Site or whether there is evidence that supports their liability for conditions at the Site. The amended complaint contains only the barest of allegations regarding the details of which parties wastes were transported to the site, how much waste was transported to the site, what types of waste were transported to the site and where at the site the wastes were disposed. Defendant GE has not received any evidence which could directly connect it to activities or conditions or response cost expenditures at the Site.

A threshold issue in this case is whether the Plaintiffs have *any* evidence which could establish Defendants' liability for conditions at the Site. A significant amount of unnecessary time and expense could be incurred if the case, whether through litigation or mediation, were to proceed by including parties against whom Plaintiffs have no evidence of direct involvement with or connection to the Site. In order to avoid wasteful and time-consuming discovery, motion practice or mediation, GE simply proposes that Plaintiffs timely disclose "nexus" evidence connecting the Defendants with the Site. As such, GE's proposed CMO provides that Plaintiffs now disclose the evidence, if any, that connects the indirect "trans-shipment" Defendants, such as GE, to the site.

It is appropriate, and consistent with effective case-management and scheduling, for Plaintiffs to disclose the factual and evidentiary support for its claims. Defendant GE respectfully requests that the Court first focus discovery on Plaintiffs' disclosure of threshold evidence

concerning the viability of their case against the Defendants. This "nexus" information must be in the possession of Plaintiffs since they commenced a lawsuit. Defendants should be permitted to serve a focused document demand and a limited set of interrogatories to attempt to gather this information.

Consistent with this approach, GE agrees with Plaintiffs proposal to conduct the depositions of certain truck driver witnesses. However, this discovery should first be phased with the service of document demands and interrogatories. The failure by Plaintiffs to provide such initial "nexus" disclosures deprives the Defendants of a fair opportunity to prepare for the questioning of the witnesses. Thus, the CMO proposed by GE anticipates witness depositions after the responses to document demands and interrogatories addressed to the Plaintiffs.

By focusing discovery in this initial phase to "nexus" evidence, a threshold issue in this case, the parties will have the opportunity to substantially narrow the case, and perhaps, negotiate a settlement. The first phase of document production can be limited solely to "nexus" evidence and evidence as to Defendants' involvement with the Site. Such document requests can be done efficiently and without great expense to the parties.

In addition, another threshold issue in this case is Plaintiffs' ability to state a claim for "contribution". In order to state a claim for contribution, Plaintiffs have the burden of proof of showing that they have incurred response costs in an amount more than their "fair share" of such costs. Specifically, Plaintiffs must establish that the costs they have incurred to date for the remedial investigation at the Site is greater than their fair share of such liability. In order to meet this burden, Plaintiffs should be required to disclose all documents and evidence indicating that Plaintiffs' have actually paid more than their fair share for remedial investigation costs. This initial disclosure must therefore include the amount of money paid by Plaintiffs for remedial

work conducted to date at Operable Unit 2, the amount of money recovered in settlements with other parties, and any other agreements with any other party to take over and/or conduct the remedial investigation program. This initial disclosure will allow the parties to identify the amount of money Plaintiffs' have actually paid above their fair share; information that also may lead to settlement of such "excess" payments.

With regard to Plaintiffs proposed mediation process, GE respectfully submits that mediation is premature and, depending on the outcome of document discovery and witness depositions, could be time consuming, costly and unnecessary. Defendant GE opposes the mediation request at this time. GE respectfully suggests that were mediation to become a viable option at some time after initial discovery, it can be revisited in the future. However, Defendant GE does not see any benefit to committing to mediation at this early juncture. Rather than a formal and costly mediation procedure, Defendant GE proposes that the parties agree to meet and confer, upon completion of discovery, to discuss settlement of the case. After such discovery, perhaps a negotiated resolution, without the costs of mediation, can be reached. At this time, however, Plaintiffs have put forth no compelling reason why mediation will be productive, especially in light of the past failure of Plaintiffs to resolve this case with the remaining Defendants. Any decision regarding the propriety of mediation should await document disclosure, limited interrogatories, and the production of nexus evidence.

Finally, one final change proposed by Defendant GE to the CMO involves a clarification of the "privilege" provisions. Defendant GE proposes a CMO that makes it clear that the disclosure of documents by and among Plaintiffs or by and among Defendants does not waive a privilege that may apply. However, the exchange of documents should not create a privilege that

would not otherwise apply. As such, non-privileged documents exchanged amongst Plaintiffs should be disclosed to Defendants during initial disclosures if applicable to the "nexus" category.

For the above reasons, Defendant GE respectfully requests that the Court approved the attached Order.

Respectfully submitted,

GENERAL ELECTRIC COMPANY.
By its attorneys,

Dean S. Sommer, Esq.
YOUNG, SOMMER, WARD, RITZENBERG, BAKER & MOORE LLC.
5 Palisades Drive
Albany, NY 12205

Dated: December 28, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNILEVER BESTFOODS, ET AL.,

Plaintiffs,

v.

AMERICAN STEEL & ALUMINUM CORP., ET AL.,

Defendants.

CCL CUSTOM MANUFACTURING, INC

Plaintiff,

v

ARKWRIGHT INCORPORATED, ET AL.,

Defendants.

CONSOLIDATED
C.A. No. 01-496 L

**CASE MANAGEMENT ORDER NO. 1**

A. WHEREAS, the case of *Unilever Bestfoods, et al v. American Steel & Aluminum Corp., et al.*, No. 01-CV-496, was filed on October 15, 2001, and

B. WHEREAS, the case of *CCL Custom Manufacturing, Inc. v. Arkwright, Inc., et al*, No. 01-511L, was filed on October 23, 2001, and was subsequently consolidated with No 01-CV-496, and

C. WHEREAS, the consolidated actions, and the counterclaims and cross-claims all arise in substantial part under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, and all address the alleged liability of various parties with regard to the J.M. Mills Landfill and adjacent areas that have been defined by the U.S. Environmental Protection Agency ("EPA") as part of Operable Unit 2 of the Peterson/Puritan, Inc. Superfund Site in Cumberland, Rhode Island (the "Site"), and

EXHIBIT A

D. WHEREAS, the plaintiffs have negotiated settlements with certain defendants ("settling defendants") while continuing to undertake work on the Remedial Investigation/Feasibility Study ("RI/FS") for Operable Unit 2 at the Site and have negotiated an amendment to the Administrative Order on Consent with EPA concerning the work at the Site in conjunction with certain of the settling defendants which has in turn allowed other settling defendants to obtain contribution protection from EPA pursuant to Sections 113(f)(2) and 122(h)(4) of CERCLA for "matters addressed" in the Administrative Order on Consent, and

E. WHEREAS, it is appropriate to allow certain discovery among the parties to proceed in order to facilitate further settlement discussions, and

F. WHEREAS, the Court has determined that the orderly conduct of this litigation and the just, speedy, and efficient resolution of these cases require the entry of this Case Management Order ("CMO") pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, and good cause appearing,

WHEREFORE, IT IS this ___ day of _________, 2008, hereby ORDERED:

## A. CASE MANAGEMENT

**Amended Complaints and Third-Party Complaints**

1. Plaintiffs are granted leave to file amended complaints and defendants are granted leave to file third party complaints until ninety (90) days after entry of this CMO.

2. After ninety (90) days from the entry of this CMO, upon application to the Court, any party may seek to file an amended complaint or third party complaint to add additional parties.

**Answers**

3. Any defendants which have been served but which have not yet filed an answer shall file answers to the complaint(s) within ten (10) days of the entry of this CMO. Any defendant in either action which has filed an answer may file an amended answer within twenty (20) days of the entry of this CMO. Any defendant subsequently joined in either action shall file an answer to the complaint(s) within thirty (30) days of the date of service.

**Claims Deemed Asserted and Denied**

4. Without the need for actual pleading and except as otherwise stated in any pleading, each defendant having filed, at any time, an answer to any complaint or amended complaint (1) shall be deemed to have asserted third party claims or cross-claims, as applicable, for statutory and/or common law contribution and indemnity against every other defendant, whether then a party to the case or thereafter added, and (2) shall be deemed to have asserted a counterclaim for statutory and/or common law contribution and indemnity against every plaintiff and third-party plaintiff. Any party which does not wish to be deemed to have asserted a crossclaim or counterclaim or third party claim, as applicable, for statutory and/or common law

contribution and indemnity against any other party must file a pleading opting out of asserting or being deemed to have asserted such claims.

5. Without the need for actual pleading and except as otherwise stated in any pleading, each party to the litigation shall be deemed to have denied each and every such cross-claim or counterclaim asserted, or deemed to have been asserted, against it, and to have asserted any and all affirmative defenses thereto.

**Communications and Privilege**

6. All information and/or documents exchanged by and among the plaintiffs (other than information and/or documents produced in discovery or information and/or documentation generated as part of the response action at the site) shall be deemed to be communications for the limited purpose of assisting in a common prosecution in this litigation and such exchange shall not constitute a waiver of any privilege, whether attorney-client, work product, trade secret or other privilege, if any, that may apply under the Federal Rules of Evidence or any other federal or state law. The exchange of such documents under this paragraph is not intended to create a new privilege or allow plaintiffs to categorize documents exchanged by and among the plaintiffs as privileged unless such documents would otherwise be privileged under the Federal Rules of Evidence or any other federal or state law.

7 All information and/or documents exchanged by and among the defendants in joint defense groups (other than information and/or documents produced in discovery) shall be deemed to be communications for the limited purpose of assisting in a common defense in this litigation and/or to be evidence of compromise and offers to compromise pursuant to Rule 408 of the Federal Rules of Evidence, and such exchange shall not constitute a waiver of any privilege, whether attorney-client, work product, trade secret, or other privilege, if any, that may apply under the Federal Rules of Evidence or any other federal or state law. The exchange of such documents under this paragraph is not intended to create a new privilege or allow defendants to categorize documents exchanged by and among the defendants as privileged unless those documents would otherwise be privileged under the Federal Rules of Evidence or any other federal or state law.

8. Nothing herein shall constitute a basis to exclude otherwise non-privileged documents from discovery exchanged by and among the plaintiffs and by and among the defendants, including but not limited to factual information and raw data, which are otherwise discoverable

9. All parties and their counsel shall preserve any information or documents in their possession, custody, or control that constitute or contain material or information that may be relevant or discoverable in this matter. All parties and their counsel shall take reasonable steps to communicate the requirements of this provision to those individuals employed by the party who must know of this provision in order for it to be effective

## B. INITIAL PHASED DISCOVERY

10 Because of the nature of this CERCLA action and the status of the remaining defendants, the initial phase of discovery shall focus on the disclosure by plaintiffs of evidence

relating to the defendants "nexus" to the Site. The "nexus" phase of discovery shall consist of document production of "nexus" evidence by plaintiffs, limited interrogatories to plaintiffs with regard to "nexus" evidence, and depositions of truck drivers relating to plaintiffs allegations of defendants connection to, and involvement with, the disposal, arrangement and/or transportation of hazardous wastes to the Site. This initial phase of discovery will encourage further settlement discussions between the parties and allow the defendants to better understand the basis of plaintiffs numerous and varied allegations and determine their potential liability, if any, for the claims in plaintiffs' amended complaint.

11. Upon the completion of document production and interrogatory responses, plaintiffs are authorized to proceed with the depositions of current and former employees of companies that hauled waste to the J.M. Mills landfill in order to preserve the testimony of said individuals

12 All other discovery and trial preparation not related to the production of "nexus" evidence as outlined in paragraph 10 above and all dispositive motions shall be stayed until completion of this initial phase of production. This stay shall remain in full force and effect until further order of this Court.

13. No depositions of any party shall be permitted in the litigation during the pendency of the stay provided in this CMO, except with the express approval of the Court where the depositions are required to preserve testimony or where a reasonable basis for concern exists that a fraudulent conveyance or dissipation of assets has occurred or may occur.

## C. MISCELLANEOUS

14. Any party may serve on all other parties in writing a notice of its intent to dismiss any or all claims against another party. If no party objects in writing within (14) fourteen days of service of the notice of intent to dismiss, the party seeking to dismiss the claims may file a stipulation of dismissal representing that all parties have acquiesced in the dismissal and such representation shall satisfy the requirements of Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure for dismissal without prejudice.

15. The filing of any dispositive motions shall be stayed pending the conclusion of the initial phase of discovery.

16 Prior to moving to enforce compliance with the provisions of this CMO, the affected parties shall first confer to attempt to resolve the matter.

______________________________
United States Judge

Dated: _________, 2008
Providence, Rhode Island

# CERTIFICATE OF SERVICE

I hereby certify that, on the 28th day of December, 2007, the within document was electronically filed with the US District Court for the District of Rhode Island, and that I caused a copy of the within document to be sent by electronic means (ECF) to the following counsel of record:

- **Stephen Adams**
  sadams@taylorduane.com
- **Melody A. Alger**
  melody.alger@bgmalaw.com
- **Thomas C. Angelone**
  angelonelaw@aol.com Conlonmaryv@aol.com
- **Charles S. Beal**
  cbeal@cm-law.com ccappalli@cm-law.com
- **Gregory L. Benik**
  gbenik@nixonpeabody.com ProEfile@nixonpeabody.com
- **Kevin J. Bristow**
  KJBristowlaw@verizon.net
- **Christopher R. Bush**
  cbush@riag.ri.gov randrade@riag.ri.gov
- **Alexandra K. Callam**
  acallam@haslaw.com
- **Paul V. Curcio**
  pcurcio@apslaw.com
- **John B. Daukas**
  jdaukas@goodwinprocter.com
- **William M. Dolan, III**
  wdolan@brownrudnick.com
- **William S. Eggeling**
  william.eggeling@ropesgray.com
- **Douglas J. Emanuel**
  demanuel@crfllp.com
- **Roy P. Giarrusso**
  rgiarrusso@gncm.net
- **Alden C. Harrington**
  harrington@bhrlaw.com
- **Richard W. MacAdams**
  rmacadams@mwdglaw.com vburrus@mwdglaw.com
- **Kevin J. McAllister**
  kmcallister@brcsm.com
- **James J. McGair**
  jmcgair@hotmail.com
- **Joseph J. McGair**
  jjm@petrarcamcgair.com

- **Jeffrey S. Michaelson**
  jeffmichaelson@cox net
- **Mortimer C. Newton**
  mortnewton@gmail.com
- **Scott J. Partington**
  scott@b-plaw com
- **Karen Ann Pelczarski**
  kap@blishcavlaw com
- **Gerald J. Petros**
  gpetros@haslaw.com clomas@haslaw.com
- **Thomas C. Plunkett**
  tplunkett@kprlaw.com info@kprlaw.com
- **Paul V. Reynolds**
  pvreynolds@conversent.net
- **Ian C. Ridlon**
  iridlon@darroweverett com
- **Paul M. Sanford**
  psanford@burnslev.com scook@burnslev com
- **Justin T. Shay**
  jshay@cm-law.com ccappalli@cm-law.com
- **Deming Sherman**
- dsherman@eapdlaw com
- **Kristen W. Sherman**
  ksherman@apslaw com afontaine@apslaw.com;btallman@apslaw.com
- **Steven E. Snow**
  ses@psh.com tlc@psh com
- **Dean S. Sommer**
  dsommer@youngsommer com amorris@youngsommer com
- **Randall L. Souza**
  rsouza@shslawfirm com asalvaggio@shslawfirm com
- **Benjamin V. White, lll**
  bwhite@vetterandwhite.com

and by mail to the following counsel of record:

John A Andreasen, Esq
McGrath, North, Mullin & Kratz, PC
1601 Dodge Street - Suite 3700
Omaha, NE 68102

Julie Pruitt Barry, Esq
Stephen J Brake, Esq
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604

John J. Barton, Esq.
Taylor, Duane, Barton & Gilman LLP
10 Dorrance Street – Suite 700
Providence, RI 02903

Ralph A. Child, Esq.
Lyn M. Lustig, Esq.
Mintz, Levin, Cohn, Ferris,
Glovsky & Popeo, PC
One Financial Center
Boston, MA 02110

Douglas A. Cohen, Esq.
Michael Kozlik, Esq.
Brown Rudnick Berlack Israels LLP
185 Asylum Street
CityPlaceI
Hartford, CT 06103

Stephen E. Crowley, Esq.
United States Department of Justice
Environmental & Natural Resource Division
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026-3986

Christopher Davis, Esq.
Goodwin Procter LLP
Exchange Place
Boston, MA 02109

Mark O. Denehy, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903

William D. Gillis, Jr., Esq.
Donovan & Hatem, LLP
2 Seaport Lane
Boston, MA 02210

H. Hamilton Hackney III, Esq.
Greenberg Traurig LLP
One International Place
Boston, MA 02110

Thomas H. Hannigan, Jr., Esq.
Ropes & Gray
One International Place
Boston, MA 02110-2624

Thomas F. Harrison, Esq.
Clifford E. Nichols III, Esq.
Day, Berry & Howard LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3499

Adam Kahn, Esq.
Nicholas Kenney, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

Eric Lukingbeal, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103

Keven A. McKenna, Esq.
Keven A. McKenna, PC
23 Acorn Street
Providence, RI 02903

Mark A. McSally, Esq.
Kelly, Kelleher, Reilly & Simpson
Suite 500
146 Westminster Street
Providence, RI 02903

Jonathan A. Murphy, Esq.
Lester, Schwab, Katz & Dwyer LLP
120 Broadway
New York, NY 10271-0071

Donald P. Nagle, Esq.
Law Office of Donald P. Nagle, P.C.
5 Main Street Extension- Suite 300
Plymouth, MA 02360

David Platt, Esq.
Murtha Cullina LLP
CityPlace I, 29th Floor
185 Asylum Street
Hartford, CT 06103

Peter Brent Regan, Esq.
Sayer, Regan, Thayer & Flanagan
130 Bellevue Avenue - Unit 2
Newport, RI 02840

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza - Suite 1100
Providence, RI 02903

Michael W. Steinberg, Esq.
Kenneth A. Rubin, Esq
Brian M. Privor, Esq.
Morgan, Lewis Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

William D. Wick, Esq.
Wactor & Wick LLP
180 Grand Avenue - Suite 950
Oakland, CA 94612

Roy Giarusso, Esq.
Christine Kelley Tramontana, Esq.
Giarruso,Norton, Cooley & McGlone
Marina Bay
308 Victory Road
Boston, MA 02171

Edmund J. Gorman
Moehreke, Mackie & Shea
137 Newbury Street
Boston, MA 02116

Ira K. Gross
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

Jennifer A. Jester
Choate, Hall & Stewart
Exchange Place
53 State Street
Boston, MA 02109-2804

Louis N. Massery
Massery, Gillis & Guiney
101 Merrimac Street
Boston, MA 02114

/s/ Dean S. Sommer