UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNILEVER BESTFOODS and<br>CCL CUSTOM MANUFACTURING, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN STEEL & ALUMINUM CORP., et al,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <u>CONSOLIDATED</u><br>C.A. No. 01-0496L |
| CCL CUSTOM MANUFACTURING, INC.,<br><br>Plaintiff,<br><br>ARKWRIGHT INCORPORATED, NYMAN<br>MANUFACTURING COMPANY, INC.<br>and A.T. CROSS COMPANY,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | |

**DEFENDANT SEQUA CORPORATION'S**
**OBJECTION TO PLAINTIFFS' MOTION SEEKING AN ORDER**
**<u>PERMITTING LIMITED DISCOVERY AND REQUIRING MEDIATION</u>**

Defendant Sequa Corporation ("Sequa") objects to Plaintiffs' Motion to Enter a Case Management Order, for the reasons set forth in the accompanying Memorandum.

Respectfully submitted,

/s/ Matthew F. Medeiros
Matthew F. Medeiros(#1856)
LITTLE MEDEIROS KINDER BULMAN &
WHITNEY, P.C.
72 Pine Street
Providence, Rhode Island 02903
(401) 272-8080
mfm@lmkbw.com

Gary N. Donner (admitted pro hac vice)
ROBERTSON, FREILICH, BRUNO &
COHEN, LLC
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
(973)848-2100
gdonner@rfbclaw.com

January 7, 2008

Counsel for **SEQUA CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of January, 2008, I caused a copy of the within Objection to Plaintiffs' Motion Seeking an Order Permitting Limited Discovery and Requiring Mediation on behalf of Defendant Sequa Corporation be sent by electronic means (ECF) to the following counsel of record:

- **Stephen Adams** sadams@taylorduane.com,kbell@taylorduane.com
- **Melody A. Alger** melody.alger@bgmalaw.com
- **John A. Andreasen** jandreasen@mcgrathnorth.com
- **Thomas C. Angelone** angelonelaw@aol.com,Conlonmaryv@aol.com
- **Julie P Barry** jpbarry@nutter.com
- **John J. Barton** jbarton@taylorduane.com
- **Charles S. Beal** cbeal@cm-law.com,ccappalli@cm-law.com
- **Gregory L. Benik** gbenik@jreri.com,mbiagetti@jreri.com
- **Stephen J Brake** sbrake@nutter.com
- **Kevin J. Bristow** KJBristowlaw@verizon.net
- **Christopher R. Bush** cbush@riag.ri.gov,randrade@riag.ri.gov

- **Alexandra K. Callam** acallam@haslaw.com
- **Andrew C. Coulam** acoulam@taylorduane.com,fconnor@taylorduane.com
- **Paul V. Curcio** pcurcio@apslaw.com
- **John B. Daukas** jdaukas@goodwinprocter.com
- **Mark O. Denehy** mdenehy@apslaw.com
- **William M. Dolan , III** wdolan@brownrudnick.com, dmedeiros@brownrudnick.com,breynolds@brownrudnick.com,bjl@brownrudnick.com
- **William S. Eggeling** william.eggeling@ropesgray.com
- **Douglas J. Emanuel** demanuel@crfllp.com
- **Roy P. Giarrusso** rgiarrusso@gncm.net
- **Alden C. Harrington** harrington@bhrlaw.com
- **Thomas C. Jackson** thomas.jackson@bakerbotts.com
- **Bret W. Jedele** bjedele@crfllp.com
- **Adam P. Kahn** akahn@foleyhoag.com
- **Eric Lukingbeal** elukingbeal@rc.com
- **Richard W. MacAdams** rmacadams@mwdglaw.com,vburrus@mwdglaw.com
- **Kevin J. McAllister** kmcallister@brcsm.com
- **James J. McGair** jmcgair@hotmail.com
- **Joseph J. McGair** jjm@petrarcamcgair.com
- **Keven A. McKenna** KevenM@McKennaLaw.cc
- **Mark A. McSally** mmcsally@kkrs.com
- **Jeffrey S. Michaelson** jeffmichaelson@cox.net
- **Donald P. Nagle** nagle@dpnaglelaw.com
- **Mortimer C. Newton** mortnewton@gmail.com
- **Scott J. Partington** scott@b-plaw.com
- **Karen Ann Pelczarski** kap@blishcavlaw.com
- **Gerald J. Petros** gpetros@haslaw.com,clomas@haslaw.com
- **Thomas C. Plunkett** tplunkett@kprlaw.com,info@kprlaw.com
- **James T Price** jprice@spencerfane.com
- **Thomas P. Quinn** tquinn@fmmesq.com
- **Peter Brent Regan** pregan@srt-law.com
- **Paul V. Reynolds** pvreynolds@conversent.net
- **Ian C. Ridlon** iridlon@darroweverett.com
- **Justin T. Shay** jshay@cm-law.com,ccappalli@cm-law.com
- **Deming E. Sherman** dsherman@eapdlaw.com,ekula@eapdlaw.com
- **Kristen W. Sherman** ksherman@apslaw.com,afontaine@apslaw.com, btallman@apslaw.com
- **Steven E. Snow** ses@psh.com,tlc@psh.com
- **Dean S. Sommer** dsommer@youngsommer.com, amorris@youngsommer.com
- **Randall L. Souza** rsouza@shslawfirm.com,asalvaggio@shslawfirm.com
- **Michael W. Steinberg** msteinberg@morganlewis.com
- **Benjamin V. White , lll** bwhite@vetterandwhite.com

and by mail to the following counsel of record:

**Ralph A Child**
Mintz, Levin, Cohn, Ferris, Glovsky
& Popeo, PC
One Financial Center
Boston, MA 02111

**Douglas A. Cohen**
Brown, Rudnick, Berlack Israels LLP
185 Asylum Street
CityPlace I
Hartford, CT 06103-3402

**Stephen E. Crowley**
US Dept. of Justice
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026-3986

**Christopher Davis**
Goodwin Procter LLP
Exchange Place
Boston, MA 02109

**Irvin Freilich**
Roberton, Freilich, Bruno & Cohen
One Riverfront Plaza
Newark, NJ 07102

**Roy Giarusso**
Giarruso,Norton, Cooley & McGlone
Marina Bay
308 Victory Road
Boston, MA 02171

**William D. Gillis, Jr**
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

**Edmund J. Gorman**
Moehreke, Mackie & Shea
137 Newbury Street
Boston, MA 02116

**Ira K. Gross**
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

**H. Hamilton Hackney, III**
Choate, Hall & Stewart
Exchange Place
53 State Street
Boston, MA 02109-2804

**Thomas H. Hannigan, Jr**
Ropes & Gray
One International Place
Boston, MA 02110

**Jennifer A. Jester**
Choate, Hall & Stewart
Exchange Place
53 State Street
Boston, MA 02109-2804

**Nicholas Kenney**
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

**Michael Kozlik**
Brown, Rudnick, Berlack Israels LLP
185 Asylum Street
CityPlace I
Hartford, CT 06103-3402

**Lyn M. Lustig**
Mintz, Levin, Cohn, Ferris, Glovsky
& Popeo, PC
One Financial Center
Boston, MA 02111

**Louis N. Massery**
Massery, Gillis & Guiney
101 Merrimac Street
Boston, MA 02114

**Jonathan A. Murphy**
Lester, Schwab, Katz & Dwyer, LLP
120 Broadway
New York, NY 10271-5916

**David Platt**
Murtha, Cullina, Richter & Pinney
185 Asylum Street
Hartford, CT 06103

**Brian M. Privor**
Morgan, Lewis Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

**Kenneth A. Rubin**
Morgan, Lewis Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

**Eric M. Sommers**
McLane Graf Raulerson & Middleton, PA
2900 Elm St.
P.O. Box 326
Manchester, NH 03105-0326

**Christine Kelley Tramontana**
Giarrusso, Norton, Cooley & McGlone, P.C.
308 Victory Road
Marina Bay
Quincy, MA 02171

/s/ Matthew F. Medeiros

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNILEVER BESTFOODS and<br>CCL CUSTOM MANUFACTURING, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN STEEL & ALUMINUM CORP., et al,<br><br>Defendants. | : | CONSOLIDATED<br>C.A. No. 01-0496L |
| CCL CUSTOM MANUFACTURING, INC.,<br><br>Plaintiff,<br><br>ARKWRIGHT INCORPORATED, NYMAN<br>MANUFACTURING COMPANY, INC.<br>and A.T. CROSS COMPANY,<br><br>Defendants. | : | |

**DEFENDANT SEQUA CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION SEEKING AN ORDER PERMITTING LIMITED DISCOVERY AND REQUIRING MEDIATION**

Defendant Sequa Corporation ("Sequa") hereby submits this memorandum of law in opposition to Plaintiffs' Motion to Enter a Case Management Order ("CMO") permitting limited discovery and directing the parties to mediate.

## I. Background

After Plaintiffs commenced this lawsuit in October 2001, and before any party had an opportunity to engage in meaningful discovery, the parties engaged in settlement negotiations. The purpose of entering into settlement negotiations at the outset of litigation was to avoid the

significant costs associated with litigating CERCLA claims and also to avoid the expense of full-blown discovery.

From 2001 through 2005, agreements were reached with nearly half of the Defendants to resolve Plaintiffs' claims.[1] In June 2005, counsel for Sequa met with Plaintiffs to discuss settlement. Plaintiffs provided Sequa with limited information, which purportedly demonstrated a nexus between Sequa and the JM Mills Landfill ("Landfill"). The information that Plaintiffs provided included statements allegedly made by truck drivers involved in the transportation of waste to the Landfill. The information provided by Plaintiffs, however, was incomplete and did not provide Sequa with sufficient data to fully evaluate Plaintiffs' settlement demand. Notwithstanding Sequa's repeated requests for this information, it has not been received to date. And yet, even though Plaintiffs now seek court-approved mediation, the essential information which Sequa has been seeking for more than two years would not even be forthcoming from Plaintiffs under the terms of the Case Management Order which Plaintiffs have proposed.

## II. The Proposed Limited Discovery Is Unfair

By their motion, Plaintiffs are seeking an order allowing them, and them only, to conduct limited discovery, consisting of the depositions of truck drivers who were involved in the transportation of waste to the Landfill. The stated purpose of that limited discovery is for Plaintiffs to bolster their claims against the Defendants. While such limited discovery might benefit Plaintiffs, the proposed CMO fails to provide for reciprocal discovery that could support Defendants' counterclaims, cross-claims or defenses. The proposed CMO accordingly is

[1] All of those settlements are only partial settlements -- they only address response costs incurred in the investigatory stage of the process. The settlements do not include the actual costs of remediation, which are unknown at this time, because the final remediation actions that will be required at this Site have not yet been decided upon by the United States Environmental Protection Agency ("USEPA").

patently unfair, in permitting only one-sided discovery. If Plaintiffs are so intent on engaging in discovery, the discovery must be meaningful to all parties and should not be limited so that it benefits only the Plaintiffs. Of course, we understand that reciprocal discovery can be expensive for all of the parties, including those that have already settled with Plaintiffs, because discovery from those parties will be crucial during mediation. Nonetheless, the potential costs of discovery should not be used to sacrifice fairness. As discussed in more detail below, Sequa urges the Court to build in one intermediate step, before permitting the parties to engage in any discovery.

## III. Depositions of Truck Drivers Have Limited Value

Plaintiffs have asserted that the information to be obtained from the proposed depositions of truck drivers, about their recollections of trips that they made many years ago, will enable the Defendants to evaluate Plaintiffs' claims. In addition, Plaintiffs have implied that the information obtained from these depositions will provide incentive for parties to settle. However, it is unclear from the proposed CMO whether the parties will obtain any new information from the depositions. Plaintiffs have already provided Defendants with statements allegedly made by the truck drivers who were involved in the transportation of waste to the Landfill. Taking depositions of individuals who Plaintiffs have already interviewed will not result in new information and will not serve as a catalyst for settlement. In fact, there may be less of an incentive to settle after depositions are taken, because the parties will be forced to incur unnecessary expense.[2]

Plaintiffs have proposed the limited discovery as a cost-efficient means of resolving Plaintiffs' claims against the Defendants that have not yet settled. Sequa is all in favor of

[2] If Plaintiffs can demonstrate the need to take a deposition in order to preserve the testimony of a particular driver who is at risk of becoming "unavailable", Sequa would not object.

avoiding unnecessary litigation costs, but allowing the proposed depositions at this time will result in significant costs to Sequa and other Defendants, who will have no choice but to prepare for and participate in those depositions.

**IV. Mediation is Premature**

Mediation at this juncture will resolve very little. Plaintiffs have asserted claims to recover past costs and costs incurred in performing a remedial investigation and feasibility study ("RI/FS"). However, it is safe to assume that following the RI/FS, future costs will be incurred by Plaintiffs and/or other potentially responsible parties to perform remedial activities. At that time, all stakeholders -- including Plaintiffs and the defendants that have already settled -- will need to address the equitable apportionment of those costs. It is only at that point that mediation would make sense. The mediation proposed by Plaintiffs will address only some of the costs incurred in connection with the Landfill and is designed to involve only a handful of the stakeholders. It is needless to conduct a partial mediation at this stage and then repeat it all over again with all of the parties at some point in the future.

Moreover, without reciprocal discovery, which is not contemplated by the proposed CMO, Defendants would be seriously disadvantaged in mediation. To date, the parties have not engaged in any meaningful discovery and the limited discovery proposed by Plaintiffs is designed solely to benefit Plaintiffs. It would be unfair to expect the Defendants to participate in mediation without the benefit of reciprocal discovery.

## V. Settlement negotiations should continue

Sequa has always been willing to pay its fair share of response costs incurred at the Landfill. In light of this willingness, there is no reason for Sequa to incur litigation costs, or the cost to participate in mediation, which, if conducted at this time, would accomplish very little. At least with respect to Sequa, Plaintiffs have not even attempted to exhaust the very real possibility of settlement. There is nothing to prevent Plaintiffs from trying to settle their claims now, and we would welcome that opportunity.

## VI. Sequa's proposal

On numerous occasions, Sequa has requested information from Plaintiffs that is necessary for Sequa to evaluate Plaintiffs' settlement demand. The information requested includes:

- Information regarding the basis for Plaintiffs' current settlement demand to Sequa and, in particular, information supporting the extremely large increase from Plaintiffs' initial demand to their present demand;
- A waste-in list showing the relative contribution of all stakeholders to the Site;
- Support for Plaintiffs' claim that they have incurred the amount of recoverable costs which they allege;
- Information regarding the "toxicity" multiplier(s) used by Plaintiffs to calculate settlement demands; and
- Information regarding Plaintiffs' settlement with other Defendants, and in particular, with one of the Defendants that has apparently agreed to participate in future remedial actions at the Site.

To date, Sequa has not received this information and, based on Plaintiffs' moving papers, it does not appear that information of this nature would be produced in the proposed limited discovery, or in mediation.

Sequa submits that the best prospect for successful resolution of Plaintiffs' claims would result from the Court ordering Plaintiffs to provide all of the information listed above. Sequa respectfully proposes that a Case Management Order be entered directing Plaintiffs to produce the above-listed information to all parties within 30 days. Following the production of such information, the parties can then have the "time out" period Plaintiffs suggest, perhaps 60 days, within which to resume settlement negotiations. If at the end of the 90-day period Plaintiffs are unable to resolve their claims against the remaining Defendants, the parties will provide the Court with an update, at which time the Court could again consider Plaintiffs' application for mediation and the counter-proposal by certain other Defendants for reciprocal discovery. This interim step is likely to save Plaintiffs and the non-settling Defendants considerable expense, and is likely to advance the ultimate resolution of this litigation.

## VII. Conclusion

Based on the foregoing, Sequa respectfully requests that Plaintiffs' Motion for a Case Management Order seeking limited discovery and mediation be denied.

Respectfully submitted,

/s/ Matthew F. Medeiros
Matthew F. Medeiros(#1856)
LITTLE MEDEIROS KINDER BULMAN & WHITNEY, P.C.
72 Pine Street
Providence, Rhode Island 02903
(401) 272-8080
mfm@lmkbw.com

Gary N. Donner (admitted pro hac vice)
ROBERTSON, FREILICH, BRUNO & COHEN, LLC
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
(973)848-2100
gdonner@rfbclaw.com

January 7, 2008

Counsel for **SEQUA CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of January, 2008, I caused a copy of the within Memorandum of Law in Opposition to Plaintiffs' Motion Seeking an Order Permitting Limited Discovery and Requiring Mediation on behalf of Defendant Sequa Corporation be sent by electronic means (ECF) to the following counsel of record:

- **Stephen Adams** sadams@taylorduane.com,kbell@taylorduane.com
- **Melody A. Alger** melody.alger@bgmalaw.com
- **John A. Andreasen** jandreasen@mcgrathnorth.com
- **Thomas C. Angelone** angelonelaw@aol.com,Conlonmaryv@aol.com
- **Julie P Barry** jpbarry@nutter.com
- **John J. Barton** jbarton@taylorduane.com
- **Charles S. Beal** cbeal@cm-law.com,ccappalli@cm-law.com
- **Gregory L. Benik** gbenik@jreri.com,mbiagetti@jreri.com
- **Stephen J Brake** sbrake@nutter.com
- **Kevin J. Bristow** KJBristowlaw@verizon.net
- **Christopher R. Bush** cbush@riag.ri.gov,randrade@riag.ri.gov
- **Alexandra K. Callam** acallam@haslaw.com
- **Andrew C. Coulam** acoulam@taylorduane.com,fconnor@taylorduane.com
- **Paul V. Curcio** pcurcio@apslaw.com
- **John B. Daukas** jdaukas@goodwinprocter.com
- **Mark O. Denehy** mdenehy@apslaw.com
- **William M. Dolan , III** wdolan@brownrudnick.com, dmedeiros@brownrudnick.com,breynolds@brownrudnick.com,bjl@brownrudnick.com
- **William S. Eggeling** william.eggeling@ropesgray.com
- **Douglas J. Emanuel** demanuel@crfllp.com
- **Roy P. Giarrusso** rgiarrusso@gncm.net
- **Alden C. Harrington** harrington@bhrlaw.com
- **Thomas C. Jackson** thomas.jackson@bakerbotts.com
- **Bret W. Jedele** bjedele@crfllp.com
- **Adam P. Kahn** akahn@foleyhoag.com
- **Eric Lukingbeal** elukingbeal@rc.com
- **Richard W. MacAdams** rmacadams@mwdglaw.com,vburrus@mwdglaw.com
- **Kevin J. McAllister** kmcallister@brcsm.com
- **James J. McGair** jmcgair@hotmail.com
- **Joseph J. McGair** jjm@petrarcamcgair.com
- **Keven A. McKenna** KevenM@McKennaLaw.cc
- **Mark A. McSally** mmcsally@kkrs.com
- **Jeffrey S. Michaelson** jeffmichaelson@cox.net
- **Donald P. Nagle** nagle@dpnaglelaw.com
- **Mortimer C. Newton** mortnewton@gmail.com
- **Scott J. Partington** scott@b-plaw.com
- **Karen Ann Pelczarski** kap@blishcavlaw.com
- **Gerald J. Petros** gpetros@haslaw.com,clomas@haslaw.com

- **Thomas C. Plunkett** tplunkett@kprlaw.com,info@kprlaw.com
- **James T Price** jprice@spencerfane.com
- **Thomas P. Quinn** tquinn@fmmesq.com
- **Peter Brent Regan** pregan@srt-law.com
- **Paul V. Reynolds** pvreynolds@conversent.net
- **Ian C. Ridlon** iridlon@darroweverett.com
- **Justin T. Shay** jshay@cm-law.com,ccappalli@cm-law.com
- **Deming E. Sherman** dsherman@eapdlaw.com,ekula@eapdlaw.com
- **Kristen W. Sherman** ksherman@apslaw.com,afontaine@apslaw.com, btallman@apslaw.com
- **Steven E. Snow** ses@psh.com,tlc@psh.com
- **Dean S. Sommer** dsommer@youngsommer.com, amorris@youngsommer.com
- **Randall L. Souza** rsouza@shslawfirm.com,asalvaggio@shslawfirm.com
- **Michael W. Steinberg** msteinberg@morganlewis.com
- **Benjamin V. White , lll** bwhite@vetterandwhite.com

and by mail to the following counsel of record:

**Ralph A Child**
Mintz, Levin, Cohn, Ferris, Glovsky
& Popeo, PC
One Financial Center
Boston, MA 02111

**Douglas A. Cohen**
Brown, Rudnick, Berlack Israels LLP
185 Asylum Street
CityPlace I
Hartford, CT 06103-3402

**Stephen E. Crowley**
US Dept. of Justice
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026-3986

**Christopher Davis**
Goodwin Procter LLP
Exchange Place
Boston, MA 02109

**Irvin Freilich**
Roberton, Freilich, Bruno & Cohen
One Riverfront Plaza
Newark, NJ 07102

**Roy Giarusso**
Giarruso,Norton, Cooley & McGlone
Marina Bay
308 Victory Road
Boston, MA 02171

**William D. Gillis, Jr**
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

**Edmund J. Gorman**
Moehreke, Mackie & Shea
137 Newbury Street
Boston, MA 02116

**Ira K. Gross**
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

**H. Hamilton Hackney, III**
Choate, Hall & Stewart
Exchange Place
53 State Street
Boston, MA 02109-2804

**Thomas H. Hannigan, Jr**
Ropes & Gray
One International Place
Boston, MA 02110

**Jennifer A. Jester**
Choate, Hall & Stewart
Exchange Place
53 State Street
Boston, MA 02109-2804

**Nicholas Kenney**
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

**Michael Kozlik**
Brown, Rudnick, Berlack Israels LLP
185 Asylum Street
CityPlace I
Hartford, CT 06103-3402

**Lyn M. Lustig**
Mintz, Levin, Cohn, Ferris, Glovsky
& Popeo, PC
One Financial Center
Boston, MA 02111

**Louis N. Massery**
Massery, Gillis & Guiney
101 Merrimac Street
Boston, MA 02114

**Jonathan A. Murphy**
Lester, Schwab, Katz & Dwyer, LLP
120 Broadway
New York, NY 10271-5916

**David Platt**
Murtha, Cullina, Richter & Pinney
185 Asylum Street
Hartford, CT 06103

**Brian M. Privor**
Morgan, Lewis Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

**Kenneth A. Rubin**
Morgan, Lewis Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

**Eric M. Sommers**
McLane Graf Raulerson & Middleton, PA
2900 Elm St.
P.O. Box 326
Manchester, NH 03105-0326

**Christine Kelley Tramontana**
Giarrusso, Norton, Cooley & McGlone, P.C.
308 Victory Road
Marina Bay
Quincy, MA 02171

/s/ Matthew F. Medeiros