IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNILEVER BESTFOODS and KIK CUSTOM PRODUCTS, INC., f/k/a CCL CUSTOM MANUFACTURING, INC. | : | |
| Plaintiffs, | : | |
| v. | : | |
| AMERICAN STEEL & ALUMINUM CORP, et al. | : | |
| Defendants. | : | |
| | : | CONSOLIDATED<br>C.A. No. 01-496 L |
| KIK CUSTOM PRODUCTS, INC., f/k/a CCL CUSTOM MANUFACTURING, INC. | : | |
| Plaintiff, | : | |
| v. | : | |
| ARKWRIGHT INCORPORATED, et al. | : | |
| Defendants. | : | |

**PLAINTIFFS' REPLY TO CERTAIN DEFENDANTS' RESPONSES TO PLAINTIFFS' MOTION TO ENTER CASE MANAGEMENT ORDER**

Plaintiffs, Unilever Bestfoods and KIK Custom Products, Inc. (f/k/a CCL Custom Manufacturing, Inc.), filed their Motion to Enter Case Management Order and accompanying Memorandum of Law on December 20, 2007. See Docket Nos. 607-608. On December 28, 2007, Defendants David Brask ("Brask") and General Electric Company ("GE") filed their responses. *See* Docket Nos. 610-612. On January 3, 2007, Defendant Leach & Garner Technology, Inc. filed its response. *See* Docket No. 613. On January 4, 2007, Defendant Hollingsworth & Vose Company ("H&V") filed its response. *See* Docket No. 614. Finally, on January 7, 2008, Defendants A.T. Cross Company, Teknor Apex Company, and Sequa Corporation ("Sequa") filed their responses.

See Docket Nos. 615-616. Plaintiffs now file their reply to responses to the Motion filed by various Defendants.

It is important to point out that almost none of the Defendants take issue with a fundamental premise of Plaintiffs' proposed Case Management Order ("CMO"), i.e., that the depositions of truck drivers who hauled waste to the J.M. Mills Landfill should be the initial focus of discovery. In the course of previous settlement negotiations the Plaintiffs have provided each "generator" Defendant with a variety of available documents and other information concerning that Defendant's "nexus" to the landfill, i.e., evidence that waste generated by that Defendant containing hazardous substances was disposed of at the landfill. However, many of the non-settling Defendants indicated to Plaintiffs that the drivers who hauled waste to the landfill would need to be deposed in order for Defendants to more accurately assess their liability for purposes of any settlement negotiations. Based on these indications, Plaintiffs' proposed CMO calls for discovery initially to be limited to depositions of drivers who hauled waste to the J.M. Mills Landfill with mediation to follow, with the goal of focusing the parties on the information needed to resolve this matter in the most efficient manner possible. These drivers are expected to provide testimony concerning the nature and extent of such waste transported from particular facilities to and disposed of at the landfill. Most Defendants agree that the depositions of the drivers are an essential part of resolving the case. *See*, e.g., GE Response (Docket No. 612) at 2 ("GE agrees that depositions of truck drivers should move forward").

Nevertheless, several Defendants have objected to the proposed CMO on the grounds that they should be provided with certain information relating to their "nexus" to the landfill before the drivers are deposed in order to help prepare them for the driver depositions. *See* GE Response (Docket No. 612) at 2; H&V Response (Docket No. 614) at 2; Sequa Response (Docket No. 616) at 2. However, as noted above and as Defendant Sequa has acknowledged, Plaintiffs have provided

Defendants with information relevant to their nexus to the landfill. *See* Sequa Response (Docket No. 616) at 2. Indeed, Plaintiffs have informally provided to each Defendant documents and other information in the Plaintiffs' possession relevant to that Defendant's nexus to the landfill.[1] Thus, Defendants already have in their possession the information they would seek to obtain through "paper discovery." Accordingly, any CMO that incorporates the production of nexus-related documents as a precondition to driver depositions would be unnecessary and inefficient.

Moreover, after the driver depositions have concluded, all parties will have sufficient information in order to participate in settlement negotiations or subsequently file motions for summary judgment, based on the course of action the particular party chooses to take. *See* H&V Response (Docket No. 614) at 2 ("discovery should be allowed of sufficient extent to allow a defendant to make a motion for summary judgment"). Further, Defendants' Responses seem to be predicated on the assumption that only facts harmful to them will be discovered at the driver depositions. *See* H&V Response (Docket No. 614) at 2. Contrary to this presumption, the driver depositions may well exonerate certain Defendants, leading to their possible dismissal from the matter or prompting the Plaintiffs to modify their settlement demands. Consequently, the driver depositions have the ability to move this matter further along towards resolution than other forms of discovery.

Despite Defendants' objections, Plaintiffs continue to believe that mediation would provide the best and most efficient means of resolving this matter and would most effectively conserve judicial resources and the resources of the parties. The use of mediation would be consistent with the efforts of the U.S. District Court for the District of Rhode Island to encourage the use of alternative dispute resolution in appropriate cases. In fact, most Defendants concede that mediation

[1] Plaintiffs have also provided to Defendants that have requested it information concerning the costs they have incurred in connection with the Remedial Investigation/Feasibility Study for Operable Unit 2 of the Peterson/Puritan, Inc. Superfund Site, which includes the J.M. Mills Landfill.

may be useful but object to it in the proposed CMO as being "premature." *See* GE Response (Docket No. 612) at 6; H&V Response (Docket No. 614) at 2; Sequa Response (Docket No. 616) at 4. However, in prior settlement discussions with many of these Defendants, the single most important information need identified by Defendants was the testimony of the drivers. With this information in hand, Plaintiffs believe that further settlement discussions at the conclusion of the driver depositions in the form of mediation would be timely and fruitful. In effect, the mediation would serve as a focused effort to reach settlement before all parties incur the significant costs associated with full-scale discovery.

Finally, Plaintiffs have no objection to Defendant Brask's request to immediately take the depositions of three witnesses who are "advanced in age" and "critical" to his defense in order to preserve their testimony. *See* Brask Response (Docket No. 611) at ¶ 3.

For the above reasons, Plaintiffs respectfully request that the Court issue the proposed Order.

Dated: January 11, 2008

Respectfully submitted,

UNILEVER BESTFOODS
By Its Attorneys:

*<u>/s/ Kristen W. Sherman</u>*
MARK DENEHY, ESQ. (#3492)
KRISTEN W. SHERMAN, ESQ. (#5595)
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607

-and-

THOMAS C. JACKSON
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W. - The Warner
Washington, D.C. 20004
(202) 639-7710
Fax: (202) 585-1009

KIK CUSTOM PRODUCTS, INC.
By Its Attorneys:

*/s/ Karen A. Pelczarski*______________

KAREN A. PELCZARSKI, ESQ. (#3357)
BLISH & CAVANAGH
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
Fax: (401) 351-7542

Of Counsel:

JONATHAN A. MURPHY, ESQ.
(JAM-6052)
LESTER, SCHWAB, KATZ & DWYER, LLP
125 Broadway
New York, New York 10271-0071
(212) 964-6611
Fax: (212) 267-5916

440745_1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of January, 2008, I caused a copy of the within to be sent by electronic means (ECF) to the following counsel of record:

- **Stephen Adams**
  sadams@taylorduane.com
- **Melody A. Alger**
  melody.alger@bgmalaw.com
- **Julie P. Barry**
  jpbarry@nutter.com
- **Charles S. Beal**
  cbeal@cm-law.com
- **Gregory L. Benik**
  gbenik@jreri.com
- **Stephen J. Brake**
  sbrake@nutter.com
- **Kevin J. Bristow**
  KJBristowlaw@verizon.net
- **Christopher R. Bush**
  cbush@riag.ri.gov
- **Alexandra K. Callam**
  acallam@haslaw.com
- **Andrew C. Coulam**
  acoulam@taylorduane.com, fconnor@taylorduane.com
- **Willliam M. Dolan, III**
  wdolan@browudnick.com
- **Douglas J. Emanuel**
  demanuel@crfllp.com
- **Alden C. Harrington**
  harrington@bhrlaw.com
- **Thomas C. Jackson**
  thomas.jackson@bakerbotts.com
- **Bret W. Jedele**
  bjedele@crfllp.com
- **Kevin J. McAllister**
  kmcallister@brcsm.com
- **James J. McGair**
  jmcgair@hotmail.com
- **Keven A. McKenna**
  KevenM@McKennaLaw.cc
- **Mark A. McSally**
  mmcsally@kkrs.com
- **Matthew F. Medeiros**
  mfm@lmkbw.com, dcabral@lmkbw.com, kocteau@lmkbw.com
- **Donald P. Nagle**
  nagle@dpnaglelaw.com
- **Mortimer C. Newton**
  mortneon@gmail.com

- **Scott P. Partington**
  scott@b-plaw.com
- **Karen Ann Pelczarski**
  kap@blishcavlaw.com
- **Gerald J. Petros**
  gpetros@haslaw.com
- **Thomas J. Plunkett**
  tplunkett@kprlaw.com
- **James T. Price**
  jprice@spencerfane.com
- **Thomas P. Quinn**
  tquinn@fmmesq.com
- **Deming E. Sherman**
  dsheman@eapdlaw.com
- **Dean S. Sommer**
  dsommer@youngsommer.com
- **Randall L. Souza**
  rsouza@shslarm.com

and by mail to the following counsel of record:

| | |
|---|---|
| John J. Andreason, Esq.<br>McGrath, North, Mullin & Kratz, PC LLO<br>Suite 3700<br>1601 Dodge Street<br>Omaha, NB 68102 | Jonathan A. Murphy, Esq.<br>Lester Schwab Katz & Dwyer<br>120 Broadway<br>New York, NY 10271-0071 |
| Steven Crowley, Esq.<br>U. S. Dept. of Justice<br>Environmental Defense Section<br>P. O. Box 23986<br>Washington, DC 20026 | Michael E. Kozlik, Esq.<br>Douglas A. Cohen<br>Brown Rudnick Berlack Israels LLP<br>CityPlace I, 185 Asylum Street<br>Hartford, CT 06103-3402 |
| William D. Gillis, Jr., Esq.<br>Donovan Hatem LLP<br>World Trade Center East<br>Two Seaport Lane<br>Boston, MA 02210 | Irvin M. Freilich, Esq.<br>Gary N. Donner, Esq.<br>Robertson, Freilich, Bruno & Cohen, LLC<br>One Riverfront Plaza<br>Newark, NJ 07102 |
| Brian M. Privor, Esq.<br>Kenneth A. Rubin, Esq.<br>Michael W. Steinberg, Esq.<br>Morgan, Lewis & Bockius LLP<br>1111 Pennsylvania Avenue, NW<br>Washington, DC 20004 | |

/s/ Kristen W. Sherman