IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNILEVER BESTFOODS and KIK CUSTOM PRODUCTS, INC., f/k/a CCL CUSTOM MANUFACTURING, INC.

Plaintiffs,

v.

AMERICAN STEEL & ALUMINUM CORP, *et al*.

Defendants.

---

KIK CUSTOM PRODUCTS, INC., f/k/a CCL CUSTOM MANUFACTURING, INC.

Plaintiff,

v.

ARKWRIGHT INCORPORATED, *et al.*

Defendants.

CONSOLIDATED
C.A. No. 01-496 L

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANTS AMERICAN OPTICAL CORP., BOSTON MEDICAL CENTER, HARVARD UNIVERSITY, HONEYWELL, INC., LOUIS M. GERSON CO., INC., J.M. MILLS, INC., LUCENT TECHNOLOGIES SERVICES, CO., INC., MICHAEL JOHN REALTY, MOSSBERG INDUSTRIES, INC., NUNES DISPOSAL, INC., THE SCHEPENS EYE RESEARCH INSTITUTE, INC., EDWARD C. WHITNEY & SON, INC. AND VA HOSPITAL**

Plaintiffs, Unilever Bestfoods and CCL Custom Manufacturing, Inc., hereby move the Court to dismiss without prejudice the following Defendants: American Optical Corp.; Boston Medical Center; Harvard University; Honeywell, Inc.; Louis M. Gerson Co., Inc.; J.M. Mills, Inc.; Lucent Technologies Services Co., Inc.; Michael John Realty; Mossberg Industries, Inc.;

Nunes Disposal, Inc.; The Schepens Eye Research Institute, Inc.; Edward C. Whitney & Son, Inc.; and, VA Hospital.

Pursuant to Rule 41(a)(2), Plaintiffs seek to dismiss the specified Defendants from the action without prejudice but do not seek to dismiss the action in its entirety. Rule 41(a)(2) states, "[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." FED. R. CIV. P. 41(a)(2) (emphasis added). However, "[a] court may dismiss an action as to fewer than all the defendants because the word 'action' in Rule 41(a)(2) has been construed to mean all claims against any one defendant." *Chapman v. Bernard's, Inc.*, 198 F.R.D. 575, 579 (D. Mass. 2001).

The basic purpose of Rule 41(a)(2) is to allow a plaintiff to voluntarily dismiss its action as long as no other party will be prejudiced. *See Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981). As the United States Court of Appeals for the First Circuit has stated, "[d]ismissal without prejudice should be permitted under [Rule 41(a)(2)] unless the court finds that the defendant will suffer legal prejudice. Neither the prospect of a second suit nor a technical advantage to the plaintiff should bar the dismissal." *Id.*; *see also Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 161 (1st Cir. 2000) (stating that "plain legal prejudice" is different from the prospect of facing a second lawsuit). Moreover, in deciding to grant a motion based on Rule 41(a)(2), courts generally look to "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Urohealth Sys.*, 216 F.3d at 160 (1st Cir. 2000) (quoting *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)).

Here, Plaintiffs seek to dismiss the specified Defendants in the interests of streamlining the litigation and promoting the interests of judicial economy. Based on its continuing investigations concerning the extent of liability of various Defendants for releases of hazardous substances at the J.M. Mills Landfill, Plaintiffs have determined that the interests of all parties and the Court will be served by focusing the litigation on a smaller number of parties. While Plaintiffs do not concede that the specified Defendants in this group are without liability, the interest of judicial economy dictates that these specified Defendants be dismissed in order to conserve valuable judicial resources for matters concerning Defendants who played a bigger role in the events underlying this lawsuit. Moreover, several of the specified Defendants, including Mossberg Industries, Inc., J.M. Mills, Inc., Michael John Realty, and Nunes Disposal, Inc., should be dismissed because these Defendants are either in bankruptcy or have no significant assets.

The specified Defendants will not suffer any legal prejudice if they are dismissed from this action without prejudice. The specified Defendants' effort and expense in preparing for trial has been minimal due to the fact that there is currently no scheduling order and no discovery requests have been exchanged among the parties. Second, there has been no excessive delay or lack of diligence on Plaintiffs' part in prosecuting the action because Plaintiffs have been actively attempting to reach settlements with all Defendants, with varying degrees of success. Third, there are no motions for summary judgment currently pending in the present matter. Finally, the specified Defendants will not suffer legal prejudice if they are dismissed without prejudice at this stage of the litigation because the specified Defendants will not be precluded from raising any defenses or asserting any claims in any potential subsequent actions.

Plaintiffs further submit that for the same reasons it is appropriate for the Court to dismiss without prejudice any cross-claims asserted against and/or between the specified Defendants. Dismissing the cross-claims against the specified Defendants without prejudice will allow these parties to be dismissed from the action, thereby allowing the Court and the remaining parties to conserve their resources. By dismissing these cross-claims without prejudice, the claims by the cross-claimants would be preserved and the cross-claimants would not suffer any prejudice.

Based on the foregoing, Plaintiffs respectfully request that the Court grant their Dismissal Motion pursuant to Fed. R. Civ. P. 41(a)(2).

Dated: January 14, 2008

Respectfully submitted,

UNILEVER BESTFOODS
By Its Attorneys:

*/s/ Kristen W. Sherman*

MARK DENEHY, ESQ. (#3492)
KRISTEN W. SHERMAN, ESQ. (#5595)
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607

-and-

THOMAS C. JACKSON
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W. - The Warner
Washington, D.C. 20004
(202) 639-7710
Fax: (202) 585-1009

KIK CUSTOM PRODUCTS, INC.
By Its Attorneys:

*/s/ Karen A. Pelczarski*______________
KAREN A. PELCZARSKI, ESQ. (#3357)
BLISH & CAVANAGH
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
Fax: (401) 351-7542

Of Counsel:

JONATHAN A. MURPHY, ESQ.
(JAM-6052)
LESTER, SCHWAB, KATZ & DWYER, LLP
125 Broadway
New York, New York 10271-0071
(212) 964-6611
Fax: (212) 267-5916

440512_1.DOC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of January, 2008, I caused a copy of the within to be sent by electronic means (ECF) to the following counsel of record:

- **Stephen Adams**
  sadams@taylorduane.com
- **Melody A. Alger**
  melody.alger@bgmalaw.com
- **Julie P. Barry**
  jpbarry@nutter.com
- **Charles S. Beal**
  cbeal@cm-law.com
- **Gregory L. Benik**
  gbenik@jreri.com
- **Stephen J. Brake**
  sbrake@nutter.com
- **Kevin J. Bristow**
  KJBristowlaw@verizon.net
- **Christopher R. Bush**
  cbush@riag.ri.gov
- **Alexandra K. Callam**
  acallam@haslaw.com
- **Andrew C. Coulam**
  acoulam@taylorduane.com, fconnor@taylorduane.com
- **Willliam M. Dolan, III**
  wdolan@browudnick.com
- **Douglas J. Emanuel**
  demanuel@crfllp.com
- **Alden C. Harrington**
  harrington@bhrlaw.com
- **Thomas C. Jackson**
  thomas.jackson@bakerbotts.com
- **Bret W. Jedele**
  bjedele@crfllp.com
- **Kevin J. McAllister**
  kmcallister@brcsm.com
- **James J. McGair**
  jmcgair@hotmail.com
- **Keven A. McKenna**
  KevenM@McKennaLaw.cc
- **Mark A. McSally**
  mmcsally@kkrs.com
- **Matthew F. Medeiros**
  mfm@lmkbw.com, dcabral@lmkbw.com, kocteau@lmkbw.com
- **Donald P. Nagle**
  nagle@dpnaglelaw.com
- **Mortimer C. Newton**
  mortneon@gmail.com

- **Scott P. Partington**
  scott@b-plaw.com
- **Karen Ann Pelczarski**
  kap@blishcavlaw.com
- **Gerald J. Petros**
  gpetros@haslaw.com
- **Thomas J. Plunkett**
  tplunkett@kprlaw.com
- **James T. Price**
  jprice@spencerfane.com
- **Thomas P. Quinn**
  tquinn@fmmesq.com
- **Deming E. Sherman**
  dsheman@eapdlaw.com
- **Dean S. Sommer**
  dsommer@youngsommer.com
- **Randall L. Souza**
  rsouza@shslarm.com

and by mail to the following counsel of record:

| | |
|---|---|
| John J. Andreason, Esq.<br>McGrath, North, Mullin & Kratz, PC LLO<br>Suite 3700<br>1601 Dodge Street<br>Omaha, NB 68102 | Jonathan A. Murphy, Esq.<br>Lester Schwab Katz & Dwyer<br>120 Broadway<br>New York, NY 10271-0071 |
| Steven Crowley, Esq.<br>U. S. Dept. of Justice<br>Environmental Defense Section<br>P. O. Box 23986<br>Washington, DC 20026 | Michael E. Kozlik, Esq.<br>Douglas A. Cohen<br>Brown Rudnick Berlack Israels LLP<br>CityPlace I, 185 Asylum Street<br>Hartford, CT 06103-3402 |
| William D. Gillis, Jr., Esq.<br>Donovan Hatem LLP<br>World Trade Center East<br>Two Seaport Lane<br>Boston, MA 02210 | Irvin M. Freilich, Esq.<br>Gary N. Donner, Esq.<br>Robertson, Freilich, Bruno & Cohen, LLC<br>One Riverfront Plaza<br>Newark, NJ 07102 |
| Brian M. Privor, Esq.<br>Kenneth A. Rubin, Esq.<br>Michael W. Steinberg, Esq.<br>Morgan, Lewis & Bockius LLP<br>1111 Pennsylvania Avenue, NW<br>Washington, DC 20004 | |

/s/ Kristen W. Sherman