IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNILEVER BESTFOODS and KIK CUSTOM PRODUCTS, INC., f/k/a CCL CUSTOM MANUFACTURING, INC.

Plaintiffs,

v.

TEKNOR APEX COMPANY; QUEBECOR WORLD HALLIDAY, INC. f/k/a Halliday Lithograph Corp.; LEACH & GARNER TECHNOLOLGY, INC.; SEQUA CORP. f/k/a Sun Chemical Corp.; WYMAN-GORDON COMPANY; DAVID BRASK; GENERAL ELECTRIC CO. f/k/a GE-CEP; HOLLINGSWORTH & VOSE CO.; THREE R's TRANSPORTATION, INC.; BENJAMIN MOORE & CO.; INTERNATIONAL PAPER CO. f/k/a Allied Container Corp.; and ACS INDUSTRIES, INC.

Defendants.

---

CONSOLIDATED
C.A. No. 01-496 L

KIK CUSTOM PRODUCTS, INC., f/k/a CCL CUSTOM MANUFACTURING, INC.

Plaintiff,

v.

A. T. CROSS COMPANY; and RAYTHEON COMPANY

Defendants.

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

Plaintiffs, Unilever Bestfoods and KIK Custom Products, Inc. (f/k/a CCL Custom Manufacturing, Inc.), move for leave to file a Fourth Amended Complaint in this matter. Plaintiffs seek to add three Defendants to the litigation. At the same time, Plaintiffs seek to conform their pleadings to recent developments in the law as expressed in opinions of the United

States Supreme Court and this Court. At the outset, Plaintiffs note that the captions of their Motion, Memorandum of Law, Proposed Order, and Fourth Amended Complaint have been updated to reflect the current status of the case.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "leave [to amend a complaint] shall be freely given when justice so requires." *Epstein v. C.R. Bard, Inc.*, 460 F.3d 183, 191 (1st Cir. 2006); *see also Cabana v. Forcier*, 200 F.R.D. 9, 13 (D. Mass. 2001) (granting leave to amend to add defendants). As this Court has stated, "The United States Supreme Court has interpreted Rule 15 to allow a plaintiff to amend his complaint unless the cause of action contained in the attempted amendment fails to state a claim upon which relief can be granted, or the amendment would unduly prejudice the defendant in some manner." *Cummins v. EG & G Sealol, Inc.*, 690 F. Supp. 134, 135 (D.R.I. 1988) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) ("The default rule mandates that leave to amend is to be 'freely given when justice so requires,' unless the amendment 'would be futile, or reward, *inter alia*, undue or intended delay.'").

In this case, Plaintiffs seek leave to file a Fourth Amended Complaint, which would add to the litigation three Defendants (Benjamin Moore & Co., International Paper Co. f/k/a Allied Container Corp., and ACS Industries, Inc.) whose nexus to the J.M. Mills Landfill has been discovered through the Plaintiffs' continuing investigation and research into the facts surrounding the disposal of hazardous wastes at the J.M. Mills Landfill during a period of more than 20 years ending in approximately 1983. The three additional Defendants are in boldface font on page one of the proposed Fourth Amended Complaint. Additionally, the three Defendants are also referenced in Paragraph 13 (Generator Defendants) of the proposed Fourth Amended Complaint, specifically on pages 5 and 6. The addition of the three Defendants will

not expand the litigation because Plaintiffs have recently moved to dismiss over 40 Defendants, including a substantial number of settling parties.

In addition, the Fourth Amended Complaint is broadened and modified slightly from the previous complaint due to intervening decisions from the United States Supreme Court in *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157 (2004) ("*Aviall*"), and *United States v. Atlantic Research Corp.*, 127 S. Ct. 2331 (June 11, 2007) ("*Atlantic Research*"), and the federal district court in the District of Rhode Island in *Emhart Indus., Inc. v. New England Container Co., Inc.*, 478 F. Supp. 2d 199, 204 (D.R.I. 2007). First, CCL Custom Manufacturing, Inc. is added as a Plaintiff to Count I and relevant parts of Count IV in light of the Supreme Court's ruling in *Atlantic Research* that potentially responsible parties that themselves incur response costs can maintain a cause of action to recover such costs under Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607. *See Atlantic Research*, 127 S. Ct. at 2339. Because Plaintiffs have incurred costs in undertaking a Remedial Investigation/Feasibility Study ("RI/FS") for Operable Unit 2 ("OU-2") of the Peterson-Puritan Superfund Site, Plaintiffs are entitled to maintain an action for cost recovery under Section 107. Second, Plaintiffs propose to amend Count II to state that they have a right to contribution from Defendants for the costs that they have incurred in preparing the RI/FS for OU-2 based on Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B), which provides a right of contribution for parties that have settled all or part of their liability at a site with the United States. In this case, Plaintiffs have resolved a portion of their liability at the Peterson-Puritan Superfund Site with the United States through their agreement with EPA – embodied in an administrative order on consent – to undertake the RI/FS for OU-2. The Supreme Court decision in *Aviall* suggests that Section 113(f)(3)(B) is the appropriate basis for

Plaintiffs' contribution claims rather than Section 113(f)(1). Moreover, Plaintiffs' claim for contribution in Count II is now premised on an additional theory of recovery, *i.e.*, implied contribution pursuant to 42 U.S.C. § 9607(a). *See Emhart Indus., Inc. v. New England Container Co., Inc.*, 478 F. Supp. 2d 199, 204 (D.R.I. 2007).

Each of these amendments adds claims that are similar to those set forth in the Third Amended Complaint and they will not result in an expansion of the litigation. In particular, the addition of these claims will not affect the nature of the evidence that will be relevant to the claims and defenses of the various parties and will not expand the scope of the required discovery.

The Court should allow the amendment of the complaint because Plaintiffs meet the standards of Rule 15. First, Plaintiffs' Fourth Amended Complaint clearly states a claim upon which relief can be granted because it is identical in relevant respects to Plaintiffs' Third Amended Complaint, except that it includes three additional Defendants and encompasses recent Supreme Court case law. Second, there is no conceivable prejudice to the original Defendants by amending the Third Amended Complaint to include three additional Defendants and incorporating recent case law. Third, no scheduling order has been issued by the Court and no discovery requests have been exchanged among the parties. Thus, there will be no undue delay resulting from the amendment. *Cf. City of New York v. B.L. Jennings, Inc.*, 219 F.R.D. 255, 256-57 (E.D.N.Y. 2004) (allowing plaintiff to amend its complaint to add defendants more than three years after filing suit where minimal discovery had taken place and defendants would not suffer undue prejudice). Finally, Plaintiffs state that this request is not made in bad faith or for any dilatory reason. Rather, the request is made in response to information discovered in ongoing

investigations and in order to have the Fourth Amended Complaint conform to the recent decisions in the United States Supreme Court and this Court.

CONCLUSION

Wherefore, because justice requires that Plaintiffs be permitted to amend their Complaint in this action, Plaintiffs respectfully move this Court for leave to file a Fourth Amended Complaint.

Dated: January 21, 2008

Respectfully submitted,

UNILEVER BESTFOODS
By Its Attorneys:

*/s/ Kristen W. Sherman*
MARK DENEHY, ESQ. (#3492)
KRISTEN W. SHERMAN, ESQ. (#5595)
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607

-and-

THOMAS C. JACKSON
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W. - The Warner
Washington, D.C. 20004
(202) 639-7710
Fax: (202) 585-1009

KIK CUSTOM PRODUCTS, INC.
By Its Attorneys:

*/s/ Karen A. Pelczarski*
KAREN A. PELCZARSKI, ESQ. (#3357)
BLISH & CAVANAGH
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
Fax: (401) 351-7542

Of Counsel:

JONATHAN A. MURPHY, ESQ.
(JAM-6052)
LESTER, SCHWAB, KATZ & DWYER, LLP
125 Broadway
New York, New York 10271-0071
(212) 964-6611
Fax: (212) 267-5916

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of January, 2008, I caused a copy of the within to be sent by electronic means (ECF) to the following counsel of record:

- **Julie P. Barry**
  jpbarry@nutter.com
- **Stephen J. Brake**
  sbrake@nutter.com
- **Thomas C. Jackson**
- thomas.jackson@bakerbotts.com
- **Mortimer C. Newton**
- mortneon@gmail.com
- **Deming E. Sherman**
- dsheman@eapdlaw.com
- **Matthew F. Medeiros**
- mfm@lmkbw.com, dcabral@lmkbw.com, kocteau@lmkbw.com
- **Gregory L. Benik**
  gbenik@jreri.com
- **Kevin J. Bristow**
  KJBristowlaw@verizon.net
- **Keven A. McKenna**
- KevenM@McKennaLaw.cc
- **Karen Ann Pelczarski**
- kap@blishcavlaw.com
- **Dean S. Sommer**
- dsommer@youngsommer.com

and by mail to the following counsel of record:

William D. Gillis, Jr., Esq.
Donovan Hatem LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210

Brian M. Privor, Esq.
Kenneth A. Rubin, Esq.
Michael W. Steinberg, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004

Martha A. Holt, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

Irvin M. Freilich, Esq.
Gary N. Donner, Esq.
Robertson, Freilich, Bruno & Cohen, LLC
One Riverfront Plaza
Newark, NJ 07102

Jonathan A. Murphy, Esq.
Lester Schwab Katz & Dwyer
120 Broadway
New York, NY 10271-0071

*/s/ Kristen W. Sherman*

*441436_1.DOC*