IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNILEVER BESTFOODS and KIK CUSTOM PRODUCTS, INC., f/k/a CCL CUSTOM MANUFACTURING, INC.<br><br>Plaintiffs,<br><br>v.<br><br>TEKNOR APEX COMPANY; QUEBECOR WORLD HALLIDAY, INC. f/k/a Halliday Lithograph Corp.; LEACH & GARNER TECHNOLOGY, INC.; SEQUA CORP. f/k/a Sun Chemical Corp.; WYMAN-GORDON COMPANY; DAVID BRASK; GENERAL ELECTRIC CO. f/k/a GE-CEP; HOLLINGSWORTH & VOSE CO.; THREE R'S TRANSPORTATION, INC.; BENJAMIN MOORE & CO.; INTERNATIONAL PAPER CO. f/k/a Allied Container Corp.; and ACS INDUSTRIES, INC.<br><br>Defendants. | : | C.A. No. 01-496 L |

**DEFENDANT SEQUA CORPORATION'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT, ANSWER TO CROSS-CLAIMS, COUNTERCLAIM AND CROSS-CLAIM**

**ANSWER**

Defendant Sequa Corp. f/k/a Sun Chemical Corp. ("Sequa") hereby answers the Fourth Amended Complaint as follows:

1-10. Paragraphs 1 through 10 of the Fourth Amended Complaint contain legal conclusions to which no response is required. To the extent that paragraphs 1 through 10 require a response, Defendant denies the allegations set forth therein.

11. Defendant admits that it is a person within the meaning of section 101(21) of

CERCLA, 42 U.S.C. § 9601(21). Defendant is without sufficient knowledge or information to respond to this paragraph as it relates to other defendants and therefore denies the remaining allegations set forth in paragraph 11.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 12 of the Fourth Amended Complaint and therefore denies the same.

13. Defendant denies the allegations relating to this Defendant and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies the same.

14-38. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 14 through 38 of the Fourth Amended Complaint and therefore denies the same.

**COUNT I**
**COST RECOVERY PURSUANT TO 42 U.S.C. § 9607**
**(UNILEVER BESTFOODS AND KIK CUSTOM PRODUCTS, INC.)**

39. Defendant incorporates by reference its answers to paragraphs 1 through 38 as if fully set forth herein.

40. Paragraph 40 of the Fourth Amended Complaint contains legal conclusions to which no response is required. To the extent that paragraph 40 requires a response, Defendant denies the allegations set forth therein.

41. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 41 of the Fourth Amended Complaint and therefore denies the same.

42. Paragraph 42 of the Fourth Amended Complaint contains legal conclusions to

which no response is required. To the extent that paragraph 42 requires a response, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 42 of the Fourth Amended Complaint and therefore denies the same.

43. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 43 of the Fourth Amended Complaint and therefore denies the same.

44. Paragraph 44 of the Fourth Amended Complaint contains legal conclusions to which no response is required. To the extent that paragraph 44 requires a response, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 44 of the Fourth Amended Complaint and therefore denies the same.

45-46. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 45 and 46 of the Fourth Amended Complaint and therefore denies the same.

47. Paragraph 47 of the Fourth Amended Complaint contains legal conclusions to which no response is required. To the extent that paragraph 47 requires a response, Defendant denies the allegations set forth therein.

48. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 48 of the Fourth Amended Complaint and therefore denies the same.

49. Defendant denies each and every allegation in paragraph 49 as it relates to this Defendant and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies the same.

50. Defendant is without sufficient knowledge or information to form a belief as to

the truth of the allegations set forth in paragraph 50 of the Fourth Amended Complaint and therefore denies the same.

**COUNT II**
**CONTRIBUTION PURSUANT TO CERCLA**
**(UNILEVER BESTFOODS AND KIK CUSTOM PRODUCTS, INC.)**

51. Defendant incorporates by reference its answers to paragraphs 1 through 50 as if fully set forth herein.

52-55. Paragraphs 52 through 55 of the Fourth Amended Complaint contain legal conclusions to which no response is required. To the extent that paragraphs 52 through 55 require a response, Defendant denies the allegations set forth therein.

56. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 56 of the Fourth Amended Complaint and therefore denies the same.

57-58. Paragraphs 57 and 58 of the Fourth Amended Complaint contain legal conclusions to which no response is required. To the extent that paragraphs 57 and 58 require a response, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 57 and 58 of the Fourth Amended Complaint and therefore denies the same.

59. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 59 of the Fourth Amended Complaint and therefore denies the same.

60. Paragraph 60 of the Fourth Amended Complaint contains legal conclusions to which no response is required. To the extent that paragraph 60 requires a response, Defendant denies the allegations set forth therein.

**COUNT III**
**EQUITABLE INDEMNITY**
**(UNILEVER BESTFOODS)**

61. Defendant incorporates by reference its answers to paragraphs 1 through 60 as if fully set forth herein.

62-64. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 62 through 64 of the Fourth Amended Complaint and therefore denies the same.

65-67. Defendant denies each and every allegation set forth in paragraphs 65 through 67 as they relate to this Defendant.

**COUNT IV**
**DECLARATORY JUDGMENT**
**(UNILEVER BESTFOODS AND KIK CUSTOM PRODUCTS, INC.)**

68. Defendant incorporates by reference its answers to paragraphs 1 through 67 as if fully set forth herein.

69-70. Paragraphs 69 and 70 of the Fourth Amended Complaint contain legal conclusions to which no response is required. To the extent that paragraphs 69 and 70 require a response, Defendant denies the allegations set forth therein.

71-73. Defendant denies each and every allegation set forth in paragraphs 71 through 73 as they relate to this Defendant.

74. Paragraph 74 of the Fourth Amended Complaint contains legal conclusions to which no response is required. To the extent that paragraph 74 requires a response, Defendant denies the allegations set forth therein.

**First Defense**

The Fourth Amended Complaint is barred by the applicable statute of limitations, including, without limitation, 42 U.S.C. § 9613(g)(3).

**Second Defense**

The Fourth Amended Complaint is barred by laches.

**Third Defense**

To the extent that Defendant has any liability, it is liable only for its equitable share.

**Fourth Defense**

Plaintiffs have failed to join indispensible parties.

**Fifth Defense**

The Fourth Amended Complaint fails to state a claim upon which relief can be granted.

**Sixth Defense**

Plaintiffs' claims are barred because they have failed to satisfy the prerequisites and requirements for such claims as established by the National Contingency Plan.

**Seventh Defense**

Plaintiffs' claims are barred because the actions allegedly undertaken by them are and were not consistent with the National Contingency Plan.

**Eighth Defense**

Plaintiffs' claims are barred or limited insofar as they seek to recover costs, damages and expenses other than "necessary costs of response" under Section 107 (a)(4)(B) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), as amended, 42 U.S.C. § 9607(a)(4)(B).

**Ninth Defense**

Plaintiffs' claims are barred or limited insofar as they seek to recover costs, damages, expenses and other types of relief incurred before the effective date of CERCLA (December 11, 1980).

**Tenth Defense**

Plaintiffs' claims are barred or limited because the Plaintiffs have failed to mitigate their damages.

**Eleventh Defense**

The alleged acts or omissions of Sequa were not the legal or proximate cause of the alleged conditions or releases at the Site.

**Twelfth Defense**

Plaintiffs' claims and causes of action are barred by the doctrine of unjust enrichment.

**Thirteenth Defense**

Plaintiffs' claims and causes of action are barred by the doctrine of estoppel, waiver and unclean hands.

**Fourteenth Defense**

The United States Constitution, CERCLA, and applicable state law prevent the retroactive imposition of liability, joint and several or otherwise, for acts and/or omissions of Sequa that were in compliance with applicable local, state and federal laws and regulations in effect at the time of such acts and/or omissions.

**Fifteenth Defense**

Any costs, damages and/or expenses incurred by the plaintiffs were incurred voluntarily and, therefore, any claims for contribution for said costs, damages, and/or expenses are barred.

**Sixteenth Defense**

Sequa alleges all other affirmative defenses that may become available as a result of information developed through discovery or trial.

**Seventeenth Defense**

Sequa is informed and believes and thereupon alleges that Plaintiffs' claims are barred by the "municipal solid waste" exemption contained in 42 U.S.C. § 9607(p), as amended.

**Eighteenth Defense**

Sequa is informed and believes and thereupon alleges that Plaintiffs' claims are barred by 42 U.S.C. § 9607(b)(3) because (i) the release or threatened release of hazardous substances, if any, as alleged in the Fourth Amended Complaint was caused solely by the acts or omissions of persons or parties other than Sequa, for whom Sequa was not responsible; (ii) Sequa exercised due care with request to the hazardous substance concerned, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances and (iii) Sequa took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions.

**Nineteenth Defense**

Under Section 113(f)(1) of CERCLA (42 U.S.C. § 9613(f)(1)), the Court is directed to consider such equitable factors as the Court deems appropriate in resolving actions for contribution under CERCLA. Sequa is informed and believes, and upon that basis alleges, that upon reviewing such equitable factors, the Court in this action will determine that Sequa bears no responsibility for any response costs under CERCLA.

**Twentieth Defense**

Any attorney's fees claimed as damages are not recoverable under CERCLA.

**WHEREFORE**, Defendant Sequa demands that the Fourth Amended Complaint be dismissed with prejudice and that it be awarded costs and reasonable attorneys' fees and such other relief as this Court may deem just and proper.

**ANSWER TO ALL CROSS-CLAIMS**

Defendant denies the allegations of and denies liability pursuant to any and all cross-claims that have been or may be asserted against it by any party to the within action.

**COUNTERCLAIM FOR CONTRIBUTION**

Defendant Sequa Corporation ("Defendant"), by way of counterclaim against Plaintiffs Unilever Bestfoods and KIK Custom Products, Inc., f/k/a CCL Custom Manufacturing, Inc. (collectively referred to as "Plaintiffs") says as follows:

**STATEMENT OF THE CASE**

1. Plaintiffs have instituted this action against the Defendant, alleging that it is liable, either jointly and severally to Plaintiffs, or alternatively for the Defendant's proportionate share, under Sections 107 and 113 of CERCLA, 42 U.S.C. § 9607 and § 9613, respectively.

2. Plaintiff Unilever Bestfoods also seeks indemnification from Defendant under the common law of Rhode Island.

3. Plaintiffs also seek a declaratory judgment under CERCLA holding Defendant jointly and severally liable, or alternatively liable for the Defendant's proportionate share for response costs which allegedly have been or will be incurred in performing a Remedial Investigation/Feasibility Study at the J.M. Mills Landfill and surrounding areas in Cumberland Rhode Island (the "Site").

4. Defendant has denied any liability to Plaintiffs for the relief sought in their Fourth Amended Complaint.

5. While denying any such liability, Defendant hereby asserts its rights of

contribution against Plaintiffs pursuant to CERCLA § § 9607 and 9613, as well as pursuant to the common law of Rhode Island.

**Plaintiffs**

6. Each of the Plaintiffs is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

7. Upon information and belief, Plaintiffs qualify as persons who currently own a "facility" as defined in 42 U.S.C. § § 9601(9), (20) or owned or operated a facility during the time period in which hazardous substances, as defined under 42 U.S.C. § 9601(14), were disposed of at the facility.

8. Upon information and belief, Plaintiffs qualify as persons who by contract, agreement or otherwise arranged for disposal or treatment of hazardous substances, or arranged with a transporter for the transport for disposal or treatment of hazardous substances, as defined under 42 U.S.C. § 9601(14), which were transported to and/or disposed of at a facility as defined under 42 U.S.C. § 9601(9).

**Claims for Relief**
**COUNT I**
**(*Contribution Under CERCLA*)**

9. Defendant repeats and reiterates each and every allegation set forth in this Counterclaim at Paragraphs 1 through 8 as if fully set forth herein at length.

10. Upon information and belief, Plaintiffs are liable, under Sections 107(a)(1)-(2) of CERCLA, 42 U.S.C. §§ 9607(a)(1)-(2), as persons who currently own a "facility" as defined in 42 U.S.C. § 9601(9), or who owned or operated a facility during the time period in which hazardous substances, as defined under 42 U.S.C. § 9601(14), were transported to and/or disposed of at the facility.

11. Upon information and belief, Plaintiffs are liable under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), as persons who by contract, agreement or otherwise arranged for disposal or treatment of hazardous substances, as defined under 42 U.S.C. § 9601(14), or arranged with a transporter for transport for disposal or treatment, of hazardous substances, to a "facility" as defined in 42 U.S.C. § 9601(9).

12. In the event that it is determined that the Defendant is liable for damages sought by Plaintiffs, the Defendant is entitled to a judgment pursuant to 42 U.S.C. § 9613(f)(3(B), allocating such costs among Plaintiffs and the Defendant and any other persons adjudged liable under CERCLA for such damages based on such equitable factors as this Court deems appropriate.

**COUNT II**
**(*Claim for Declaratory Judgment*)**

13. Defendant repeats and reiterates each and every allegation set forth in this Counterclaim at Paragraphs 1 through 12 as if fully set forth herein at length.

14. There is a present and actual controversy between Plaintiffs and the Defendant concerning the Defendant's obligation to reimburse Plaintiffs for response costs allegedly incurred and which they allegedly will incur at the Site and regarding Plaintiffs' obligation to contribute their fair and equitable share of response costs.

15. The Defendant seeks a declaratory judgment under 42 U.S.C. § 9607(a) and 9613(f) and 28 U.S.C. § 2201, 2202, against Plaintiffs, holding that Plaintiffs are liable to the Defendant for each one's proportionate share of response costs.

**WHEREFORE,** Defendant Sequa Corporation demands that judgment be entered in its favor and against Plaintiffs as follows:

Declaring that Plaintiffs are liable to Defendant Sequa Corporation for their proportionate

shares of all response costs incurred or to be incurred in connection with the Site;

Awarding Defendant Sequa Corporation reasonable attorney's fees, costs and disbursements incurred in this action; and

For such other and further relief as the Court deems just and equitable.

**CROSS-CLAIM FOR CONTRIBUTION**

Defendant Sequa Corporation ("Defendant"), by way of cross-claim against all defendants, including the newly added Defendants Benjamin Moore & Co., International Paper Co. f/k/a Allied Container Corp. and ACS Industries, Inc. (collectively referred to as "co-defendants") says as follows:

**STATEMENT OF THE CASE**

1. Plaintiffs have instituted this action against the Defendant, alleging that it is liable, either jointly and severally to Plaintiffs, or alternatively for the Defendant's proportionate share, under Sections 107 and 113 of CERCLA, 42 U.S.C. § 9607 and § 9613, respectively.

2. Plaintiff Unilever Bestfoods also seeks indemnification from Defendant under the common law of Rhode Island.

3. Plaintiffs also seek a declaratory judgment under CERCLA holding Defendant jointly and severally liable, or alternatively liable for the Defendant's proportionate share for response costs which allegedly have been or will be incurred in performing a Remedial Investigation/Feasibility Study at the J.M. Mills Landfill and surrounding areas in Cumberland Rhode Island (the "Site").

4. Defendant has denied any liability to Plaintiffs for the relief sought in their Fourth Amended Complaint.

5. While denying any such liability, Defendant hereby asserts its rights to

contribution from the co-defendants pursuant to 42 U.S.C. § 9613, as well as pursuant to the common law of Rhode Island.

**Co-Defendants**

6. Each of the co-defendants is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

7. Upon information and belief, each of the co-defendants qualifies as a person who by contract, agreement or otherwise arranged for disposal or treatment of hazardous substances, or arranged with a transporter for the transport for disposal or treatment of hazardous substances, as defined under 42 U.S.C. § 9601(14), which were transported to and/or disposed of at a facility as defined under 42 U.S.C. § 9601(9).

8. Each Defendant is liable jointly and severally to Plaintiffs, or in the alternative liable for their proportionate share, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a) and Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B), for all response costs, plus interest, incurred or to be incurred, including NRD, by the Plaintiffs in connection with the Site.

**Claims for Relief**
**COUNT I**
**(*Contribution Under CERCLA*)**

9. Defendant repeats and reiterates each and every allegation set forth in this Cross-claim at Paragraphs 1 through 8 as if fully set forth herein at length.

10. Upon information and belief, the co-defendants are liable under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), as persons who by contract, agreement or otherwise arranged for disposal or treatment of hazardous substances, as defined under 42 U.S.C. § 9601(14), or arranged with a transporter for transport for disposal or treatment, of hazardous substances, to a "facility" as defined in 42 U.S.C. § 9601(9).

11. In the event that it is determined that the Defendant is liable for damages sought by Plaintiffs, the Defendant is entitled to a judgment pursuant to 42 U.S.C. § 9613(f)(3(B), allocating such costs among Plaintiffs and all defendants and any other persons adjudged liable under CERCLA for such damages based on such equitable factors as this Court deems appropriate.

**WHEREFORE,** Defendant Sequa Corporation demands that judgment be entered in its favor and against all of the co-defendants as follows:

1. Declaring that each co-defendant is liable for its proportionate share of response costs and that each co-defendant is liable to Defendant to the extent Defendant is found liable for an amount greater than its fair share of response costs incurred in connection with the Site;

2. Awarding Defendant Sequa Corporation reasonable attorney's fees, costs and disbursements incurred in this action; and

3. For such other and further relief as the Court deems just and equitable.

/s/ Matthew F. Medeiros (#1856)
Matthew F. Medeiros.
LITTLE MEDEIROS KINDER BULMAN & WHITNEY, P.C.
72 Pine Street
Providence, Rhode Island 02903
(401) 272-8080
mfm@lmkbw.com

Gary N. Donner, Esq.
ROBERTSON, FREILICH, BRUNO & COHEN, LLC
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
(973)848-2100
gdonner@rfbclaw.com

**Counsel for SEQUA CORPORATION**

**CERTIFICATION**

I hereby certify that on February 25, 2008, a copy of the foregoing Answer to Fourth Amended Complaint was filed electronically. Notice of this filing will be sent by e-email to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

| | |
|---|---|
| **Stephen Adams** | sadams@taylorduane.com kbell@taylorduane.com |
| **Melody A. Alger** | melody.alger@bgmalaw.com |
| **Thomas C. Angelone** | angelonelaw@aol.com Conlonmaryv@aol.com |
| **John J. Barton** | jbarton@taylorduane.com |
| **Charles S. Beal** | cbeal@cm-law.com ccappalli@cm-law.com |
| **Gregory L. Benik** | gbenik@nixonpeabody.com ProEfile@nixonpeabody.com |
| **Kevin J. Bristow** | KJBristowlaw@verizon.net |
| **Christopher R. Bush** | cbush@riag.ri.gov randrade@riag.ri.gov |
| **Alexandra K. Callam** | acallam@haslaw.com |
| **Andrew C. Coulam** | acoulam@taylorduane.com fconnor@taylorduane.com |
| **Paul V. Curcio** | pcurcio@apslaw.com |
| **John B. Daukas** | jdaukas@goodwinprocter.com |
| **Mark O. Denehy** | mdenehy@apslaw.com |
| **William M. Dolan, III** | wdolan@brownrudnick.com |
| **William S. Eggeling** | william.eggeling@ropesgray.com |
| **Douglas J. Emanuel** | demanuel@crfllp.com |
| **Roy P. Giarrusso** | rgiarrusso@gncm.net |
| **Alden C. Harrington** | harrington@bhrlaw.com |
| **Thomas C. Jackson** | thomas.jackson@bakerbotts.com |
| **Eric Lukingbeal** | elukingbeal@rc.com |
| **Richard W. MacAdams** | rmacadams@mwdglaw.com vburrus@mwdglaw.com |
| **Kevin J. McAllister** | kmcallister@brcsm.com |
| **James J. McGair** | jmcgair@hotmail.com |
| **Joseph J. McGair** | jjm@petrarcamcgair.com |
| **Keven A. McKenna** | KevenM@McKennaLaw.cc |
| **Mark A. McSally** | mmcsally@kkrs.com |
| **Jeffrey S. Michaelson** | jeffmichaelson@cox.net |
| **Donald P. Nagle** | nagle@dpnaglelaw.com |
| **Mortimer C. Newton** | mortnewton@gmail.com |
| **Scott J. Partington** | scott@b-plaw.com |
| **Karen Ann Pelczarski** | kap@blishcavlaw.com |
| **Gerald J. Petros** | gpetros@haslaw.com clomas@haslaw.com |
| **Thomas C. Plunkett** | tplunkett@kprlaw.com info@kprlaw.com |
| **James T Price** | jprice@spencerfane.com |
| **Thomas P. Quinn** | tquinn@fmmesq.com |
| **Peter Brent Regan** | pregan@srt-law.com |
| **Paul V. Reynolds** | pvreynolds@conversent.net |
| **Ian C. Ridlon** | iridlon@darroweverett.com |
| **Paul M. Sanford** | psanford@burnslev.com scook@burnslev.com |

| | |
|---|---|
| **Justin T. Shay** | jshay@cm-law.com ccappalli@cm-law.com |
| **Deming E. Sherman** | dsherman@eapdlaw.com ekula@eapdlaw.com |
| **Kristen W. Sherman** | ksherman@apslaw.com; afontaine@apslaw.com; btallman@apslaw.com |
| **Steven E. Snow** | ses@psh.com tlc@psh.com |
| **Dean S. Sommer** | dsommer@youngsommer.com amorris@youngsommer.com |
| **Randall L. Souza** | rsouza@shslawfirm.com asalvaggio@shslawfirm.com |
| **Benjamin V. White, lll** | bwhite@vetterandwhite.com |

I further certify that on February 25, 2008, a copy of the foregoing Answer to Fourth Amended Complaint was sent by mail to:

**John A. Andreasen**
McGrath, North, Mullin & Kratz, PC
First National Tower
1600 Dodge Street
Suite 3700
Omaha,, NE 68102

**Julie P Barry**
Nutter McClennan & Fish LLP,
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604

**Ralph A Child**
Mintz, Levin, Cohn, Ferris,
Glovsky & Popeo, PC
One Financial Center
Boston, MA 02111

**Douglas A. Cohen**
Brown, Rudnick, Berlack Israels LLP
185 Asylum Street
CityPlace I
Hartford, CT 06103-3402

**Stephen E. Crowley**
US Dept. of Justice
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026-3986

**Christopher Davis**
Goodwin Procter LLP
Exchange Place
Boston, MA 02109

**Roy Giarusso**
Giarruso,Norton, Cooley & McGlone
Marina Bay
308 Victory Road
Boston, MA 02171

**William D. Gillis, Jr**
Donovan & Hatem, LLP
Two Seaport Lane
Boston, MA 02210

**Edmund J. Gorman**
Moehreke, Mackie & Shea
137 Newbury Street
Boston, MA 02116

**Ira K. Gross**
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

**H. Hamilton Hackney, III**
Choate, Hall & Stewart
Exchange Place
53 State Street
Boston, MA 02109-2804

**Thomas H. Hannigan, Jr**
Ropes & Gray
One International Place
Boston, MA 02110

**Jennifer A. Jester**
Choate, Hall & Stewart
Exchange Place, 53 State Street
Boston, MA 02109-2804

**Adam P. Kahn**
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

**Nicholas Kenney**
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

**Michael Kozlik**
Brown, Rudnick, Berlack Israels LLP
185 Asylum Street
CityPlace I
Hartford, CT 06103-3402

**Lyn M. Lustig**
Mintz, Levin, Cohn, Ferris, Glovsky &
Popeo, PC
One Financial Center
Boston, MA 02111

**Louis N. Massery**
Massery, Gillis & Guiney
101 Merrimac Street
Boston, MA 02114

**Jonathan A. Murphy**
Lester, Schwab, Katz & Dwyer, LLP
120 Broadway
New York, NY 10271-5916

**David Platt**
Murtha, Cullina, Richter & Pinney
185 Asylum Street
Hartford, CT 06103

**Brian M. Privor**
Morgan, Lewis Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

**Kenneth A. Rubin**
Morgan, Lewis Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

**Eric M. Sommers**
McLane Graf Raulerson & MIddleton, PA
2900 Elm St.
P.O. Box 326
Manchester, NH 03105-0326

**Michael W. Steinberg**
Morgan, Lewis Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

**Christine Kelley Tramontana**
Giarrusso, Norton, Cooley & McGlone, P.C.
308 Victory Road
Marina Bay
Quincy, MA 02171

/s/Matthew F. Medeiros

F:\MFM\SEQUA - JM MILLS\ANSWER FOURTH AMENDED COMPLAINT.DOC