**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNILEVER BEST FOODS and KIK CUSTOM
PRODUCTS, INC., f/k/a CCL CUSTOM
MANUFACTURING, INC.
Plaintiffs

VS C.A. No. 01-0496-L

TEKNOR APEX COMPANY; QUEBECOR WORLD
HALLIDAY, INC., f/k/a Halliday Lithograph Corp.;
LEACH & GARNER TECHNOLOGY, INC.;
SEQUA CORP. f/k/a Sun Chemical Corp.;
WYMAN-GORDON COMPANY; DAVID BRASK;
GENERAL ELECTRIC CO. f/k/a GE-CEP;
HOLLINGSWORTH & VOSE CO.; THREE R's
TRANSPORTATION, INC.; BENJAMIN MOORE & CO.;
INTERNATIONAL PAPER CO. f/k/a Allied Container Corp.;
and ACS INDUSTRIES, INC.

Defendants

**ANSWER OF DEFENDANT, DAVID BRASK, TO PLAINTIFFS' FOURTH AMENDED COMPLAINT, ANSWER TO CROSS-CLAIMS, AND CONDITIONAL COUNTERCLAIM**

Defendant, DAVID BRASK, a resident of Las Vegas, Nevada, by his attorney, hereby answers the allegations contained in the Fourth Amended Complaint (hereinafter "Complaint") of UNILEVER BESTFOODS and KIK CUSTOM PRODUCTS, INC. (hereinafter "Plaintiffs"), as follows:

**STATEMENT OF THE CASE**

1. The allegations in Paragraphs 1-6 of the Complaint are legal in nature; and therefore require no response.

## JURISDICTION AND VENUE

2. Defendant denies the allegations in Paragraphs 7-8 of the Complaint.

3. Defendant denies the allegations in Paragraphs 9-10 of the Complaint.

4. Defendant lacks sufficient knowledge of facts which would permit him to admit or deny the allegations in Paragraph 11 of the Complaint.

5. Defendant denies the allegations in Paragraph 12 of the Complaint, as those allegations relate to him. Defendant neither admits nor denies the remaining allegations.

6. The allegations in Paragraph 13 do not involve this Defendant; and therefore Defendant neither admits nor denies same.

7. The allegations in Paragraph 14 do not involve this Defendant; and therefore Defendant neither admits nor denies same.

8. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of the Complaint.

9. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the Complaint.

10. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of the Complaint.

11. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 18 of the Complaint.

12. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of the Complaint.

13. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of the Complaint.

14. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 21 of the Complaint.

15. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 22 of the Complaint.

16. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 23 of the Complaint.

17. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 24 of the Complaint.

18. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of the Complaint.

19. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 26 of the Complaint.

20. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 27 of the Complaint.

21. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraphs 28-30 of the Complaint.

**COUNT I - COST RECOVERY**

22. Paragraph 39 of the Complaint is denied, to the extent previously indicated herein.

23. Paragraph 40 of the Complaint contains a statement of law which requires no response.

24. Paragraph 41 of the Complaint contains a statement of law which requires no response.

25. Defendant denies the allegations in Paragraph 42 of the Complaint, as those allegations relate to him.

26. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 43 of the Complaint.

27. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 44 of the Complaint.

28. Defendant denies the allegations in Paragraphs 45 and 46 of the Complaint.

29. Defendant neither admits nor denies the allegations in Paragraph 47 of the Complaint, and leaves Plaintiff UNILEVER, to its proof.

30. Defendant denies the allegations of Paragraph 48 of the Complaint, as these allegations may relate to him.

31. Paragraph 49 does not apply to this Defendant.

32. Paragraph 50 does not apply to this Defendant.

**COUNT II – CONTRIBUTION**

33. Paragraph 51 of the Complaint is denied, to the extent previously indicated herein.

34. Paragraph 52 of the Complaint contains a statement of law which is denied and/or requires no response.

35. Paragraph 53 of the Complaint is denied.

36. Paragraph 54 of the Complaint is denied.

37. Paragraph 55 of the Complaint is denied.

38. Paragraph 56 of the Complaint is denied.

39. Paragraph 57 of the Complaint is denied.

40. Paragraphs 58-60 of the Complaint are denied.

## COUNT III – EQUITABLE INDEMNITY

41. Paragraph 61 of the Complaint is denied, to the extent previously indicated herein.

42. Paragraph 62 of the Complaint is neither admitted nor denied.

43. Paragraph 63 of the Complaint is denied.

44. Paragraph 64 of the Complaint is neither admitted nor denied.

45. Paragraph 65 of the Complaint is denied.

46. Paragraph 66 of the Complaint is denied.

47 Paragraph 67 of the Complaint is denied.

## COUNT IV – DECLARATORY JUDGMENT

48. Paragraph 68 of the Complaint is denied, to the extent previously indicated herein.

49. Paragraph 69 of the Complaint contains a statement of law which requires no response.

50. Paragraph 70 of the Complaint is denied.

51. Paragraph 71 of the Complaint is denied.

52. Paragraph 72 of the Complaint is denied.

53. Paragraph 73 of the Complaint is denied.

54. Paragraph 74 of the Complaint is denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted against DAVID BRASK, under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et. seq., or under any federal or state statutory or common law.

## SECOND AFFIRMATIVE DEFENSE

Each of the Plaintiffs' claims for relief is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

DAVID BRASK is not, and was not at the time of the incidents alleged in the Complaint, an operator as those terms are used under CERCLA, nor did he own, operate, or oversee a facility; and thus the Complaint against him should be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs have failed to demonstrate that the costs asserted against them are in any way divisible, and thus far have failed to state a valid claim for contribution.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to state a proper and valid cause of action for contribution against DAVID BRASK, under either Section 107 or Section 113 of CERCLA; and therefore this claim should be dismissed

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim is barred by the equitable doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the equitable doctrine of estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the equitable doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs can not recover for costs that they have incurred which are inconsistent with the National Contingency Plan ("NCP"); and Plaintiffs actions, as alleged in the Complaint, or otherwise, were not actions required by or consistent with the NCP or CERCLA, 42 U.S.C. § 9601, et. seq.

**TENTH AFFIRMATIVE DEFENSE**

The costs incurred, or to be incurred, by Plaintiffs in this action are not response costs recoverable from DAVID BRASK, within the meaning of CERCLA.

**ELEVENTH AFFIRMATIVE DEFENSE**

DAVID BRASK did not breach any duty or obligation of any kind, whether arising from contract, tort, statute, common law, or otherwise.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery, in whole or in part, by its own intentional acts or omissions, negligence, comparative negligence, and/or contributory negligence.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The release or threatened release of the hazardous substances alleged in the Complaint, and any costs or damages resulting therefrom, were caused by Plaintiffs or third parties over whom DAVID BRASK had no control.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, or must be reduced proportionately, as a result of Plaintiffs' contribution to the adverse conditions of which Plaintiffs have complained.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The costs incurred by Plaintiffs have not been incurred in accordance with applicable statutes and guidelines, and have not been prudent, reasonable, or justified under the circumstances; therefore, Plaintiffs can not recover such costs from DAVID BRASK.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Without admitting any liability or responsibility herein, DAVID BRASK asserts that, should he be found responsible for contribution or recovery costs, pursuant to any section of CERCLA, he is liable only for the proven aliquot or divisible share of the alleged harm suffered by Plaintiffs, if any, corresponding to the relative relationship of DAVID BRASK to Plaintiffs' harm, if any.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

DAVID BRASK hereby incorporates by reference, and as affirmative defenses, any and all defenses asserted by or available to all co-defendants.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

DAVID BRASK reserves the right to amend his answer with additional defenses of which he may become aware as discovery progresses, and to raise any other matter constituting an avoidance or affirmative defense.

WHEREFORE, DAVID BRASK demands judgment dismissing Plaintiffs' Complaint with prejudice, and awarding DAVID BRASK attorneys' fees and such other additional relief as the Court deems just and equitable.

**ANSWER TO ALL CROSS-CLAIMS**

Defendant denies the allegations of, and denies liability pursuant to, any and all cross-claims that have been, or may be, asserted against him by any party to the within action.

**CONDITIONAL COUNTERCLAIM**

Should the Court find that Plaintiff KIK CUSTOM PRODUCTS, INC., has a cost recovery cause of action pursuant to 42 U.S.C. § 9607, then, in that event, Defendant

DAVID BRASK counterclaims for contribution, pursuant to 42 U.S.C. 113 (f) (1), for an equitable division of responsibility amongst liable parties, for the costs of response.

Respectfully submitted,

Attorney for Defendant DAVID BRASK,

/s/ Mortimer C. Newton

Mortimer C. Newton, Esq. (1914)
91 Friendship St Ste 3
Providence RI 02903-3837
(401) 421-1511 (ph)
(401) 421-0876 (fx)

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 27th day of February, 2008, the within Answer was electronically filed with the US District Court for the District of Rhode Island, and that I caused a copy of the within document to be sent by electronic means (ECF) to the following ECF participants:

- **Stephen Adams**
  sadams@taylorduane.com
- **Melody A. Alger**
  melody.alger@bgmalaw.com
- **John A. Andreasen**
  jandreasen@mcgrathnorth.com
- **Thomas C. Angelone**
  angelonelaw@aol.com,Conlonmaryv@aol.com
- **Julie P Barry**
  jpbarry@nutter.com
- **John J. Barton**
  jbarton@taylorduane.com
- **Charles S. Beal**
  cbeal@cm-law.com,ccappalli@cm-law.com
- **Gregory L. Benik**
  gbenik@jreri.com,mbiagetti@jreri.com
- **Stephen J Brake**
  sbrake@nutter.com
- **Jeffrey S. Brenner**
  jbrenner@nixonpeabody.com,ProEfile@nixonpeabody.com,
  mryone@nixonpeabody.com
- **Kevin J. Bristow**
  KJBristowlaw@verizon.net
- **Christopher R. Bush**
  cbush@riag.ri.gov,randrade@riag.ri.gov
- **Alexandra K. Callam**
  acallam@haslaw.com,jmansolf@haslaw.com
- **Andrew C. Coulam**
  acoulam@taylorduane.com,fconnor@taylorduane.com
- **Paul V. Curcio**
  pcurcio@apslaw.com
- **John B. Daukas**
  jdaukas@goodwinprocter.com
- **Mark O. Denehy**
  mdenehy@apslaw.com

- **William S. Eggeling**
  william.eggeling@ropesgray.com
- **Douglas J. Emanuel**
  demanuel@crfllp.com
- **Roy P. Giarrusso**
  rgiarrusso@gncm.net
- **Alden C. Harrington**
  harrington@bhrlaw.com
- **Martha A. Holt**
  mholt@eapdlaw.com
- **Thomas C. Jackson**
  thomas.jackson@bakerbotts.com
- **Bret W. Jedele**
  bjedele@crfllp.com
- **Adam P. Kahn**
  akahn@foleyhoag.com
- **Eric Lukingbeal**
  elukingbeal@rc.com
- **Kevin J. McAllister**
  kmcallister@brcsm.com
- **James J. McGair**
  jmcgair@hotmail.com
- **Joseph J. McGair**
  jjm@petrarcamcgair.com
- **Keven A. McKenna**
  KevenM@McKennaLaw.cc
- **Mark A. McSally**
  mmcsally@kkrs.com
- **Matthew F. Medeiros**
  mfm@lmkbw.com,dcabral@lmkbw.com,cmorris@lmkbw.com
- **Jeffrey S. Michaelson**
  jeffmichaelson@cox.net
- **Mortimer C. Newton**
  mortnewton@gmail.com
- **Karen Ann Pelczarski**
  kap@blishcavlaw.com
- **Gerald J. Petros**
  gpetros@haslaw.com,clomas@haslaw.com
- **Thomas C. Plunkett**
  tplunkett@kprlaw.com,info@kprlaw.com
- **James T Price**
  jprice@spencerfane.com
- **Thomas P. Quinn**
  tquinn@fmmesq.com

- **Peter Brent Regan**
  pregan@srt-law.com
- **Paul V. Reynolds**
  pvreynolds@conversent.net
- **Justin T. Shay**
  jshay@cm-law.com,ccappalli@cm-law.com
- **Deming E. Sherman**
  dsherman@eapdlaw.com,ekula@eapdlaw.com
- **Kristen W. Sherman**
  ksherman@apslaw.com,afontaine@apslaw.com,btallman@apslaw.com
- **Steven E. Snow**
  ses@psh.com,tlc@psh.com
- **Dean S. Sommer**
  dsommer@youngsommer.com,amorris@youngsommer.com
- **Benjamin V. White, III**
  bwhite@vetterandwhite.com

and by mail to the following:

**Stephen E. Crowley**
US Dept. of Justice
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026-3986

**Gary N Donner**
Robertson, Freilich, Bruno & Cohen
One Riverfront Plaza
Newark, NJ 07102

**Irvin Freilich**
Roberton, Freilich, Bruno & Cohen
One Riverfront Plaza
Newark, NJ 07102

**William D. Gillis, Jr.**
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

**Jonathan A. Murphy**
Lester, Schwab, Katz & Dwyer, LLP
120 Broadway
New York, NY 10271-5916

/s/ Mortimer C. Newton, Esq.