**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNILEVER BESTFOODS and KIK CUSTOM PRODUCTS, INC., f/k/a CCL CUSTOM MANUFACTURING, INC.

Plaintiffs,

v.

TEKNOR APEX COMPANY; QUEBECOR WORLD HALLIDAY, INC. f/k/a Halliday Lithograph Corp.; LEACH & GARNER TECHNOLOGY, INC.; SEQUA CORP. f/k/a Sun Chemical Corp.; WYMAN-GORDON COMPANY; DAVID BRASK; GENERAL ELECTRIC CO. f/k/a GE-CEP; HOLLINGSWORTH & VOSE CO.; THREE R'S TRANSPORTATION, INC.; BENJAMIN MOORE & CO.; INTERNATIONAL PAPER CO. f/k/a Allied Container Corp.; and ACS INDUSTRIES, INC.

Defendants.

C.A. No. 01-496 L

**DEFENDANT TEKNOR APEX COMPANY'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT, ANSWER TO CROSS-CLAIMS, AND COUNTERCLAIM**

**ANSWER**

Defendant Teknor Apex Company hereby answers the Fourth Amended Complaint as follows:

1-10. Paragraphs 1 through 10 of the Fourth Amended Complaint contain legal conclusions to which no response is required. To the extent that paragraphs 1 through 10 require a response, Defendant denies the allegations set forth therein.

11. Defendant admits that it is a person within the meaning of section 101(21) of

CERCLA, 42 U.S.C. § 9601(21) and denies the remaining allegations in paragraph 11 as it relates to Defendant Teknor Apex Company. Defendant is without sufficient knowledge or information to respond to this paragraph as it relates to other defendants and therefore denies the remaining allegations set forth in paragraph 11.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 12 of the Fourth Amended Complaint and therefore denies the same.

13. Defendant denies the allegations relating to this Defendant and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies the same.

14-38. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 14 through 38 of the Fourth Amended Complaint and therefore denies the same.

**COUNT I**
**COST RECOVERY PURSUANT TO 42 U.S.C. § 9607**
**(UNILEVER BESTFOODS AND KIK CUSTOM PRODUCTS, INC.)**

39. Defendant incorporates by reference its answers to paragraphs 1 through 38 as if fully set forth herein.

40. Paragraph 40 of the Fourth Amended Complaint contains legal conclusions to which no response is required. To the extent that paragraph 40 requires a response, Defendant denies the allegations set forth therein.

41. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 41 of the Fourth Amended Complaint and therefore denies the same.

42. Paragraph 42 of the Fourth Amended Complaint contains legal conclusions to which no response is required. To the extent that paragraph 42 requires a response, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 42 of the Fourth Amended Complaint and therefore denies the same.

43. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 43 of the Fourth Amended Complaint and therefore denies the same.

44. Paragraph 44 of the Fourth Amended Complaint contains legal conclusions to which no response is required. To the extent that paragraph 44 requires a response, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 44 of the Fourth Amended Complaint and therefore denies the same.

45-46. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 45 and 46 of the Fourth Amended Complaint and therefore denies the same.

47. Paragraph 47 of the Fourth Amended Complaint contains legal conclusions to which no response is required. To the extent that paragraph 47 requires a response, Defendant denies the allegations set forth therein.

48. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 48 of the Fourth Amended Complaint and therefore denies the same.

49. Defendant denies each and every allegation in paragraph 49 as it relates to this Defendant and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies the same.

50. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 50 of the Fourth Amended Complaint and therefore denies the same.

**COUNT II**
**CONTRIBUTION PURSUANT TO CERCLA**
**(UNILEVER BESTFOODS AND KIK CUSTOM PRODUCTS, INC.)**

51. Defendant incorporates by reference its answers to paragraphs 1 through 50 as if fully set forth herein.

52-55. Paragraphs 52 through 55 of the Fourth Amended Complaint contain legal conclusions to which no response is required. To the extent that paragraphs 52 through 55 require a response, Defendant denies the allegations set forth therein.

56. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 56 of the Fourth Amended Complaint and therefore denies the same.

57-58. Paragraphs 57 and 58 of the Fourth Amended Complaint contain legal conclusions to which no response is required. To the extent that paragraphs 57 and 58 require a response, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 57 and 58 of the Fourth Amended Complaint and therefore denies the same.

59. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 59 of the Fourth Amended Complaint and therefore denies the same.

60. Paragraph 60 of the Fourth Amended Complaint contains legal conclusions to which no response is required. To the extent that paragraph 60 requires a response, Defendant

denies the allegations set forth therein.

**COUNT III**
**EOUITABLE INDEMNITY**
**(UNILEVER BESTFOODS)**

61. Defendant incorporates by reference its answers to paragraphs 1 through 60 as if fully set forth herein.

62-64. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 62 through 64 of the Fourth Amended Complaint and therefore denies the same.

65-67. Defendant denies each and every allegation set forth in paragraphs 65 through 67 as they relate to this Defendant.

**COUNT IV**
**DECLARATORY JUDGMENT**
**(UNILEVER BESTFOODS AND KIK CUSTOM PRODUCTS, INC.)**

68. Defendant incorporates by reference its answers to paragraphs 1 through 67 as if fully set forth herein.

69-70. Paragraphs 69 and 70 of the Fourth Amended Complaint contain legal conclusions to which no response is required. To the extent that paragraphs 69 and 70 require a response, Defendant denies the allegations set forth therein.

71-73. Defendant denies each and every allegation set forth in paragraphs 71 through 73 as they relate to this Defendant.

74. Paragraph 74 of the Fourth Amended Complaint contains legal conclusions to which no response is required. To the extent that paragraph 74 requires a response, Defendant denies the allegations set forth therein.

**First Defense**

The Fourth Amended Complaint is barred by the applicable statute of limitations, including, without limitation, 42 U.S.C. § 9613(g)(3).

**Second Defense**

The Fourth Amended Complaint is barred by laches.

**Third Defense**

To the extent that Defendant has any liability, it is liable only for its equitable share.

**Fourth Defense**

Plaintiffs have failed to join indispensable parties.

**Fifth Defense**

The Fourth Amended Complaint fails to state a claim upon which relief can be granted.

**Sixth Defense**

Plaintiffs' claims are barred because they have failed to satisfy the prerequisites and requirements for such claims as established by the National Contingency Plan.

**Seventh Defense**

Plaintiffs' claims are barred because the actions allegedly undertaken by them are and were not consistent with the National Contingency Plan.

**Eighth Defense**

Plaintiffs' claims are barred or limited insofar as they seek to recover costs, damages and expenses other than "necessary costs of response" under Section 107 (a)(4)(B) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), as amended, 42 U.S.C. § 9607(a)(4)(B).

**Ninth Defense**

Plaintiffs' claims are barred or limited insofar as they seek to recover costs, damages, expenses and other types of relief incurred before the effective date of CERCLA (December 11, 1980).

**Tenth Defense**

Plaintiffs' claims are barred or limited because the Plaintiffs have failed to mitigate their damages.

**Eleventh Defense**

The alleged acts or omissions of Teknor Apex Company were not the legal or proximate cause of the alleged conditions or releases at the Site.

**Twelfth Defense**

Plaintiffs' claims and causes of action are barred by the doctrine of unjust enrichment.

**Thirteenth Defense**

Plaintiffs' claims and causes of action arc barred by the doctrine of estoppel, waiver and unclean hands.

**Fourteenth Defense**

The United States Constitution, CFRCLA, and applicable state law prevent the retroactive imposition of liability, joint and several or otherwise, for acts and/or omissions of Teknor Apex Company that were in compliance with applicable local, state and federal laws and regulations in effect at the time of such acts and/or omissions.

**Fifteenth Defense**

Any costs, damages and/or expenses incurred by the plaintiffs were incurred voluntarily and, therefore, any claims for contribution for said costs, damages, and/or expenses are barred.

**Sixteenth Defense**

Teknor Apex Company alleges all other affirmative defenses that may become available as a result of information developed through discovery or trial.

**Seventeenth Defense**

Teknor Apex Company is informed and believes and thereupon alleges that Plaintiffs' claims are barred by the "municipal solid waste" exemption contained in 42 U.S.C. § 96O7(p), as amended.

**Eighteenth Defense**

Teknor Apex Company is informed and believes and thereupon alleges that Plaintiffs' claims are barred by 42 U.S.C. § 9607(b)(3) because (i) the release or threatened release of hazardous substances, if any, as alleged in the Fourth Amended Complaint was caused solely by the acts or omissions of persons or parties other than Teknor Apex Comapny, for whom Teknor Apex Company was not responsible; (ii) Teknor Apex Company exercised due care with request to the hazardous substance concerned, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances and (iii) Teknor Apex Company took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions.

**Nineteenth Defense**

Under Section 113(f)(1) of CERCLA (42 U.S.C. § 9613(f)(1)), the Court is directed to consider such equitable factors as the Court deems appropriate in resolving actions for contribution under CERCLA. Teknor Apex Company is informed and believes, and upon that basis alleges, that upon reviewing such equitable factors, the Court in this action will determine that Teknor Apex Company bears no responsibility for any response costs under CERCLA.

**Twentieth Defense**

Any attorney's fees claimed as damages are not recoverable under CERCLA.

**WHEREFORE**, Defendant Teknor Apex Company demands that the Fourth Amended Complaint be dismissed with prejudice and that it be awarded costs and reasonable attorneys' fees and such other relief as this Court may deem just and proper.

## ANSWER TO ALL CROSS-CLAIMS

Defendant denies the allegations of and denies liability pursuant to any and all cross--claims that have been or may be asserted against it by any party to the within action.

## COUNTERCLAIM FOR CONTRIBUTION

Defendant Teknor Apex Company ("Defendant"), by way of counterclaim against Plaintiffs Unilever Bestfoods and KIK Custom Products, Inc., f/k/a CCL Custom Manufacturing, Inc. (collectively referred to as "Plaintiffs") says as follows:

## STATEMENT OF THE CASE

1. Plaintiffs have instituted this action against the Defendant, alleging that it is liable, either jointly and severally to Plaintiffs, or alternatively for the Defendant's proportionate share, under Sections 107 and 113 of CERCLA, 42 U.S.C. § 9607 and § 9613, respectively.

2. Plaintiff Unilever Bestfoods also seeks indemnification from Defendant under the common law of Rhode Island.

3. Plaintiffs also seek a declaratory judgment under CERCLA holding Defendant jointly and severally liable, or alternatively liable for the Defendant's proportionate share for response costs which allegedly have been or will be incurred in performing a Remedial Investigation/Feasibility Study at the J.M. Mills Landfill and surrounding areas in Cumberland Rhode Island (the "Site").

4. Defendant has denied any liability to Plaintiffs for the relief sought in their Fourth

Amended Complaint.

5. While denying any such liability, Defendant hereby asserts its rights of contribution against Plaintiffs pursuant to CERCLA § § 9607 and 9613, as well as pursuant to the common law of Rhode Island.

**Plaintiffs**

6. Each of the Plaintiffs is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

7. Upon information and belief, Plaintiffs qualify as persons who currently own a "facility" as defined in 42 U.S.C. § § 9601(9), (20) or owned or operated a facility during the time period in which hazardous substances, as defined under 42 U.S.C. § 9601(14), were disposed of at the facility.

8. Upon information and belief, Plaintiffs qualify as persons who by contract, agreement or otherwise arranged for disposal or treatment of hazardous substances, or arranged with a transporter for the transport for disposal or treatment of hazardous substances, as defined under 42 U.S.C. § 9601(14), which were transported to and/or disposed of at a facility as defined under 42 U.S.C. § 9601(9).

**Claims for Relief**
**COUNT I**
**(*Contribution Under* CERCLA)**

9. Defendant repeats and reiterates each and every allegation set forth in this Counterclaim at Paragraphs 1 through 8 as if fully set forth herein at length.

10. Upon information and belief, Plaintiffs are liable, under Sections 107(a)(1)-(2) of CFRCLA, 42 U.S.C. §§ 9607(a)(1)-(2), as persons who currently own a "facility" as defined in 42 U.S.C. § 9601(9), or who owned or operated a facility during the time period in which

hazardous substances, as defined under 42 U.S.C. § 9601(14), were transported to and/or disposed of at the facility.

11. Upon information and belief, Plaintiffs are liable under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), as persons who by contract, agreement or otherwise arranged for disposal or treatment of hazardous substances, as defined under 42 U.S.C. § 9601(14), or arranged with a transporter for transport for disposal or treatment, of hazardous substances, to a "facility" as defined in 42 U.S.C. § 9601(9).

12. In the event that it is determined that the Defendant is liable for damages sought by Plaintiffs, the Defendant is entitled to a judgment pursuant to 42 U.S.C. § 9613(f)(3)(B), allocating such costs among Plaintiffs and the Defendant and any other persons adjudged liable under CERCLA for such damages based on such equitable factors as this Court deems appropriate.

**COUNT II**
***(Claim for Declaratory Judgment)***

13. Defendant repeats and reiterates each and every allegation set forth in this Counterclaim at Paragraphs 1 through 12 as if fully set forth herein at length.

14. There is a present and actual controversy between Plaintiffs and the Defendant concerning the Defendant's obligation to reimburse Plaintiffs for response costs allegedly incurred and which they allegedly will incur at the Site and regarding Plaintiffs' obligation to contribute their fair and equitable share of response costs.

15. The Defendant seeks a declaratory judgment under 42 U.S.C. § 9607(a) and 9613(f) and 28 U.S.C. § 2201, 2202, against Plaintiffs, holding that Plaintiffs are liable to the Defendant for each one's proportionate share of response costs.

**WHEREFORE**, Defendant Teknor Apex Company demands that judgment be entered in

its favor and against Plaintiffs as follows:

Declaring that Plaintiffs are liable to Defendant Teknor Apex Company for their proportionate shares of all response costs incurred or to be incurred in connection with the Site;

Awarding Defendant Teknor Apex Company reasonable attorney's fees, costs and disbursements incurred in this action; and

For such other and further relief as the Court deems just and equitable.

TEKNOR APEX COMPANY

By its attorneys,

/s/ Gregory L. Benik
Gregory L. Benik, Esq. (#1515)
BENIK & ASSOCIATES P.C.
931 Jefferson Boulevard, Suite 2008
Warwick, RI 02886
(401) 454-0054
(401) 732-3550 (fax)
gbenik@jreri.com

Dated: March 4, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of March, 2008, I caused a copy of the within Defendant Teknor Apex Company's Answer to Plaintiffs' Fourth Amended Complaint, Answer to Cross-Claims, and Counterclaim to be sent by electronic means (ECF) to the following counsel of record:

- **Stephen Adams**
  sadams@taylorduane.com
- **Melody A. Alger**
  melody.alger@bgmalaw.com

- **John A. Andreasen**
  jandreasen@mcgrathnorth.com
- **Thomas C. Angelone**
  angelonelaw@aol.com Conlonmaryv@aol.com
- **Julie P. Barry**
  jpbarry@nutter.com
- **John J. Barton**
  jbarton@taylorduane.com
- **Charles S. Beal**
  cbeal@cm-law.com ccappalli@cm-law.com
- **Stephen J. Brake**
  sbrake@nutter.com
- **Kevin J. Bristow**
  KJBristowlaw@verizon.net
- **Christopher R. Bush**
  cbush@riag.ri.gov randrade@riag.ri.gov
- **Alexandra K. Callam**
  acallam@haslaw.com
- **Andrew C. Coulam**
  acoulam@taylorduane.com fconnor@taylorduane.com
- **Paul V. Curcio**
  pcurcio@apslaw.com
- **John B. Daukas**
  jdaukas@goodwinprocter.com
- **Mark O. Denehy**
  mdenehy@apslaw.com
- **William M. Dolan, III**
  wdolan@brownrudnick.com
- **William S. Eggeling**
  william.eggeling@ropesgray.com
- **Douglas J. Emanuel**
  demanuel@crfllp.com
- **Roy P. Giarrusso**
  rgiarrusso@gncm.net
- **Alden C. Harrington**
  harrington@bhrlaw.com
- **Thomas C. Jackson**
  thomas.jackson@bakerbotts.com
- **Bret W. Jedele**
  bjedele@crfllp.com
- **Eric Lukingbeal**
  elukingbeal@rc.com
- **Richard W. MacAdams**
  rmacadams@mwdglaw.com vburrus@mwdglaw.com
- **Kevin J. McAllister**
  kmcallister@brcsm.com

- **James J. McGair**
  jmcgair@hotmail.com
- **Joseph J. McGair**
  jjm@petrarcamcgair.com
- **Kevin A. McKenna**
  KevenM@McKennaLaw.cc
- **Mark A. McSally**
  mmcsally@kkrs.com
- **Matthew F. Medeiros**
  mfm@lmkbw.com dcabral@lmkbw.com kocteau@lmkbw.com
- **Jeffrey S. Michaelson**
  jeffmichaelson@cox.net
- **Donald P. Nagle**
  nagle@dpnaglelaw.com
- **Mortimer C. Newton**
  mortnewton@gmail.com
- **Scott J. Partington**
  scott@b-plaw.com
- **Karen Ann Pelczarski**
  kap@blishcavlaw.com
- **Gerald J. Petros**
  gpetros@haslaw.com clomas@haslaw.com
- **Thomas C. Plunkett**
  tplunkett@kprlaw.com info@kprlaw.com
- **James T. Price**
  jprice@spencerfane.com
- **Peter Brent Regan**
  pregan@srt-law.com
- **Paul V. Reynolds**
  pvreynolds@conversent.net
- **Ian C. Ridlon**
  iridlon@darroweverett.com
- **Paul M. Sanford**
  psanford@burnslev.com scook@burnslev.com
- **Justin T. Shay**
  jshay@cm-law.com ccappalli@cm-law.com
- **Deming E. Sherman**
  dsherman@eapdlaw.com
- **Kristen W. Sherman**
  ksherman@apslaw.com afontaine@apslaw.com btallman@apslaw.com
- **Steven E. Snow**
  ses@psh.com tlc@psh.com
- **Dean S. Sommer**
  dsommer@youngsommer.com amorris@youngsommer.com
- **Randall L. Souza**
  rsouza@shslawfirm.com asalvaggio@shslawfirm.com

- **Michael W. Steinberg**
  msteinberg@morganlewis.com
- **Benjamin V. White, III**
  bwhite@vetterandwhite.com

and by mail to the following counsel of record:

| | |
|---|---|
| Ralph A. Child, Esq.<br>Lyn M. Lustig, Esq.<br>Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC<br>One Financial Center<br>Boston, MA 02110 | Douglas A. Cohen, Esq.<br>Michael Kozlik, Esq.<br>Brown Rudnick Berlack Israels LLP<br>185 Asylum Street<br>CityPlace I<br>Hartford, CT 06103 |
| Stephen E. Crowley, Esq.<br>United States Department of Justice<br>Environmental & Natural Resource Division<br>Environmental Defense Section<br>P.O. Box 23986<br>Washington, DC 20026-3986 | Christopher Davis, Esq.<br>Goodwin Procter LLP<br>Exchange Place<br>Boston, MA 02109 |
| Gary N. Donner, Esq.<br>Irvin M. Freilich, Esq.<br>Roberston, Freilich, Bruno & Cohen, LLC<br>One Riverfront Plaza<br>Newark, NJ 07102 | William D. Gillis, Jr., Esq.<br>Donovan & Hatem, LLP<br>2 Seaport Lane<br>Boston, MA 02210 |
| H. Hamilton Hackney III, Esq.<br>Greenberg Traurig LLP<br>One International Place<br>Boston, MA 02110 | Thomas H. Hannigan, Jr., Esq.<br>Ropes & Gray<br>One International Place<br>Boston, MA 02110-2624 |
| Jonathan A. Murphy, Esq.<br>Lester, Schwab, Katz & Dwyer LLP<br>120 Broadway<br>New York, NY 10271-0071 | David Platt, Esq.<br>Murtha Cullina LLP<br>CityPlace I, 29th Floor<br>185 Asylum Street<br>Hartford, CT 06103 |
| Kenneth A. Rubin, Esq.<br>Brian M. Privor, Esq.<br>Morgan, Lewis Bockius LLP<br>1111 Pennsylvania Avenue, N.W.<br>Washington, DC 20004 | William D. Wick, Esq.<br>Wactor & Wick LLP<br>180 Grand Avenue, Suite 950<br>Oakland, CA 94612 |

/s/ Gregory L. Benik