UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNILEVER BESTFOODS and<br>KIK CUSTOM PRODUCTS, INC. f/k/a/<br>CCL CUSTOM MANUFACTURING, INC. | : | |
| Plaintiffs, | : | C.A. No. 01-0496L |
| v. | : | |
| TEKNOR APEX COMPANY, et al. | : | |

**ANSWER OF DEFENDANT LEACH & GARNER TECHNOLOGY, INC.
TO FOURTH AMENDED COMPLAINT, ANSWER TO CROSS-CLAIMS,
AND COUNTERCLAIM**

Defendant Leach & Garner Technology, Inc. ("Leach & Garner"), by its attorneys, answers the Fourth Amended Complaint as follows:

**STATEMENT OF THE CASE**

1. The first and second sentences of Paragraph 1 contain conclusions of law to which no response is required. To the extent that a response is deemed required, Leach & Garner denies the allegations contained in the first and second sentences of Paragraph 1. Leach & Garner admits the allegations contained in the third sentence of Paragraph 1.

2. Paragraph 2 contains conclusions of law to which no response is required. To the extent that a response is deemed required, Leach & Garner denies the allegations in Paragraph 2.

3. Paragraph 3 contains conclusions of law to which no response is required. To the extent that a response is required, Leach & Garner denies the allegations in Paragraph 3.

4. Paragraph 4 contains conclusions of law to which no response is required. To the extent that a response is required, Leach & Garner denies the allegations in Paragraph 4.

5. Paragraph 5 contains conclusions of law to which no response is required. To the extent that a response is deemed required, Leach & Garner denies the allegations in Paragraph 5.

6. Paragraph 6 contains conclusions of law to which no response is required. To the extent that a response is deemed required, Leach & Garner denies the allegations in Paragraph 6.

**JURISDICTION AND VENUE**

7. Paragraph 7 contains conclusions of law to which no response is required. To the extent that a response is deemed required, Leach & Garner denies the allegations contained in Paragraph 7.

8. Paragraph 8 contains conclusions of law to which no response is required. To the extent that a response is deemed required, Leach & Garner denies the allegations contained in Paragraph 8.

9. Paragraph 9 contains conclusions of law to which no response is required. To the extent that a response is deemed required, Leach & Garner denies the allegations contained in Paragraph 9.

10. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

## DEFENDANTS

11. Leach & Garner admits that it is a "person" within the meaning of Section 101(21) of CERCLA, but is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 11.

12. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. Leach & Garner admits that it is a Massachusetts corporation with a principal place of business located at P.O. Box 200, North Attleboro, MA 02761-0200. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13.

14. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

## THE NPL SITE

15. Leach & Garner admits the allegations contained in Paragraph 15.

16. Leach & Garner admits the allegations contained in Paragraph 16.

17. Leach & Garner denies the allegations contained in Paragraph 17.

## RELATIONSHIP OF THE PARTIES TO AND HISTORY OF OPERABLE UNIT 1 (OU-1)

18. Leach & Garner is without knowledge or information sufficient to form a belief as to the trust of the allegations contained in Paragraph 18.

19. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

**RELATIONSHIP OF THE PARTIES TO AND HISTORY OF THE SITE (*I.E.*, OU-2)**

26. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

38. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

## COUNT I

## COST RECOVERY PURSUANT TO 42 U.S.C. § 9607 (UNILEVER BESTFOODS AND KIK CUSTOM PRODUCTS, INC.)

39. Leach & Garner hereby incorporates by reference its answers to Paragraphs 1 through 38.

40. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41. The allegations contained in Paragraph 41 are such that no response is required.

42. Paragraph 42 contains conclusions of law to which no response is required. To the extent that a response is deemed required, Leach & Garner is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

43. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

44. Paragraph 44 contains conclusions of law to which no response is required. To the extent that a response is deemed required, Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.

46. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.

47. Paragraph 47 contains conclusions of law to which no response is required. To the extent that a response is deemed required, Leach & Garner denies the allegations contained in Paragraph 47.

48. Paragraph 48 contains conclusions of law to which no response is required. To the extent that a response is required, Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48.

49. Denied.

50. Leach & Garner denies the allegations contained in Paragraph 50.

## COUNT II

## CONTRIBUTION PURSUANT TO CERCLA
## (UNILEVER BESTFOODS AND KIK CUSTOM PRODUCTS, INC.)

51. Leach & Garner hereby incorporates by reference its answers to Paragraphs 1 through 50.

52. Paragraph 52 contains conclusions of law to which no response is required.

53. Paragraph 53 contains conclusions of law to which no response is required. To the extent that a response is deemed required, Leach & Garner denies the allegations.

54. Paragraph 54 contains conclusions of law to which no response is required.

55. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, except that it admits that it is a "person" under CERCLA, 42 U.S.C § 9613(f)(3)(B).

56. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.

57. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57.

58. Denied.

59. Denied.

60. Denied.

## COUNT III

## EQUITABLE INDEMNITY
## (UNILEVER BESTFOODS)

61. Leach & Garner hereby incorporates by reference its answers to Paragraphs 1 through 60.

62. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62.

63. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63.

64. Leach & Garner is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64.

65. Denied.

66. Denied.

67. Denied.

## COUNT IV

### DECLARATORY JUDGMENT
### (UNILEVER BESTFOODS AND KIK CUSTOM PRODUCTS, INC.)

68. Leach & Garner hereby incorporates by reference its answers to Paragraphs 1 through 67.

69. The allegations contained in Paragraph 69 are such that no response is required.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Paragraph 74 contains conclusions of law to which no response is required. To the extent that a response is deemed required, Leach & Garner denies the allegations contained in Paragraph 74.

**FIRST AFFIRMATIVE DEFENSE**

The Fourth Amended Complaint, and each count thereof, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Fourth Amended Complaint is barred by the applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because they have failed to satisfy the prerequisites and requirements for such claims established by the National Contingency Plan.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because the actions allegedly undertaken by them are and were not consistent with the National Contingency Plan.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or limited insofar as they seek to recover costs, damages and expenses other than "response" costs, as that term is defined by Sections 101(23), (24), and (25) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), as amended, 42 U.S.C. §§ 9601(23), (24), and (25).

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or limited insofar as they seek to recover costs, damages, expenses and other types of relief incurred before the effective date of CERCLA (December 11, 1980).

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred as against Leach & Garner by Section 107(b)(3) of CERCLA, 42 U.S.C. § 9607(b)(3), and by the common law because (1) it exercised due care

with respect to any wastes or substances concerned, (2) all conditions, injuries, costs, damages and expenses for which plaintiffs seek to recover were caused solely by the acts or omissions of third parties other than (a) its employees or agents or (b) persons whose acts or omissions occurred in connection with a contractual relationship, existing directly or indirectly, with it; and (3) it took precautions against foreseeable acts and omissions of any such third party in the consequences that foreseeably could result from such acts and omissions.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or limited because plaintiffs have failed to mitigate their damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged cause of action is barred or limited insofar as the conditions at the Site, and any costs, damages and expenses allegedly incurred by plaintiffs, are solely the result of intervening and supervening acts and omissions of persons or entities over which Leach & Garner has no control.

**TENTH AFFIRMATIVE DEFENSE**

The alleged acts and omissions of Leach & Garner were not the legal or proximate cause of the alleged conditions or releases at the Site.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of unjust enrichment.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of estoppel, waiver and unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred from recovery by the doctrine of laches.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover from Leach & Garner more than Leach & Garner's fair, equitable and proportionate share of the costs, damages and other expenses sought by plaintiffs, or otherwise recover more than the amount of such relief for which Leach & Garner may be liable.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The United States Constitution, CERCLA, and applicable state law prevent the retroactive imposition of liability, joint and several or otherwise, for acts and/or omissions of Leach & Garner that were in compliance with applicable local, state and federal laws and regulations in effect at the time of such acts and/or omissions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Leach & Garner denies that it is liable for any claims arising out of the Site, but in the event it is found liable, Leach & Garner is entitled to an offset against said alleged liability for the greatest of (1) any amounts actually paid by any person or entity heretofore or hereinafter for any of the injuries, costs, damages and expenses alleged in the Fourth Amended Complaint; or (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereinafter for any of the injuries, costs, damages and expenses alleged in the Fourth Amended Complaint; or (3) the applicable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to injuries, costs, damages and expenses alleged in the Fourth Amended Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Any costs, damages and/or expenses incurred by the plaintiffs were incurred voluntarily and, therefore, any claims for contribution for said costs, damages and/or expenses are barred.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The plaintiffs entered into Administrative Orders on Consent with the EPA in 1987, 1992 2001, and 2004 establishing plaintiffs' obligations with respect to the Site. The plaintiffs are, therefore, precluded from seeking to recover any costs, damages and/or expenses from Leach & Garner.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the "de micromis exemption" contained in 42 U.S.C. § 107, as amended.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the "municipal solid waste" exemption contained in 42 U.S.C. § 107, as amended.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because there is no nexus between Leach & Garner and the Site.

WHEREFORE, defendant Leach & Garner Technology, Inc. demands that the Fourth Amended Complaint be dismissed and that it be awarded costs and attorneys' fees and such other relief as this Court may deem just and proper.

## ANSWER TO CROSS-CLAIMS

Leach & Garner denies all of the allegations in any cross-claims that have been or may be asserted against it and denies any liability pursuant to any cross-claims.

## COUNTERCLAIM

1. Plaintiffs have filed this action against Leach & Garner alleging that it is liable to the Plaintiffs, either jointly or severally, or alternatively for its proportional share of liability pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613 respectively.

2. Plaintiff Unilever Bestfoods has also filed a claim for indemnification under common law.

3. Plaintiffs have also filed a claim for declaratory judgment as to its proportionate share of liability at the Site.

4. Leach & Garner has denied any liability to Plaintiffs.

5. By this counterclaim, Leach & Garner asserts its right of contribution against the Plaintiffs pursuant to CERCLA §§ 107 and 113(f) and pursuant to common law.

6. Plaintiffs are “persons” under 42 U.S.C. § 9601(2).

7. Plaintiffs owned or operated a “facility” as defined in 42 U.S.C. § 9601(9) during which time hazardous substances as defined in 42 U.S.C. § 9601(14) were disposed of at the facility, and/or were persons who arranged for transportation, disposal or treatment of hazardous substances at the facility or arranged with a transporter for the transportation, disposal or treatment of hazardous substances at the facility.

**COUNT I**

**CONTRIBUTION UNDER 42 U.S.C. § 9613**

8. Leach & Garner adopts and realleges Paragraphs 1 through 7 of the Counterclaim.

9. Plaintiffs are liable under 42 U.S.C. §§ 9607(a)(1)-(2) as persons who own a "facility" as defined in 42 U.S.C. § 9601(9), or who owned and operated a facility during the time when hazardous substances, as defined in 42 U.S. C. § 9601(14) ("hazardous substances") were transported to and disposed of at the facility.

10. Plaintiffs are liable under 42 U.S.C. 9607(a)(3) as a person who by contract, agreement or otherwise arranged for the disposal or treatment of hazardous substances at the facility or arranged with a transporter for transportation for disposal or treatment of hazardous substances at the facility.

11. If it is determined that Leach & Garner is liable for response costs sought by the Plaintiffs, than Leach & Garner is entitled to contribution from the Plaintiffs pursuant to 42 U.S.C. § 9613(f)(3)(B) together with an allocation of response costs among others adjudged liable based on such equitable factors as this Court deems appropriate.

**COUNT II**

**DECLARATORY JUDGMENT**

12. Leach & Garner adopts and realleges Paragraphs 1 through 11 of the Counterclaim.

13. Leach & Garner alleges that there is an actual controversy between the Plaintiffs and it concerning its obligation to reimburse the Plaintiffs for response costs allegedly incurred at the Site and, if there is such an obligation, the equitable share for which Leach & Garner may be responsible.

14. Leach & Garner seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. §§ 9607(a) and 9613(f) that the Plaintiffs are liable for their proportionate share of the response costs incurred at the Site.

WHEREFORE, Leach & Garner demands judgment against the Plaintiffs as follows;

a. Contribution by the Plaintiffs for their share of the response costs incurred at the Site.

b. A declaration that the Plaintiffs are liable to Leach & Garner for their proportionate share of the response costs incurred at the Site.

c. Interest, costs and Leach & Garner's attorney's fees.

LEACH & GARNER TECHNOLOGY, INC.

By its attorneys,

/s/ Deming E. Sherman
Deming E. Sherman (#1138)
Martha A. Holt (#6873)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

March 5, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of March, 2008, I caused a copy of the within Answer of Defendant Leach & Garner Technology, Inc. to Fourth Amended Complaint, Answer to Cross-Claims, and Counterclaim to be sent by electronic means (ECF) to the following counsel of record:

| | |
|---|---|
| • **Julie P. Barry**<br>jpbarry@nutter.com | • **Keven A. McKenna**<br>KevenM@McKennaLaw.cc |
| • **Gregory L. Benik**<br>gbenik@jreri.com | • **Matthew F. Medeiros**<br>mfm@lmkbw.com; dcabral@lmkbw.com; kocteau@lmkbw.com |
| • **Stephen J. Brake**<br>sbrake@nutter.com | • **Mortimer C. Newton**<br>mortnewton@gmail.com |
| • **Kevin J. Bristow**<br>KJBristowlaw@verizon.net | • **Karen Ann Pelczarski**<br>kap@blishcavlaw.com |
| • **Mark O. Denehy**<br>mdenehy@apslaw.com | • **Kristen W. Sherman**<br>ksherman@apslaw.com; afontaine@apslaw.com; btallman@apslaw.com |
| • **Thomas C. Jackson**<br>thomas.jackson@bakerbotts.com | |

and by mail to the following counsel of record:

Stephen E. Crowley, Esq.
United States Department of Justice
Environmental & Natural Resource Division
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026-3986

Gary N. Donner, Esq.
Irvin M. Freilich, Esq.
Robertson, Freilich, Bruno & Cohen, LLC
One Riverfront Plaza
Newark, NJ 07102

William D. Gillis, Jr., Esq.
Donovan & Hatem, LLP
2 Seaport Lane
Boston, MA 02210

Jonathan A. Murphy, Esq.
Lester, Schwab, Katz & Dwyer LLP
120 Broadway
New York, NY 10271-0071

Kenneth A. Rubin, Esq.
Brian M. Privor, Esq.
Morgan, Lewis Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

William D. Wick, Esq.
Wactor & Wick LLP
180 Grand Avenue – Suite 950
Oakland, CA 94612

/s/ Deming E. Sherman



PRV 936667.1