IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

UNILEVER BESTFOODS and KIK CUSTOM PRODUCTS, INC., f/k/a CCL CUSTOM MANUFACTURING, INC.

Plaintiffs, Civil Action No. 01-496L

v.

TEKNOR APEX COMPANY; QUEBECOR WORLD HALLIDAY, INC., f/k/a Halliday Lithograph Corp.; LEACH & GARNER TECHNOLOGY, INC.; SEQUA CORP. f/k/a Sun Chemical Corp.; WYMAN-GORDON COMPANY; DAVID BRASK; GENERAL ELECTRIC CO. f/k/a GE-CEP; HOLLINGSWORTH & VOSE CO.; THREE R's TRANSPORTATION, INC.; BENJAMIN MOORE & CO.; INTERNATIONAL PAPER CO. f/k/a Allied Container Corp.; and ACS INDUSTRIES, INC.

Defendants.

---

**DEFENDANT GENERAL ELECTRIC CO.'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT, WITH AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND CROSS CLAIMS**

Defendant General Electric Co. ("GE"), by their attorneys, Young, Sommer, Ward, Ritzenberg, Baker and Moore, LLC, and local counsel Brennan, Recupero, Cascione, Scungio & McAllister, LLP, answers the Fourth Amended Complaint ("Complaint") of the plaintiffs, Unilever Bestfoods ("Unilever") and KIK Custom Products, Inc. ("KIK")(formerly known as "CCL Custom Manufacturing, Inc.")(KIK collectively with Unilever, "Plaintiffs") as follows:

**STATEMENT OF THE CASE**

1. Defendant denies the allegations contained in the first two sentences of paragraph "1" of the Complaint and refers the Court to the cited sections of CERCLA for its full text and

import. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the third sentence of paragraph "1" of the Complaint.

2. The allegations contained in paragraphs "2", "3", "4", "5" and "6" merely summarize the nature of the action and the relief sought by the Plaintiffs and thus require no answer. To the extent that an answer is required, Defendant denies the allegations contained in paragraphs "2", "3", "4", "5" and "6" of the Complaint.

## JURISDICTION AND VENUE

3. As to the allegations contained in paragraph "7" of the Complaint, Defendant denies that this Court has jurisdiction over the answering Defendant and, as to the remaining allegations, denies any knowledge or information sufficient to form a belief as to the allegations in said paragraph.

4. As to the allegations contained in paragraph "8" of the Complaint, Defendant denies that this Court has authority to issue a declaratory judgment concerning the rights and liabilities of the answering Defendant and refers the Court to the cited sections of the Declaratory Judgment Act for its full text and import.

5. As to the allegations contained in paragraph "9" of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the proper venue of this matter.

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "10".

## DEFENDANTS

7. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

8. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

9. As to the allegations contained in paragraph "13" of the Complaint, Defendant admits only that it is a New York corporation with a place of business located at 1 River Road, P.O. Box 2216, Schenectady, NY 12301-2216, and denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" that pertain to other defendants. Defendant denies the remaining allegations in paragraph "13" of the Complaint and refers the Court to the cited sections of CERCLA for its full text and import.

10. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

## THE NPL SITE

11. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "15", "16", and "17" of the Complaint.

## RELATIONSHIP OF THE PARTIES TO AND HISTORY OF OPERABLE UNIT 1 (OU-1)

12. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37" and "38" of the Complaint.

## COUNT 1

13. Defendant repeats its responses to paragraphs "1" through "38" of the Complaint as if fully set forth herein.

14. Defendant states that paragraph "40" of the Complaint merely purports to quote 42 U.S.C. § 9607(a) and therefore requires no response. To the extent the allegations contained in paragraph "40" are intended to assert that the quoted portion of the statute is "pertinent" to the answering Defendant, GE denies those allegations.

15. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41", "42", "43", "44", "45", "46", "47" and "48" of the Complaint.

16. Defendant denies the allegations contained in paragraph "49" to the extent they pertain to Defendant GE, and Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of the Complaint.

17. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of the Complaint.

## COUNT II

18. Defendant repeats its responses to paragraphs "1" through "50" of the Complaint.

19. Defendant states that paragraphs "52", "53", "54" and "55" of the Complaint contain a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "52", "53", "54" and "55" of the Complaint.

20. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "56" of the Complaint.

21. Defendant states that paragraphs "57" and "58" of the Complaint contain a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraphs "57" and "58" of the Complaint.

22. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "59" of the Complaint.

23. Defendant denies the allegations contained in paragraph "60" to the extent they pertain to it, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "60" of the Complaint.

**COUNT III**

24. Defendant repeats its responses to paragraphs "1" through "60" of the Complaint.

25. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "62", "63" and "64" of the Complaint.

26. Defendant denies the allegations contained in paragraphs "65", "66" and "67" to the extent they pertain to it, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "65", "66" and "67" of the Complaint.

**COUNT IV**

27. Defendant repeats its responses to paragraphs "1" through "67" of the Complaint.

28. Defendant states that paragraph "69" of the Complaint merely purports to summarize 42 U.S.C. § 9613(g)(2) and therefore requires no response. To the extent the allegations contained in paragraph "69" are intended to assert that the portion of the statute is "pertinent" to the answering Defendant, GE denies those allegations.

29. Defendant denies the allegations contained in paragraphs "70", "71", "72", "73" and "74" to the extent they pertain to it, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "70", "71",

"72", "73" and "74" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

30. Each and every purported claim of the Complaint fails, in whole or in part, to state facts sufficient to constitute a cause of action against Defendant.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

31. Defendant is not liable as to Plaintiffs' claims because the alleged releases or threatened releases at issue, and the purported resulting damages, if any, were caused solely by acts or omissions of parties for which Defendant is not responsible; Defendant exercised due care with respect to the hazardous substances concerned, taking into consideration the characteristics of such hazardous substances, in light of all relevant facts and circumstances; and Defendant took precautions against foreseeable acts or omissions of any such third part and the consequences that could foreseeably result from such acts or omissions.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

32. Plaintiffs' costs are, in whole or in part, unnecessary or inconsistent with the National Contingency Plan ("NCP"), or were caused by a release for which Defendant may not be held liable. Moreover, Plaintiffs' claims are barred because they failed to satisfy the prerequisites and requirements for such claims as established by the NCP.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

33. Some or all of Plaintiffs' claims and causes of action are barred by the applicable statute of limitations.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

34. Plaintiffs have failed to avoid or mitigate their alleged damages and, to the extent of such failure, their claims are barred.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

35. Some or all of Plaintiffs' claims are barred by the doctrines of waiver, estoppel, unclean hands, and laches.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

36. Plaintiffs are estopped from recovering against Defendant for response costs attributable to their own actions.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

37. Without any admission of liability or otherwise, if Defendant's materials were disposed of at the referenced site, no evidence has been produced that would establish that such materials constitute hazardous substances and/or contain hazardous substances within the meaning of CERCLA or 42 U.S.C. § 9601(14).

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

38. Plaintiffs claims are barred against Defendant by 42 U.S.C. §9607(o).

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

39. Plaintiffs are not entitled to assert a claim under 42 U.S.C. §9607.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

40. To the extent Plaintiffs may assert claims under 42 U.S.C. §9607(a), those claims are barred against Defendant by 42 U.S.C. §9607(b)(3).

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

41. Defendant is not within the class of persons against which a claim for relief under 42 U.S.C. §9607 or 42 U.S.C. §9613 can be asserted or granted.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

42. Plaintiffs' claims are barred or limited to the extent they seek recovery for costs, damages or expenses not incurred for "removal", "remedial action" or "response" as those terms are defined in 42 U.S.C. §§9601 (23-25).

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

43. Defendant denies the existence of any statutory or common law duty owed to Plaintiffs and in any event, denies violating any such duty owed to Plaintiffs if any duty is found to have existed.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

44. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unjust enrichment.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

45. No acts or omissions of Defendant were the legal or proximate cause of the alleged conditions or releases at the site.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

46. To the extent, if any, Plaintiffs have incurred recoverable response costs caused by a release or threat of release of a hazardous substance for which Defendant may be responsible, those costs and the harm in relation to which they were incurred are divisible, and Defendant cannot be held jointly and severally liable with regard to Plaintiffs' claims.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

47. Because Plaintiffs' action is one for contribution, Plaintiffs' recovery against Defendant, if any, is limited to Defendant's equitable and proportionate allocated share of Plaintiffs' properly incurred response costs.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

48. Plaintiffs are precluded from recovery from Defendant of costs, damages or expenses on account of actions that they are obligated by contract and applicable statutes to perform themselves by virtue of their having entered into an Administrative Order on Consent with the EPA.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

49. Defendant did not have or exercise any actual or apparent control or authority, or make any decisions regarding the generation, the transportation or disposal of any materials at the site and are therefore not liable for any contamination or condition at the site.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

50. Any costs, damages or expenses incurred by Plaintiffs were incurred voluntarily, and any contribution claim seeking their recovery is barred.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

51. Plaintiffs' claims and causes of action are barred in whole or in part because the alleged acts or omissions of Defendant conformed to the then-existing standard of care and were not in any way the proximate cause of the injuries and damages allegedly sustained by Plaintiff.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

52. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek to recover costs, damages or expenses incurred prior to the effective date of CERCLA.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

53. Plaintiffs have failed to join indispensable parties.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

54. Plaintiffs state law claims for indemnification, contribution and/or restitution are preempted by the CERCLA claims.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

55. Under Section 113(f)(1) of CERCLA, the Court is directed to consider such equitable factors as the Court deems appropriate in resolving actions for contribution under CERCLA. Upon information and belied, Defendant alleges that upon reviewing all equitable factors, the Court in this action will determine that Defendant bears no responsibility for any response costs under CERCLA.

**AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

56. Any attorneys' fees claimed as damages are not recoverable under CERCLA.

57. Defendant adopts and incorporates by reference all affirmative defenses asserted by other defendants in this action, except such defenses that seek to impose liability upon GE and alleges all other affirmative defenses that may become available as a result of information developed through discovery or trial.

## COUNTERCLAIM AGAINST PLAINTIFFS

Defendant GE states as follows for its counterclaim against Plaintiffs:

## STATEMENT OF THE CASE

1. Plaintiffs have instituted this action against the Defendant, alleging that it is liable, either jointly and severally to Plaintiffs, or alternatively for the Defendant's proportionate share, under Sections 107 and 113 of CERCLA, 42 U.S.C. § 9607 and § 9613, respectively.

2. Plaintiff Unliver Bestfoods also seeks indemnification from Defendant under the common law of Rhode Island.

3. Plaintiffs also seek a declaratory judgment under CERCLA holding Defendant jointly and severally liable, or alternatively liable for the Defendant's proportionate share for response costs which allegedly have been or will be incurred in performing a Remedial Investigation/Feasibility Study at the J.M. Mills Landfill and surrounding area in Cumberland, Rhode Island (the "Site").

4. Defendant has denied any liability to Plaintiffs for the relief sought in their Fourth Amended Complaint.

5. While denying any such liability, Defendant hereby asserts its right to recover response costs incurred, or to be incurred by Defendant and contribution against Plaintiffs

pursuant to §§ 9607 and 9613, as well as pursuant to the common law of Rhode Island.

## JURISDICTION AND VENUE

6. This is a compulsory counterclaim arising out of the same transactions and occurrences that are the subject matter of the Complaint. As a compulsory counterclaim, it is within the ancillary jurisdiction of this Court pursuant to Rule 13, Federal Rules of Civil Procedure. This Court also has jurisdiction over this counterclaim pursuant to 42 U.S.C. §9613(b) and 28 U.S.C. §1331.

7. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) and §9613(b) because the claim arose in this district, and because the claim is a compulsory counterclaim.

## FACTUAL ALLEGATIONS

8. To the extent the Court or a jury finds that there has been a release or a threatened release of hazardous substances to which Defendant GE is liable, within the meaning of CERCLA, then on this counterclaim Defendant alleges the following:

9. Each of Plaintiffs is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

10. Upon information and belief, the NPL Site, as defined in the Complaint, is a "facility" within the meaning of Section 101(9), 42 U.S.C. § 9601(9).

11. Upon information and belief, Plaintiffs own or operate or have owned or operated the site and/or arranged for the disposal or treatment, or arranged for the transport for disposal or treatment, of hazardous substances, within the meaning of Section 101(14) of CERCLA, 42

U.S.C. § 9601(14), owned or possessed by such person to the Site, or who are successors to such persons or are otherwise liable for the acts alleged herein.

12. Upon information and belief, there were and are "releases," and the threat of continuing releases, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of hazardous substances, into the soil and groundwater at the Site.

13. Defendant has incurred necessary response costs responding to the release or threatened release of hazardous substances, including but not limited to attorneys' fees.

14. Defendant's necessary response costs and response actions, within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), are consistent with the National Oil and Hazardous Substances Pollution Contingency Plan.

**COUNT I**

15. Defendant repeats and reiterates each and every allegation set forth in this counterclaim at paragraphs 1 through 14 as if fully set forth herein at length.

16. Defendant GE is not a liable person within the meaning of CERCLA § 107 since it is not a current or former owner or operator of the Site, has neither generated nor arranged for the transport or disposal of any hazardous substances at the Site, and has not transported any hazardous substances and selected or substantially participated in the selection of the Site for disposal of any hazardous substances.

17. Each Plaintiff is a person who either owned or operated, or arranged for the disposal or treatment of, or arranged for the transport for disposal or treatment of, or transported waste containing, hazardous substances at the Site. Therefore, each of the plaintiffs is strictly,

jointly and severally liable under CERCLA § 107, 42 U.S.C. 9607, for costs which Defendant GE has incurred and may incur in responding to the release and/or threatened release of hazardous substances at, on, near or from the Site.

18. Alternatively, Defendant GE is entitled to contribution pursuant to § 107(a) of CERCLA, 42 U.S.C. 9607(a) from each of the Plaintiffs for all costs incurred by Defendant GE in excess of its respective fair and equitable share in responding to the release and/or threatened release of hazardous substances, at, on, or near or from the Site.

## COUNT II

19. Defendant repeats and reiterates each and every allegation set forth in this counterclaim at paragraphs 1 through 18 as if fully set forth herein at length.

20. If Defendant GE is found liable in this action, Plaintiffs' are liable to GE for contribution pursuant to Section 113(f) of CERCLA, 42 U.S.C. §9613, federal common law and state law for relief entered against GE that is in excess of the equitable, proportionate share of GE's liability.

## COUNT III

21. Defendant repeats and reiterates each and every allegation set forth in this counterclaim at paragraphs 1 through 20 as if fully set forth herein at length.

22. There is a present and actual controversy between Plaintiffs and the Defendant concerning the Defendant's obligation to reimburse Plaintiffs for response costs allegedly incurred and which they allegedly will incur at the Site and regarding Plaintiffs' obligation to contribute their fair and equitable share of response costs.

23. The Defendant seeks a declaratory judgment under 42 U.S.C. § 9607(a) and (9613(f) and 28 U.S.C. §§ 2201, 2202, against Plaintiffs, holding that Plaintiffs are liable to the Defendant for each one's proportionate share of response costs.

## REQUEST FOR RELIEF

WHEREFORE, GE prays for relief as follows:

(1) Dismiss the Complaint and any claims against GE;

(2) Enter judgment against Plaintiffs in an amount equal to any judgment against Defendant GE, plus attorneys' fees and costs;

(3) Enter judgment against Plaintiffs in an amount equal to any judgment against GE that is in excess of GE's equitable, proportionate share of the damages;

(4) Order a setoff of the amount of liability of Plaintiffs against the amount of any liability found against GE;

(5) Grant such other legal or equitable relief as this Court deems just and proper under the circumstances, including attorneys fees.

## FIRST CROSS CLAIM AGAINST ALL DEFENDANTS

Defendant General Electric Co. ("GE"), by their attorneys, Young, Sommer, Ward, Ritzenberg, Baker and Moore, LLC, and local counsel Brennan, Recupero, Cascione, Scungio & McAllister, LLP, hereby alleges against all the Defendants ("Co-Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a cross claim arising out of the same transactions and occurrences that are the subject matter of the Complaint and it is within the ancillary jurisdiction of this Court pursuant to Rule 13, Federal Rules of Civil Procedure. This Court also has jurisdiction over this

cross claim pursuant to 42 U.S.C. §9613(b) and 28 U.S.C. §1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) and §9613(b) because the claim arose in this district, and because the cross-claim arises out of the same transaction and occurrences as the Complaint.

## FACTUAL ALLEGATIONS

3. To the extent the Court or a jury finds that there has been a release or a threatened release of hazardous substances to which Defendant GE is liable, within the meaning of CERCLA, then on this counterclaim Defendant alleges the following:

4. Upon information and belief, the Site, as defined in the Complaint, is a "facility" within the meaning of Section 101(9), 42 U.S.C. § 9601(9).

5. Upon information and belief, the co-Defendants own or operate or have owned or operated the site and/or arranged for the disposal or treatment, or arranged for the transport for disposal or treatment, of hazardous substances, within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), owned or possessed by such person to the Site, or who are successors to such persons or are otherwise liable for the acts alleged herein.

6. Upon information and belief, there were and are "releases," and the threat of continuing releases, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of hazardous substances, into the soil and groundwater at the Site.

7. Defendant GE has denied liability for the releases at the Site.

8. Defendant has incurred necessary response costs responding to the release or threatened release of hazardous substances, including but not limited to attorneys' fees.

9. Defendant's necessary response costs and response actions, within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), are consistent with the National Oil and Hazardous Substances Pollution Contingency Plan.

10. Each co-Defendant is a person who either owned or operated, or arranged for the disposal or treatment of, or arranged for the transport for disposal or treatment of, or transported waste containing, hazardous substances at the Site. Therefore, each of the co-Defendants is strictly, jointly and severally liable under CERCLA § 107, 42 U.S.C. 9607, for costs which Defendant GE has incurred and may incur in responding to the release and/or threatened release of hazardous substances at, on, near or from the Site.

11. Alternatively, Defendant GE is entitled to contribution pursuant to § 107(a) of CERCLA, 42 U.S.C. 9607(a) from each of the Co-Defendants for all costs incurred by Defendant GE in excess of its respective fair and equitable share in responding to the release and/or threatened release of hazardous substances, at, on, or near or from the Site.

12. If Defendant GE is found liable in this action, the Co-Defendants are liable to GE for contribution pursuant to Section 113(f) of CERCLA, 42 U.S.C. §9613, federal common law and state law for relief entered against GE that is in excess of the equitable, proportionate share of GE's liability.

## ANSWER TO ALL CROSS-CLAIMS

1. Defendant denies the allegations of and denies liability pursuant to any and all cross-claims that have been or may be asserted against it by any party to the within action.

## REQUEST FOR RELIEF

WHEREFORE, GE prays for relief as follows:

(1) Dismiss any claims against Defendant GE;

(2) Enter a judgment against the Co-Defendants in an amount equal to any judgment against GE, plus attorneys' fees and costs;

(3) Enter judgment against the Co-Defendants in an amount equal to any judgment against GE that is in excess of GE's equitable, proportionate share of the damages;

(4) Grant such other legal or equitable relief as this Court deems just and proper under the circumstances, including attorneys' fees.

GENERAL ELECTRIC CO.
By its attorneys,

Kevin J. McCallister, Esq.
BRENNAN, RECUPERO, CASCIONE, SCUNGIO & MCALLISTER, LLP
Local Counsel
362 Broadway
Providence, Rhode Island 02909

Dean S. Sommer, Esq.
James A. Muscato II, Esq.
YOUNG, SOMMER, WARD, RITZENBERG, BAKER & MOORE LLC.
5 Palisades Drive
Albany, NY 12205

DATED: March 5, 2008

## CERTIFICATION

I hereby certify that on March 5, 2008, a copy of the foregoing Answer to Plaintiffs' Fourth Amended Complaint, with Affirmative Defenses, Counterclaims and Cross Claims was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

| | |
|---|---|
| Stephen Adams | sadams@taylorduane.com kbell@taylorduane.com |
| Melody A. Alger | melody.alger@bgmalaw.com |
| Thomas C. Angelone | angelonelaw@aol.com conlonmaryv@aol.com |
| John J. Barton | jbarton@taylorduane.com |
| Charles S. Beal | cbeal@cm-law.com ccappalli@cm-law.com |
| Gregory L. Benik | gbenik@nixonpeabody.com ProEfile@nixonpeabody.com |
| Kevin J. Bristow | KJBristowlaw@verizon.net |
| Christopher R. Bush | cbush@riag.ri.gov randrade@riag.ri.gov |
| Alexandra K. Callam | acallam@haslaw.com |
| Andrew C. Coulam | acoulam@taylorduane.com fconnor@taylorduane.com |
| Paul V. Curcio | pcurcio@apslaw.com |
| John B. Daukas | jdaukas@goodwinprocter.com |
| Mark O. Denehy | mdenehy@apslaw.com |
| William M. Dolan, III | wdolan@brownrudnick.com |
| Gary N. Donner | gdonner@rfbclaw.com |
| William S. Eggeling | william.eggeling@ropesgray.com |
| Douglas J. Emanuel | demanuel@crfllp.com |
| Roy P. Giarrusso | rgiarrusso@gncm.net |
| Alden C. Harrington | harrington@bhrlaw.com |
| Thomas C. Jackson | thomas.jackson@bakerbotts.com |
| Eric Lukingbeal | elukingbeal@rc.com |
| Richard W. MacAdams | rmacadams@mwdglaw.com vburrus@mwdglas.com |
| James J. McGair | jmcgair@hotmail.com |
| Joseph J. McGair | jjm@petrarcamcgair.com |
| Keven A. McKenna | KevenM@McKennaLaw.cc |
| Mark A. McSally | mmcsally@kkrs.com |
| Matthew F. Medeiros | mfm@lmkbw.com |
| Jeffrey S. Michaelson | jeffmichaelson@cox.net |
| Donald P. Nagle | nagle@dpnaglelaw.com |
| Mortimer C. Newton | mortnewton@gmail.com |
| Scott J. Partington | scott@b-plaw.com |
| Karen Ann Pelczarski | kap@blishcavlaw.com |

| | |
|---|---|
| Gerald J. Petros | gpetros@haslaw.com clomas@haslaw.com |
| Thomas C. Plunkett | tplunkett@kprlaw.com info@kprlaw.com |
| James T. Price | jprice@spencerfane.com |
| Thomas P. Quinn | tquinn@fmmesq.com |
| Peter Brent Regan | pregan@srt-law.com |
| Paul V. Reynolds | pvreynolds@conversent.net |
| Ian C. Ridlon | iridlon@darroweverett.com |
| Paul M. Sanford | psanford@burnslev.com scook@burnslev.com |
| Justin T. Shay | jshay@cm-law.com ccappalli@cm-law.com |
| Deming E. Sherman | dsherman@eapdlaw.com ekula@eapdlaw.com |
| Kristen W. Sherman | kserhman@apslaw.com afontaine@apslaw.com btallman@apslaw.com |
| Steven E. Snow | ses@psh.com tlc@psh.com |
| Randall L. Souza | rsouza@shslawfirm.com asalvaggio@shslawfirm.com |
| Benjamin V. White, III | bwhite@vetterandwhite.com |

I further certify that on March 5, 2008, a copy of the foregoing Answer of Defendant General Electric Co. to Plaintiffs' Fourth Amended Complaint with Affirmative Defenses, Counterclaims and Cross Claims was sent by mail to:

John A. Andreasen
McGrath, North, Mullin & Kratz, PC
First National Tower
1600 Dodge Street, Suite 3700
Omaha, NE 68102

Julie P. Barry
Nutter McLennan & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604

Ralph A. Child
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC
One Financial Center
Boston, MA 02111

Douglas A. Cohen
Brown, Rudnick, Berlack Israels LLP
185 Asylum Street
CityPlace I
Hartford, CT 06103-3402

Christopher Davis
Goodwin Procter LLP
Exchange Place
Boston, MA 02102

Roy Giarusso
Giarruso, Norton, Cooley & McGlone
Marina Bay
308 Victory Road
Boston, MA 02171

William D. Gillis, Jr.
Donovan & Hatem, LLP
Two Seaport Lane
Boston, MA 02210

Edmund J. Gorman
Moehreke Mackie & Shea
137 Newbury Street
Boston, MA 02116

Stephen E. Crowley
US Dept. of Justice
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026-3986

Ira K. Gross
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

Thomas H. Hannigan, Jr.
Ropes & Gray
One International Place
Boston, MA 02110

H. Hamilton Hackney, III
Choate, Hall & Stewart
Exchange Place
53 State Street
Boston, MA 02109-2804

Jennifer A. Jester
Choate, Hall & Stewart
Exchange Place, 53 State Street
Boston, MA 02109-2804

Brian M. Privor
Morgan Lewis Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

Adam P. Kahn
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

Kenneth A. Rubin
Morgan Lewis Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

Nicholas Kenney
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

Eric M. Sommers
McLane Graf Raulerson & Middleton PA
2900 Elm St.
P.O. Box 326
Manchester, NH 03105-0326

Michael Kozlik
Brown Rudnick Berlack Israels LLP
185 Asylum Street
City Place I
Hartford, CT 06103-3402

Michael W. Steinberg
Morgan Lewis Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

Lyn M. Lustig
Mintz Levin Cohn Ferris Glovsky & Popeo PC
One Financial Center
Boston, MA 02111

Christine Kelley Tramontana
Giarrusso Norton Cooley & McGlone PC
308 Victory Road
Marina Bay
Quincy, MA 02171

Louis N. Massery
Massery Gillis & Guiney
101 Merrimac Street
Boston, MA 02114

Jonathan A. Murphy
Lester Schwab Katz & Dwyer LLP
120 Broadway
New York, NY 10271-5916

David Platt
Murtha Cullina Richter & Pinney
185 Asylum Street
Hartford, CT 06103

Dean S. Sommer