UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNILEVER, BESTFOODS and KIK CUSTOM PRODUCTS, INC., f/k/a/ CCL CUSTOM MANUFACTURING, INC.<br>Plaintiffs,<br>v.<br><br>TEKNOR APEX COMPANY; QUEBECOR WORLD HALLIDAY, INC. f/k/a/ Halliday Lithograph Corp.; LEACH & GARNER TECHNOLOGY, INC.; SEQUA CORP. f/k/a Sun Chemical Corp.; WYMAN-GORDON COMPANY; DAVID BRASK GENERAL ELECTRIC CO. f/k/a GE-CEP; HOLLINGSWORTH & VOSE CO.; THREE R'S TRANSPORTATION, INC.; BENJAMIN MOORE & CO.; INTERNATIONAL PAPER CO. f/k/a Allied Container Corp.; and ACS INDUSTRIES, INC.<br>Defendants | : | CA# 01-496L |
| | : | CONSOLIDATED |
| KIK CUSTOM PRODUCTS, INC.; f/k/a CCL CUSTOM MANUFACTURING, INC.,<br>Plaintiff,<br>v.<br><br>A.T. CROSS COMPANY and RAYTHEON COMPANY NATIONAL GRID USA f/k/a BLACKSTONE VALLEY ELECTRIC CO., and GENERAL CABLE CORP. f/k/a CAROL CABLE CO.,<br>Defendants. | : | CA# 01-511l |

**ANSWER, COUNTERCLAIM AND CROSSCLAIM OF THE DEFENDANT WYMAN-GORDON COMPANY TO PLAINTIFFS' FOURTH AMENDED COMPLAINT**

The Defendant Wyman-Gordon Company ("Wyman-Gordon"), hereby answers the allegations asserted against it as contained in the Fourth Amended Complaint of the Plaintiffs,

Unilever Best Foods ("Unilever") and KIK Custom Products, Inc. ("KIK") (collectively, "Plaintiffs") as follows. To the extent said allegations do not concern or otherwise relate to Wyman-Gordon, no such response is necessary.

**STATEMENT OF THE CASE**

1. The statements set forth in the first and second sentences of Paragraph 1 of the Fourth Amended Complaint are not allegations of fact to which a response is required, but instead purport to be a summary of the Plaintiffs' claims. To the extent that the statement contained within the first and second sentences of Paragraph 1 set forth factual allegations, Wyman-Gordon denies the same. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 1 and therefore denies same.

2. The statements set forth in Paragraph 2 of the Fourth Amended Complaint are not allegations of fact to which a response is required, but instead purport to be a summary of the claims asserted by Plaintiffs in Count I of the Fourth Amended Complaint. To the extent the allegations contained within Paragraph 2 set forth factual allegations, Wyman-Gordon denies the same.

3. The statements set forth in Paragraph 3 of the Fourth Amended Complaint are not allegations of fact to which a response is required, but instead purport to be a summary of the claims asserted by Plaintiffs in Count II of the Fourth Amended Complaint. To the extent the statements contained within Paragraph 3 set forth factual allegations, Wyman-Gordon denies the same.

4. The statements set forth in Paragraph 4 of the Fourth Amended Complaint are

not allegations of fact to which a response is required, but instead purport to be a summary of claims asserted by Plaintiffs in Count III of the Fourth Amended Complaint. To the extent the statements contained within Paragraph 4 set forth factual allegations, Wyman-Gordon denies the same.

5. The statements set forth in Paragraph 5 of the Fourth Amended Complaint are not allegations of fact to which a response is required, but instead purport to be a summary of the claims asserted by Plaintiffs in Count IV of the Fourth Amended Complaint. To the extent the statements contained within Paragraph 5 set forth factual allegations, Wyman-Gordon denies the same.

6. The statements set forth in Paragraph 6 of the Fourth Amended Complaint are not allegations of fact to which a response is required, but instead purport to be a summary of claims asserted by Plaintiffs. To the extent the statements contained within Paragraph 6 set forth factual allegations, Wyman-Gordon denies the same.

**JURISDICTION**

7. Admitted.

8. Admitted.

9. Admitted.

10. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegation contained within Paragraph 10 and therefore denies same.

11. Wyman-Gordon is not required to respond to Paragraph 11 as it sets forth a conclusion of law. To the extent that Paragraph 11 is deemed to contain factual allegations pertaining to Wyman-Gordon, Wyman-Gordon denies the same.

12. Wyman-Gordon is not required to respond to Paragraph 12 inasmuch as the allegations contained in Paragraph 12 are not directed to Wyman-Gordon.

13. Wyman-Gordon admits so much of Paragraph 13 as it alleges its state of incorporation and its principal place of business. Wyman-Gordon denies the remaining allegations of Paragraph 13.

14. Wyman-Gordon is not required to respond to Paragraph 14 inasmuch as the allegations contained in Paragraph 14 are not directed to Wyman-Gordon.

**THE SITE**

15. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 15 of the Fourth Amended Complaint and therefore denies the same.

16. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 16 of the Fourth Amended Complaint and therefore denies the same.

17. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 17 of the Fourth Amended Complaint and therefore denies the same.

18. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 18 of the Fourth Amended Complaint and therefore denies the same.

19. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 19 of the Fourth Amended Complaint

and therefore denies the same.

20. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 20 of the Fourth Amended Complaint and therefore denies the same.

21. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 21 of the Fourth Amended Complaint and therefore denies the same.

22. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 22 of the Fourth Amended Complaint and therefore denies the same.

23. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 23 of the Fourth Amended Complaint and therefore denies the same.

24. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 24 of the Fourth Amended Complaint and therefore denies the same.

25. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 25 of the Fourth Amended Complaint and therefore denies the same.

**RELATIONSHIP OF THE PARTIES TO AND**
**HISTORY OF THE SITE (I.E., OU-2)**

26. Wyman-Gordon is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained within Paragraph 26 of the Fourth Amended Complaint and therefore denies the same.

27. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 27 of the Fourth Amended Complaint and therefore denies the same.

28. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 28 of the Fourth Amended Complaint and therefore denies the same.

29. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 29 of the Fourth Amended Complaint and therefore denies the same.

30. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 30 of the Fourth Amended Complaint and therefore denies the same.

31. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 31 of the Fourth Amended Complaint and therefore denies the same.

32. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 32 of the Fourth Amended Complaint and therefore denies the same.

33. The statements set forth in Paragraph 33 of the Fourth Amended Complaint are not allegations of fact, but Plaintiffs' interpretation of the Second Amendment to the Administrative

Order on Consent ("Second Amended AOC") with the EPA. To the extent the statements contained within Paragraph 33 set forth factual allegations, Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

34. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Fourth Amended Complaint and therefore denies the same.

35. The statements set forth in Paragraph 35 of the Fourth Amended Complaint are not allegations of fact, but Plaintiffs' interpretation of the Third Amended AOC, to which no response is required. To the extent the statements contained within Paragraph 35 set forth factual allegations, Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

36. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 36 of the Fourth Amended Complaint and therefore denies same.

37. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 37 of the Fourth Amended Complaint and therefore denies same.

38. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 38 of the Fourth Amended Complaint and therefore denies same.

**CLAIM FOR RELIEF**

**COUNT I**

39. Wyman-Gordon repeats and incorporates by reference its responses to Paragraphs 1 through 38 of the Fourth Amended Complaint.

40. Wyman-Gordon is not required to respond to Paragraph 40 or any of its subparts as it sets forth a conclusion of law. To the extent that Paragraph 40 is deemed to assert factual allegations pertaining to Wyman-Gordon, these allegations are denied.

41. Wyman-Gordon is not required to respond to Paragraph 41 as it sets forth a conclusion of law. To the extent that Paragraph 41 is deemed to assert factual allegations pertaining to Wyman-Gordon, these allegations are denied.

42. Wyman-Gordon is not required to respond to Paragraph 42 as it sets forth a conclusion of law. To the extent that Paragraph 42 is deemed to assert factual allegations pertaining to Wyman-Gordon, these allegations are denied.

43. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 43 of the Fourth Amended Complaint and therefore denies the same.

44. Wyman-Gordon is not required to respond to Paragraph 44 as it sets forth a conclusion of law. To the extent that Paragraph 44 is deemed to assert factual allegations pertaining to Wyman-Gordon, these allegations are denied.

45. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained with Paragraph 45 of the Fourth Amended complaint and therefore denies the same.

46. Wyman-Gordon denies the allegations contained in Paragraph 46 of the Fourth

Amended Complaint.

47. Wyman-Gordon is not required to respond to Paragraph 47 as it sets forth a conclusion of law. To the extent that Paragraph 47 is deemed to assert factual allegations pertaining to Wyman-Gordon, these allegations are denied.

48. Wyman-Gordon is not required to respond to Paragraph 48 inasmuch as the allegations contained in Paragraph 48 are not directed to Wyman-Gordon.

49. Wyman-Gordon denies so much of Paragraph 49 as asserts allegations against it. Wyman-Gordon is not required to respond to the remaining allegations asserted in Paragraph 49 as they are not directed to Wyman-Gordon.

50. Wyman-Gordon is not required to respond to Paragraph 50 inasmuch as the allegations contained in Paragraph 50 are not directed to Wyman-Gordon.

**COUNT II**

51. Wyman-Gordon repeats and incorporates herein by reference its response to Paragraphs 1 through 50 of the Fourth Amended Complaint.

52. Wyman-Gordon is not required to respond to Paragraph 52 as it sets forth a conclusion of law. To the extent that any allegations against Wyman-Gordon are intended thereby, they are denied.

53. Wyman-Gordon denies the allegations contained in Paragraph 53 of the Fourth Amended Complaint.

54. Wyman-Gordon is not required to respond to Paragraph 54 as it sets forth a statement of law. To the extent that any allegations against Wyman-Gordon are intended thereby, they are denied.

55. Wyman-Gordon is not required to respond to Paragraph 55 as it sets forth a conclusion of law. To the extent that any allegations against Wyman-Gordon are intended thereby, they are denied.

56. Wyman-Gordon denies the allegations contained in Paragraph 56 of the Fourth Amended Complaint.

57. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Fourth Amended Complaint and therefore denies the same.

58. Wyman-Gordon is not required to respond to Paragraph 58 as it sets forth a conclusion of law. To the extent that Paragraph 58 is deemed to assert factual allegations pertaining to Wyman-Gordon, these allegations are denied.

59. Wyman-Gordon is not required to respond to Paragraph 59 as it sets forth a conclusion of law. To the extent that Paragraph 59 is deemed to assert factual allegations pertaining to Wyman-Gordon, these allegations are denied.

60. Wyman-Gordon denies the allegations contained in Paragraph 60 of the Fourth Amended Complaint.

## COUNT III

61. Wyman-Gordon repeats and incorporates herein by reference its responses to Paragraphs 1 through 60 of the Fourth Amended Complaint.

62. Wyman-Gordon is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 62 of the Fourth Amended

Complaint and therefore denies the same.

63. Wyman-Gordon is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 63 of the Fourth Amended Complaint and therefore denies the same.

64. Wyman-Gordon is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 64 of the Fourth Amended Complaint and therefore denies the same.

65. Wyman-Gordon denies so much of Paragraph 65 as it asserts allegations against it. Wyman-Gordon is not required to respond to the remaining allegations asserted in Paragraph 65 as they are not directed to Wyman-Gordon.

66. Wyman-Gordon denies so much of Paragraph 66 as it asserts allegations against it. Wyman-Gordon is not required to respond to the remaining allegations asserted in Paragraph 66 as they are not directed to Wyman-Gordon.

67. Wyman-Gordon denies so much of Paragraph 67 as it asserts allegations against it. Wyman-Gordon is not required to respond to the remaining allegations asserted in Paragraph 67 as they are not directed to Wyman-Gordon.

## COUNT IV

68. Wyman-Gordon repeats and incorporates herein by reference its response to Paragraphs 1 through 67 of the Fourth Amended Complaint.

69. Wyman-Gordon is not required to respond to Paragraph 69 as it sets forth a

conclusion of law. To the extent that Paragraph 69 is deemed to assert factual allegations pertaining to Wyman-Gordon these allegations are denied.

70. Wyman-Gordon is not required to respond to Paragraph 70 as it sets forth a conclusion of law. To the extent that Paragraph 70 is deemed to assert factual allegations pertaining to Wyman-Gordon, Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this Paragraph and therefore denies the same.

71. Wyman-Gordon is not required to respond to Paragraph 71 as it sets forth a conclusion of law. To the extent that Paragraph 71 is deemed to assert factual allegations pertaining to Wyman-Gordon, these allegations are denied.

72. Wyman-Gordon is not required to respond to Paragraph 72 as it sets forth a conclusion of law. To the extent that Paragraph 72 is deemed to assert factual allegations pertaining to Wyman-Gordon, these allegations are denied.

73. Wyman-Gordon is not required to respond to Paragraph 73 as it sets forth a conclusion of law. To the extent that Paragraph 73 is deemed to assert factual allegations pertaining to Wyman-Gordon, these allegations are denied.

74. Wyman-Gordon is not required to respond to Paragraph 74 as it sets forth a conclusion of law. To the extent that Paragraph 74 is deemed to assert factual allegations pertaining to Wyman-Gordon, the allegations are admitted.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Fourth Amended Complaint fails to state a claim upon which relief may be granted.

SECOND DEFENSE

The Fourth Amended Complaint and the claims therein are barred by the applicable statutes of limitation.

THIRD DEFENSE

Some or all of the claims of the Plaintiffs are barred or limited because the Plaintiffs have failed to mitigate their damages.

FOURTH DEFENSE

The Plaintiffs' alleged cause of action is barred or limited insofar as any costs, damages and expenses alleged to be incurred by the Plaintiffs are solely the result of intervening and supervening acts of persons or entities over which Wyman-Gordon had no control.

FIFTH DEFENSE

The alleged acts and omissions of Wyman-Gordon were not the legal proximate cause of the alleged damages.

SIXTH DEFENSE

The Plaintiffs are barred from recovery by the doctrines of laches, waiver and estoppel.

SEVENTH DEFENSE

The Plaintiffs may not recover judgment against Wyman-Gordon because the hazardous material at the Site, if any, is found in concentrations and amounts not legally sufficient to cause harm or damage to the premises.

EIGHTH DEFENSE

If the Plaintiffs have incurred necessary response costs, they were caused, in whole or in part, by the acts or omissions of third parties, other than agents or employees of Wyman-Gordon and other

than parties whose acts or omissions occurred in connection with a contractual relationship existing directly or indirectly with Wyman-Gordon, and Wyman-Gordon at all relevant times (a) exercised due care with respect to the property and any alleged contamination, (b) took all reasonable precautions against the actual omissions of any third party and their reasonable, foreseeable consequences, and (c) complied with all applicable notice requirements

NINTH DEFENSE

To the extent that Wyman-Gordon is liable to the Plaintiffs for any response costs, Wyman-Gordon is liable only for that portion of such costs which are attributable to a release caused by the acts or omissions of Wyman-Gordon.

TENTH DEFENSE

If Wyman-Gordon is a person liable for releases or threats of release of oil or hazardous materials, which liability Wyman-Gordon expressly denies, then only a minor portion of Wyman-Gordon's costs or damage is attributable to a release or threat of release of such oil or hazardous material.

ELEVENTH DEFENSE

If Wyman-Gordon is a person liable for a release or threats of release of oil or hazardous materials, which liability Wyman-Gordon expressly denies, then the substance or amount thereof Wyman-Gordon released or threatened to be released does not represent a long or short term danger to the public health, safety, welfare or the environment.

TWELFTH DEFENSE

If Wyman-Gordon is a person liable for a release of hazardous materials, which liability Wyman-Gordon expressly denies, then the release of hazardous substances or materials for

which Wyman-Gordon is liable and any alleged resulting harm is divisible from the those other releases or other hazardous materials which require a response or remediation at the Site and for which Wyman-Gordon is not liable.

THIRTEENTH DEFENSE

If Wyman-Gordon is a person liable for a release of hazardous materials, which liability Wyman-Gordon expressly denies, such releases did not cause the Plaintiffs to incur any response costs.

FOURTEENTH DEFENSE

The Fourth Amended Complaint fails to join all indispensable parties.

FIFTEENTH DEFENSE

Pursuant to 42 U.S.C. §§ 9601(35) and 9607(b), Wyman-Gordon is not liable because the alleged release(s) or threatened release(s) at issue in this action and the purported damages resulting therefrom, if any, were caused solely by acts or omissions of third parties.

SIXTEENTH DEFENSE

Plaintiffs' costs are, in whole or in part, unnecessary, inconsistent with the applicable National Contingency Plan ("NCP") or were not caused by the release(s) for which Wyman-Gordon may be held liable.

SEVENTEENTH DEFENSE

Plaintiffs have made insufficient and dilatory efforts to minimize environmental harm or correct environmental conditions existing on the property since at least 1980. They have, therefore, failed to avoid or mitigate damages that they allege have occurred at the site. To the extent that

Plaintiffs could have acted to avoid or mitigate their damages, their claim for costs, damages, expenses and other relief is barred, in whole or in part.

EIGHTEENTH DEFENSE

The imposition of liability upon Wyman-Gordon under CERCLA violates the Due Process, Equal Protection, Taking, and Ex Post Facto provisions of the United States Constitution.

NINETEENTH DEFENSE

Plaintiffs are estopped from recovering against Wyman-Gordon for response costs attributable to their own actions.

TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

TWENTY-SECOND DEFENSE

If there were, or are, any releases of hazardous substances from the site for which Wyman-Gordon is found liable, the releases were or are federally permitted, in whole or in part, and Plaintiffs cannot recover under 42 U.S.C. § 9607 its response costs, if any, resulting from such releases.

TWENTY-THIRD DEFENSE

Upon information and belief, plaintiffs have settled with other potentially responsible parties with respect to the liabilities associated with the Site, and such settlement absolves or releases in whole or in part, Wyman-Gordon's liability in this matter.

TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under CERCLA insofar as Plaintiffs seek to recover costs, damages and expenses other than "response costs."

TWENTY-FIFTH DEFENSE

If Plaintiffs have incurred any recoverable response costs caused by a release or threat of release of a hazardous substance for which Wyman-Gordon is responsible, the costs and the harm in relation to which they were incurred are divisible and, therefore, Wyman-Gordon is not jointly and severally liable to Plaintiffs.

TWENTY-SIXTH DEFENSE

To the extent that Plaintiffs seek injunctive relief under RCRA, they have not plead, nor can they prove all the elements required to invoke the extraordinary remedy of injunctive relief, including the likelihood of success on the merits, irreparable harm, and that Plaintiff's remedy at law is inadequate. To the extent that Wyman-Gordon is liable, reimbursement for Wyman-Gordon's share of Plaintiffs' past response costs under CERCLA and a declaration of liability for any such future response costs provides Plaintiffs with complete relief.

TWENTY-SEVENTH DEFENSE

Since Plaintiffs' action is one for contribution, Wyman-Gordon may be liable, if at all, only severally for its equitable share of Plaintiffs' alleged response costs otherwise recoverable from Wyman-Gordon.

TWENTY-EIGHTH DEFENSE

Wyman-Gordon is not a past generator, transporter or owner or operator of a treatment, storage or disposal facility and Wyman-Gordon has not contributed to the past handling, storage, treatment, transportation or disposal of any solid or hazardous waste, which waste may present

an imminent and substantial endangerment to health or the environment at this Site.

TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the conditions at the site and any costs, damages and expenses allegedly incurred by Plaintiffs are solely the result of intervening and supervening acts or omissions of persons over whom it had no control.

THIRTIETH DEFENSE

Plaintiffs may not invoke the citizen's suit provisions of RCRA.

THIRTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiff seeks to recover costs, damages or expenses incurred before the effective dates of CERCLA or RCRA or for releases and/or injury occurring before December 11, 1980.

THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their own negligence.

THIRTY-THIRD DEFENSE

Wyman-Gordon hereby adopts, incorporates by reference, and asserts all other affirmative defenses made by any other Defendants in this matter, except to the extent that said affirmative defenses attempt to shift liability to Wyman-Gordon.

THIRTY-FOURTH DEFENSE

Wyman-Gordon hereby give notice that it intends to rely upon such other affirmative defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend its Answer to assert such defenses.

**WHEREFORE,** Wyman-Gordon respectfully requests that this Court:

A. Enter judgment in favor of Wyman-Gordon against the Plaintiffs on all claims in the Fourth Amended Complaint;

B. Declare that Wyman-Gordon is not liable for the costs associated with the response actions undertaken at the subject property/site;

C. Dismiss the Fourth Amended Complaint;

D. Award Wyman-Gordon its reasonable costs and expenses of this litigation, including reasonable attorney's fees; and

E. Grant such legal or equitable relief as this Court deems just and proper under the circumstances.

**ANSWER TO ALL CLAIMS**

Wyman-Gordon denies the allegation of and denies liability pursuant to any and all cross-claims which have been or may be asserted against it by any party to this action.

**COUNTERCLAIMS AGAINST _ U N I L E V E R AND KIK**
**Count I (Contribution)**

Pursuant to Fed. R.Civ. P. 13, Wyman-Gordon states and alleges the following for its counterclaims against Unilever and KIK:

1. These counterclaims arise out of the same transactions or occurrences that are the subject matter of the Plaintiffs' Fourth Amended Complaint.

2. This Court has jurisdiction over these counterclaims pursuant to 42 U.S.C. § 9613(b), 28 U.S.C. § 1331 and pursuant to the Court's ancillary and pendant jurisdiction.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b) because these counterclaims arose in this District.

4. As alleged in its Fourth Amended Complaint, Unilever and KIK are current owners or operators of a facility or site at or from which there has been a release or threat of

release or oil or hazardous substances within the meaning of 42 U.S.C. § 9607(a). In addition, upon information and belief, Unilever and KIK were owners or operators at the time of disposal within the meaning of 42 U.S.C. § 9607(a).

5. Unilever and KIK are, therefore, persons liable for the alleged release or threat of release of oil or hazardous substances at or from the Peterson/Puritan site under, inter alia, CERCLA.

6. If Wyman-Gordon is found liable to the Plaintiffs for some or all of Plaintiffs' alleged damages, response costs and/or costs of assessment, containment or removal related to such releases or threats of release, then Unilever and KIK are liable to Wyman-Gordon for any relief entered against Wyman-Gordon that exceeds its fair, equitable and proportionate share of liability pursuant to CERCLA.

**Count II (Response Cost Recovery)**

7. Wyman-Gordon realleges and incorporates by reference as if set forth fully herein Paragraphs 1 through 6 of these counter-claims.

8. Wyman-Gordon may in the future incur response costs and/or costs of assessment, containment or removal under CERCLA.

9. Unilever and KIK allege in their Fourth Amended Complaint that they are current owners or operators of a facility or site at or from which there is a release or threat of release of oil or hazardous substances within the meaning of 42 U.S.C. § 9607(a). In addition, upon information and belief, Unilever and KIK were owners or operators at the time of disposal within the meaning of 42 U.S.C. § 9607(a).

10. Unilever and KIK are, therefore, persons liable for the alleged release or threat of

release of oil or hazardous substances at or from the Peterson/Puritan site under, inter alia, CERCLA.

11. Unilever and KIK are jointly and severally liable to Wyman-Gordon pursuant to CERCLA for any such costs or damages incurred by Wyman-Gordon.

**Count III (Declaratory Relief)**

12. Wyman-Gordon realleges and incorporates by reference as if set forth fully herein Paragraphs 1 through 11 of these counter-claims.

13. Wyman-Gordon may in the future incur response costs and/or costs of assessment, containment or removal under CERCLA.

14. Unilever and KIK allege in their Fourth Amended Complaint that they are current owners or operators of a facility or site at or from which there is a release or threat of release of oil or hazardous substances within the meaning of 42 U.S.C. § 9607(a). In addition, upon information and belief, Unilever and KIK were owners or operators at the time of disposal within the meaning of 42 U.S.C. § 9607(a).

15. Unilever and KIK, therefore, are persons jointly and severally liable to Wyman-Gordon pursuant to CERCLA and common law for any such costs or damages incurred by Wyman-Gordon.

16. There is an actual controversy between and among Unilever, KIK and Wyman-Gordon as to their respective rights and duties concerning the alleged contamination at the facility.

17. Wyman-Gordon seeks a declaration that Unilever and KIK are jointly and severally liable to Wyman-Gordon pursuant to CERCLA, 28 U.S.C. § 2201 and common law

for any such costs or damages incurred by Wyman-Gordon.

WHEREFORE, Wyman-Gordon respectfully requests that this Court:

A. Enter a judgment against Unilever and KIK in an amount equal to any judgment against Wyman-Gordon in excess of Wyman-Gordon's fair, equitable and proportionate share of such judgment;

B. Enter a judgment against Unilever and KIK in an amount equal to Wyman-Gordon's past response costs and/or costs of assessment, containment or removal under CERCLA;

C. Enter a declaration that Unilever and KIK are liable to Wyman-Gordon in an amount equal to Wyman-Gordon's future response costs and/or costs of assessment, containment or removal under CERCLA;

D. Award Wyman-Gordon its costs and attorneys' fees incurred in connection with these claims; and

E. Grant such other relief as the Court may deem just and proper.

## CROSS-CLAIMS TO ALL DEFENDANTS

### Count I (Contribution)

Pursuant to Fed. R. Civ.P. 13, Wyman-Gordon alleges the following as its cross-claims against all Defendants in this action:

1. These cross-claims arise out of the same transactions or occurrences that are the subject matter of the Plaintiffs' First Amended Complaint.

2. This Court has jurisdiction over these cross-claims pursuant to 42 U.S.C. sec. 9613, 28 U.S.C. sec. 1331 and pursuant to the Court's ancillary and pendant jurisdiction.

3. Venue in this Court is proper pursuant to 28 U.S.C. sec. 1391(b) and 42 U.S.C. sec. 9613(b) because these cross-claims arose in this District.

4. Unilever and KIK allege in their Complaint that Teknor Apex Company;

Quebecor World Halliday, Inc. f/k/a Halliday Lithograph Corp.; Leach & Garner Technology, Inc.; Sequa Corp. f/k/a/ Sun Chemical Corp.; David Brask; General Electric Co f/k/a/ GE-CEP; Hollingsworth and Vose Co.; Three R's Transportation, Inc.; Benjamin Moore and Co.; International Paper Co., f/k/a Allied Container Corp.; and ACS Industries are persons liable for alleged release or threat of release of oil or hazardous substances at or from the Peterson/Puritan site under, inter alia, CERLA.

5. If such allegations are proven to be true, and Wyman-Gordon is found liable to the Plaintiffs for some or all of Plaintiffs' alleged damages, response costs and/or costs of assessment, containment or removal related to such release or threats of release, then Teknor Apex Company; Quebecor World Halliday, Inc. f/k/a Halliday Lithograph Corp.; Leach & Garner Technology, Inc.; Sequa Corp. f/k/a/ Sun Chemical Corp.; David Brask; General Electric Co f/k/a/ GE-CEP; Hollingsworth and Vose Co.; Three R's Transportation, Inc.; Benjamin Moore and Co.; International Paper Co., f/k/a Allied Container Corp.; and ACS Industries are liable to Wyman-Gordon for any relief entered against Wyman-Gordon that exceeds its fair, equitable and proportionate share of liability pursuant to CERCLA.

**Count II (Response Cost Recovery)**

6. Wyman-Gordon realleges and incorporates by reference as if set forth fully herein Paragraphs 1 through 5 of these cross-claims.

7. Wyman-Gordon may in the future incur response costs and/or costs of assessment, containment or removal under CERCLA.

8. Plaintiffs allege in their complaint that Teknor Apex Company; Quebecor World Halliday, Inc. f/k/a Halliday Lithograph Corp.; Leach & Garner Technology, Inc.; Sequa Corp. f/k/a/ Sun Chemical Corp.; David Brask;

General Electric Co f/k/a/ GE-CEP; Hollingsworth and Vose Co.; Three R's Transportation, Inc.; Benjamin Moore and Co.; International Paper Co., f/k/a Allied Container Corp.; and ACS Industries are persons liable for alleged release or threat of release of oil or hazardous substances at or from the Peterson/Puritan site under, inter alia, CERCLA.

9. If such allegations are proven, Teknor Apex Company; Quebecor World Halliday, Inc. f/k/a Halliday Lithograph Corp.; Leach & Garner Technology, Inc.; Sequa Corp. f/k/a/ Sun Chemical Corp.; David Brask; General Electric Co f/k/a/ GE-CEP; Hollingsworth and Vose Co.; Three R's Tranportation, Inc.; Benjamin Moore and Co.; International Paper Co., f/k/a Allied Container Corp.; and ACS Industries are jointly and severally liable to Wyman-Gordon pursuant to CERCLA for any such costs or damages incurred by Wyman-Gordon.

**Count III (Declaratory Relief)**

10. Wyman-Gordon realleges and incorporates by reference as set forth fully herein Paragraphs 1 through 9 of these cross-claims.

11. Wyman-Gordon may in the future incur response coasts and/or costs of assessment, containment or removal under CERCLA and/or G.L. c. 21E.

12. Plaintiffs allege in their Complaint that Teknor Apex Company; Quebecor World Halliday, Inc. f/k/a Halliday Lithograph Corp.; Leach & Garner Technology, Inc.; Sequa Corp. f/k/a/ Sun Chemical Corp.; David Brask; General Electric Co f/k/a/ GE-CEP; Hollingsworth and Vose Co.; Three R's Transportation, Inc.; Benjamin Moore and Co.; International Paper Co., f/k/a Allied Container Corp. and ACS Industries are persons liable for the alleged release or threat of release of oil or hazardous substance at or from Peterson/Puritan site under, inter alia, CERCLA and G.L. c. 21E.

13. Upon information and belief, there is an actual controversy between and among Wyman-Gordon, Teknor Apex Company; Quebecor World Halliday, Inc. f/k/a Halliday Lithograph Corp.; Leach & Garner Technology, Inc.; Sequa Corp. f/k/a/ Sun Chemical Corp.; David Brask; General Electric Co f/k/a/ GE-CEP; Hollingsworth and Vose Co.; Three R's Transportation, Inc.; Benjamin Moore and Co.; International Paper Co., f/k/a Allied Container Corp. and ACS Industries and Plaintiffs as to their respective rights and duties concerning the alleged contamination at the facility.

14. If such allegations are proven, Wyman-Gordon seeks a declaration that Teknor Apex Company; Quebecor World Halliday, Inc. f/k/a Halliday Lithograph Corp.; Leach & Garner Technology, Inc.; Sequa Corp. f/k/a/ Sun Chemical Corp.; David Brask; General Electric Co f/k/a/ GE-CEP; Hollingsworth and Vose Co.; Three R's Transportation, Inc.; Benjamin Moore and Co.; International Paper Co., f/k/a Allied Container Corp.; and ACS Industries are jointly and severally liable to Wyman-Gordon pursuant to CERCLA, and common law for any such costs or damages incurred by Wyman-Gordon.

WHEREFORE, Wyman-Gordon respectfully requests that this Court:

A. Enter a judgment against the co-defendants in an amount equal to any judgment against Wyman-Gordon in excess of Wyman-Gordon's fair, equitable and proportionate share of such judgment;

B. Enter a judgment against the co-defendants in an amount equal to Wyman-Gordon's past response costs and/or costs of assessment, containment or removal under CERCLA.

C. Enter a declaration that the co-defendants are jointly severally for their costs, incurred or to be incurred, and damages under CERCLA.

D. Award Wyman-Gordon its costs and attorney's fees incurred in connection with these claims; and

E. Grant such other relief as the Court may deem just and proper.

WYMAN-GORDON COMPANY,
By its attorneys,

/s/ William D. Gillis, Jr.
______________________________

William D. Gillis, Jr. (pro hac vice)
DONOVAN HATEM LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210
(617) 406-4500
(617) 406-4501 FAX

/s/ Thomas C. Plunkett
______________________________

Thomas C. Plunkett (1662)
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900
(401) 331-7123 FAX

01141840

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of March, 2008 I caused a copy of the within to be served on the following:

**1:01-cv-496 Notice will be electronically mailed to:**

Stephen Adams sadams@taylorduane.com

Melody A. Alger melody.alger@bgmalaw.com

John A. Andreason jandreasen@mcgrathnorth.com

Thomas C. Angelone angelonelaw@aol.com, Conlonmaryv@aol.com

Julie P. Barry jpbarry@nutter.com

John J. Barton jbarton@taylorduane.com

Charles S. Beal cbeal@cm-law.com, ccappalli@cm-law.com

| | |
|---|---|
| Gregory L. Benik | gbenik@jreri.com, mbiagetti@jreri.com |
| Stephen J. Brake | sbrake@nutter.com |
| Kevin J. Bristow | KJBristowlaw@verizon.net |
| Christopher R. Bush | cbush@riag.ri.gov, randrade@riag.ri.gov |
| Alexandra K. Callam | acallam@haslaw.com, jmansolf@haslaw.com |
| Paul V. Curcio | pcurcio@apslaw.com |
| John B. Daukas | jdaukas@goodwinprocter.com |
| Mark O. Denehy | mdenehy@apslaw.com |
| William S. Eggeling | William.eggeling@ropesgray.com |
| Douglas J. Emanuel | demanuel@crflp.com |
| Roy P. Giarrusso | rgiarrusso@gncm.net |
| Alden C. Harrington | Harrington@bhrlaw.com |
| Martha A. Holt | mholt@eapdlaw.com |
| Thomas C. Jackson | thomas.jackson@bakerbotts.com |
| Bret W. Jedele | bjedele@crfllp.com |
| Adam P. Kahn | akahn@foleyhoag.com |
| Eric Lukingbeal | elukingbeal@rc.com |
| Kevin J. McAllister | kmcallister@brcsm.com |
| James J. McGair | jmcgair@hotmail.com |
| Joseph J. McGair | jjm@petrarcamcgair.com |
| Keven A. McKenna | KevenM@McKennaLaw.cc |
| Mark McSally | mmcsally@kkrs.com |
| Matthew F. Medeiros | mfm@lmkbw.com, cmorris@lmkbw.com, dcabral@lmkbw.com |

Jeffrey S. Michaelson jeffmichaelson@cox.net

Mortimer C. Newton mortnewton@gmail.com

Karen Ann Pelczarski kap@blishcavlaw.com

Gerald J. Petros gpetros@haslaw.com, clomas@haslaw.com

Thomas C. Plunkett tplunkett@kprlaw.com, info@kprlaw.com

James T. Price jprice@spencerfane.com

Thomas P. Quinn tquinn@fmmesq.com

Peter Brent Regan pregan@srt-law.com

Paul V. Reynolds pvreynolds@conversent.net

Justin T. Shay jshay@cm-law.com, ccappalli@cm-law.com

Deming E. Sherman dsherman@capdlaw.com, ekula@eapdlaw.com

Kristen W. Sherman ksherman@apslaw.com, afontaine@apslaw.com, btallman@apslaw.com

Steven E. Snow ses@psh.com, tlc@psh.com

Dean S. Sommer dsommer@youngsommer.com, amorris@youngsommer.com

Benjamin V White III bwhite@vetterandwhite.com,

**1:01-cv-496 Notice will be delivered by other means to:**

Ralph A. Child
Mintz, Levin, Cohn, Ferris,
Glovsky & Popeo, PC
One Financial Center
Boston, MA 02111

Stephen E. Crowley
US Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington DC 20026-3986

Christopher Davis
Goodwin Procter LLP
Exchange Place
Boston MA 02109

Gary N. Donner
Robertson, Freilich, Bruno & Cohen
One Riverfront Plaza
Newark, NJ 07102

Irvin Freilich
Robertson, Freilich, Bruno & Cohen
One Riverfront Plaza
Newark, NJ 07102

Roy P. Giarrusso
Giarrusso, Norton, Cooley & McGlone PC
Marina Bay
308 Victory Road
Boston, MA 02171

William D. Gillis, Jr.
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

Edmund J. Gorman
Moehreke, Mackie & Shea
137 Newbury Street
Boston, MA 02116

Ira K. Gross
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

H. Hamilton Hackney, III
Choate, Hall & Stewart
Exchange Place
53 State Street
Boston, MA 02109-2804

Thomas H. Hannigan, Jr.
Ropes & Gray
One International Place
Boston, MA 02110

Jennifer A. Jester
Choate, Hall & Stewart
Exchange Place
53 State Street
Boston, MA 02109-2804

Nicholas Kenney
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

Lyn M. Lustig
MIntz, Levin, Cohn, Ferris,
Glovsky & Popeo PC
One Financial Center
Boston, MA 02111

Louis N. Massery
Massery, Gillis & Guiney
101 Merrimac Street
Boston, MA 02114

Jonathan A. Murphy
Lester, Schwab, Katz & Dwyer LLP
120 Broadway
New York, NY 10271-5916

David Platt
Murtha Cullina Richter & Pinney
185 Asylum Street
Hartford, CT 06103

Eric M. Sommers
McLane Graf Raulerson & Middleton PA
2900 Elm St
P. O. Box 326
Manchester NH 03105 0326

Christine Kelley Tramontana
Giarrusso Norton Cooley & McGlone PC
308 Victory Road
Marina Bay
Quincy MA 02171

/s/ Thomas C. Plunkett
______________________