UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNILEVER BESTFOODS and KIK CUSTOM PRODUCT, INC., f/k/a CCL CUSTOM MANUFACTURING, INC.

Plaintiffs,

v.

TEKNOR APEX COMPANY, QUEBECOR WORLD HALLIDAY, INC., f/k/a HALLIDAY LITHOGRAPHIC, CORP., LEACH & GARNER TECHNOLOGY, INC., SEQUA CORP., f/k/a SUN CHEMICAL CORP., WYMAN- GORDON COMPANY, DAVID BRASK, GENERAL ELECTRIC CO. f/k/a GE-CEP, HOLLINGSWORTH & VOSE COMPANY, THREE R's TRANSPORTATION, INC., BENJAMIN MOORE & CO., INTERNATIONAL PAPER CO., f/k/a ALLIED CONTAINER CORP., and ACS INDUSTRIES, INC.

Defendants.

CONSOLIDATED
CIVIL ACTION NO. 01-496 L

ANSWER OF HOLLINGSWORTH & VOSE COMPANY TO FOURTH AMENDED COMPLAINT, ANSWER TO CROSS-CLAIMS, COUNTERCLAIM

STATEMENT OF THE CASE

1. The introductory paragraph constitutes a characterization of the action, to which no response is required. To the extent a response is required, the allegations are denied.

2. The introductory paragraph constitutes a characterization of the action, to which no response is required. To the extent a response is required, the allegations are denied.

3. The introductory paragraph constitutes a characterization of the action, to which no response is required. To the extent a response is required, the allegations are denied.

4. The introductory paragraph constitutes a characterization of the action, to which no response is required. To the extent a response is required, the allegations are denied.

5. The introductory paragraph constitutes a characterization of the action, to which no response is required. To the extent a response is required, the allegations are denied.

6. The introductory paragraph constitutes a characterization of the action, to which no response is required. To the extent a response is required, the allegations are denied.

## JURISDICTION AND VENUE

7. Hollingsworth & Vose Company ("H&V") admits that this Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. §§ 1331 and 1367. Otherwise, denied.

8. H&V states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

9. H&V denies that it resides in or has done business in this district. H&V lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

10. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

## DEFENDANTS

11. H&V admits that it is a person within the meaning of Section 101(21) of CERCLA, 42, U.S.C. § 9601(21), but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the remaining defendants.

12. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. H&V admits that it is a Massachusetts corporation with a principal place of business located at 112 Washington Street, East Walpole, MA 02032, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

14. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## THE NPL SITE

15. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

16. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

17. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

## RELATIONSHIP OF THE PARTIES TO AND HISTORY OF OPERABLE UNIT 1 (OU-1)

18. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

25. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

## RELATIONSHIP OF THE PARTIES TO AND HISTORY OF THE SITE (I.E., OU-2)

26. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

29. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

31. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

33. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

34. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

35. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

36. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

37. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

38. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

COUNT 1
COST RECOVERY PURSUANT TO 42 U.S.C. § 9607
(UNILEVER BESTFOODS AND KIK CUSTOM PRODUCTS)

39. H&V incorporates its responses to paragraphs 1 through 38 as if fully set forth herein.

40. H&V states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions, and further states that the referenced statutory provisions speak for themselves.

41. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

42. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

43. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

44. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

45. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

46. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

47. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

48. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

49. Denied as to the allegations concerning H&V. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the remaining defendants contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

50. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

COUNT II
CONTRIBUTION PURSUANT TO CERCLA
(UNILEVER BESTFOODS AND KIK CUSTOM PRODUCTS, INC.

51. H&V incorporates its responses to paragraphs 1 through 50 as if fully set forth herein.

52. H&V states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions, and further states that the referenced statutory provisions speak for themselves.

53. H&V states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

54. H&V states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions, and further states that the referenced statutory provisions speak for themselves.

55. H&V states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

56. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

57. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

58. H&V states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

59. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

60. Denied that plaintiffs are entitled to contribution pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a) and/or Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B) or otherwise from H&V. H&V lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and

further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

COUNT III
EQUITABLE INDEMNITY
(UNILEVER BESTFOODS)

61. H&V incorporates its responses to paragraphs 1 through 60 as if fully set forth herein.

62. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

63. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

64. H&V lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

65. Denied that equity requires H&V to pay for the response costs allegedly incurred and allegedly to be incurred by Plaintiff Unilever Bestfoods or any other person in connection with OU-2 (the Site), plus interest. H&V lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

66. Denied that H&V is solely liable and/or jointly and severally liable to the plaintiffs or otherwise liable to the plaintiffs for any of the response costs allegedly incurred by

the plaintiffs or any other person. H&V lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

67. Denied that H&V is liable to Plaintiff Unilever Bestfoods for indemnity under the common law of Rhode Island or otherwise for all sums that Plaintiff Unilever Bestfoods has allegedly expended to date or will allegedly expend in the future in connection with the Site. H&V lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

COUNT IV
DECLARATORY JUDGMENT
(UNILEVER BESTFOODS AND KIK CUSTOM PRODUCTS, INC.)

68. H&V incorporates its responses to paragraphs 1 through 67 as if fully set forth herein.

69. H&V states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions, and further states that the referenced statutory provisions speak for themselves.

70. Denied that an actual controversy, within the meaning of 28 U.S.C. § 2201, exists between H&V and the Plaintiffs or any other person regarding their alleged respective obligations and alleged legal liabilities for alleged response costs and damages that allegedly have been and may be incurred by the Plaintiffs in connection with the alleged release and/or threatened release of hazardous substances at, on, near or from the Site. H&V lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

71. Denied that Plaintiff Unilever Bestfoods is entitled to a declaration pursuant to Section 113(g)(2) of CERCLA, 42 US § 9613(g)(2) or otherwise, that H&V is strictly, jointly and severally or otherwise liable to Plaintiff Unilever Bestfoods under Section 107 of CERCLA for the alleged costs that Plaintiff Unilever Bestfoods allegedly has incurred and may incur in allegedly responding to the alleged release and/or threatened release of hazardous substances at, on, near or from the Site. H&V lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

72. Denied that plaintiffs are entitled to a declaration pursuant to 28 US §§ 2201 and 2202 that H&V is required to provide contribution to the plaintiffs pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), and/or CERCLA Section 113(f)(3)(B), 42 US § 9613(f)(3)(B) or otherwise, for all alleged costs in excess of each plaintiff's alleged fair and equitable share of costs that the plaintiffs have alleged incurred and may incur in responding to the alleged release and/or threatened release of hazardous substances at, on, near or from the Site. H&V lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

73. Denied that plaintiff Unilever Bestfoods is entitled to a declaration pursuant to 28 US §§ 2201 and 2202 or that H&V is otherwise required to indemnify Plaintiff Unilever Bestfoods for all alleged further damages, claims, losses, costs and expenses, and other alleged

liabilities in connection with Plaintiff Unilever Bestfoods alleged response to the alleged release and/or threatened release of hazardous substances at, on, near or from the Site. H&V lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and further states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

74. H&V states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

## AFFIRMATIVE DEFENSES

If plaintiffs suffered injury as is alleged, which is denied, H&V pleads the following affirmative defenses:

### First Affirmative Defense

Plaintiffs have failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred by the statute of limitations

### Third Affirmative Defense

Plaintiffs' claims are barred by the equitable doctrine of unclean hands, laches, and waiver.

### Fourth Affirmative Defense

Plaintiff Unilever Bestfoods is not a proper party to bring claims under 42 U.S.C. §9607(a) seeking to impose joint and several liability.

### Fifth Affirmative Defense

None of the harm to the environment or the response costs incurred by the plaintiffs can be apportioned to H&V.

Sixth Affirmative Defense

Plaintiffs' response costs were not incurred as a result of any materials from H&V.

Seventh Affirmative Defense

No harm has been incurred by plaintiffs as a result of any materials from H&V.

Eighth Affirmative Defense

No act or omission of H&V was the legal or proximate cause of the alleged conditions or releases at the Site.

Ninth Affirmative Defense

Plaintiffs' claims are barred because they have failed to mitigate their damages.

Tenth Affirmative Defense

In the event any materials from H&V reached the subject site, H&V is exempt from liability pursuant to 42 U.S.C. § 9607(o).

Eleventh Affirmative Defense

Plaintiffs' claims are barred by the doctrine of unjust enrichment.

Twelfth Affirmative Defense

Plaintiffs' claims are barred for failure to join indispensable parties.

Thirteenth Affirmative Defense

Plaintiffs claims for contribution for costs, damages and/or expenses are barred insofar as they were incurred voluntarily by plaintiffs.

Fourteenth Affirmative Defense

Any attorneys' fees claimed as damages are not recoverable under CERCLA.

Fifteenth Affirmative Defense

H&V asserts all other affirmative defenses that may become available as a result of information developed through discovery or trial.

WHEREFORE, H&V respectfully requests that the Court dismiss plaintiffs' Fourth Amended Complaint against H&V with prejudice, award H&V its costs and attorneys fees for defending against this action, and grant such other and further relief as justice requires

**ANSWER TO ALL CROSS CLAIMS**

H&V denies the allegations of and denies liability pursuant to any and all cross claims that have been or may be asserted against it by any party.

**COUNTERCLAIM**

1. Plaintiffs have filed this complaint against H&V alleging that it is either jointly or severally liable to plaintiffs or liable for its proportionate share under Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607, 9613, respectively.

2. Plaintiff Unilever Bestfoods has also filed a claim for indemnification under Rhode Island common law.

3. Plaintiffs have also filed a claim for declaratory judgment as to H&V's proportionate share of purported response costs at the Site.

4. H&V has denied any liability to plaintiffs.

5. H&V hereby asserts its right of contribution against plaintiffs pursuant to Sections 107 and 113(f) of CERCLA, as well as common law.

6. Plaintiffs are "persons" as defined under 42 U.S.C. § 9601(2).

7. Plaintiffs are owners of a "facility" as defined under 42 U.S.C. § 9601(9) when "hazardous substances" as defined in 42 U.S.C. § 9601(14) were disposed of at the facility, and/or arranged for transportation, disposal or treatment of hazardous substances at the facility, or arranged with a transporter for the transportation, disposal or treatment of hazardous substances at the facility.

COUNT I
*Contribution under 42 U.S.C. § 9613*

8. H&V incorporates the allegations contained in ¶¶ 1-7 of the counterclaim as if fully set forth herein.

9. Plaintiffs are liable under 42 U.S.C. §§ 9607(a)(1)-(2) as owners of a "facility" as defined in 42 U.S.C. § 9601(9), or owned or operated a facility during the time when "hazardous substances" as defined in 42 U.S.C. 9601(14) were transported to and/or disposed of at the facility.

10. Plaintiffs are liable under 42 U.S.C. § 9607(a)(3) as persons who by contract, agreement or otherwise arranged for disposal or treatment of hazardous substances at the facility or arranged with a transporter for transport for disposal, or treatment of hazardous substances at the facility.

11. If H&V is determined to be liable for responses costs sought by plaintiffs, then H&V is entitled to contribution from plaintiffs pursuant to 42 U.S.C. § 9613(f)(3)(B) and an allocation of response costs among other persons adjudged liable based on such equitable factors as this Court deems appropriate.

COUNT II
*Declaratory Judgment*

12. H&V incorporates the allegations set forth in ¶¶ 1-11 of this counterclaim as if fully set forth herein.

13. There is an actual controversy between plaintiffs and H&V concerning H&V's purported obligation to reimburse plaintiffs for response costs allegedly incurred by plaintiffs at the Site, and, if there is such an obligation, the equitable share for which H&V is liable.

14. H&V seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. §§ 9607(a) and 9613(f) that plaintiffs are liable for their proportionate share of response costs incurred at the site.

WHEREFORE, H&V respectfully requests that the Court order contribution by plaintiffs for their share of the response costs incurred at the Site, declare that plaintiffs are liable to H&V for their proportionate share of response costs at the Site, award H&V its costs and attorneys fees, and grant such other and further relief as justice requires.

HOLLINGSWORTH & VOSE COMPANY

By its attorneys,

/s/ *Julie Pruitt Barry*
Stephen J. Brake (MA BBO#546972)
Julie Pruitt Barry (MA BBO #563018)
NUTTER MCCLENNEN & FISH LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
(617) 439-2000
Fax (617) 310-9000

- and -

/s/ *Kevin J. Bristow*

Kevin J. Bristow (#3984)
Law Offices of Kevin J. Bristow
1309 Turks Head Building
Providence, RI 02903
(401) 521-2800
Fax (401) 521-2812

Dated: March 7, 2008

**CERTIFICATE OF SERVICE**

I, Julie Pruitt Barry, hereby certify that on March 7, 2008 the attached document was electronically filed with the U.S. District Court for the District of Rhode Island, and that I thereby caused a copy of the document to be served electronically ("ECF") to the following counsel of record:

- **Gregory L. Benik**
  gbenik@jreri.com
- **Thomas C. Jackson**
  Thomas.Jackson@backerbotts.com
- **Matthew F. Medeiros**
  mfm@lmkbw.com
- **Mortimer C. Newton**
  mortnewton@gmail.com
- **Karen Ann Pelczarski**
  kap@blishcavlaw.com
- **Deming E. Sherman**
  dsherman@eapdlaw.com
- **Kristen W. Sherman**
  ksherman@apslaw.com
- **Keven A. McKenna**
  kevenm@mcKennaLaw.cc
- **Dean S. Sommer**
  dsommer@youngsommer.com

and by first class mail, postage prepaid, to the following counsel of record:

William D. Gillis, Jr.
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

Jonathan A. Murphy, Esq.
Lester Schwab Katz & Dwyer
120 Broadway
New York, NY 10271-0071

Brian M. Privor
Morgan, Lewis Bockius, LLP
1111 Pennsylvania Avenue
Washington, DC 20004

Martha A. Holt, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

Irvin M. Freilich, Esq.
Gary N. Donner, Esq.
Robertson, Freilich, Bruno & Cohen, LLC
One Riverfront Plaza
Newark, NJ 07102