UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNILEVER, BESTFOODS and KIK CUSTOM PRODUCTS, INC., f/k/a/ CCL CUSTOM MANUFACTURING, INC.,<br>Plaintiffs,<br>v.<br><br>TEKNOR APEX COMPANY; QUEBECOR WORLD HALLIDAY, INC. f/k/a/ Halliday Lithograph Corp.; LEACH & GARNER TECHNOLOGY, INC.; SEQUA CORP. f/k/a Sun Chemical Corp.; WYMAN-GORDON COMPANY; DAVID BRASK GENERAL ELECTRIC CO. f/k/a GE-CEP; HOLLINGSWORTH & VOSE CO.; THREE R'S TRANSPORTATION, INC.; BENJAMIN MOORE & CO.; INTERNATIONAL PAPER CO. f/k/a Allied Container Corp.; and ACS INDUSTRIES, INC.<br>Defendants | : | CA# 01-496L |
| CONSOLIDATED | | |
| KIK CUSTOM PRODUCTS, INC.; f/k/a CCL CUSTOM MANUFACTURING, INC.,<br>Plaintiff,<br>v.<br><br>A.T. CROSS COMPANY and RAYTHEON COMPANY NATIONAL GRID USA f/k/a BLACKSTONE VALLEY ELECTRIC CO., and GENERAL CABLE CORP. f/k/a CAROL CABLE CO.,<br>Defendants. | : | CA# 01-511l |

**ANSWER OF THE DEFENDANT WYMAN-GORDON COMPANY**
**<u>TO DEFENDANT SEQUA CORPORATION'S CROSS-CLAIM</u>**

The Defendant Wyman-Gordon Company ("Wyman-Gordon"), hereby answers the allegations asserted against it as contained in the Cross-Claim of Defendant Sequa

Corporation as follows. To the extent said allegations do not concern or otherwise relate to Wyman-Gordon, no such response is necessary.

**STATEMENT OF THE CASE**

1. The statements set forth in Paragraph 1 of the Cross-Claim are not allegations of fact to which a response is required, but instead purport to be a summary of the Plaintiffs' claims. To the extent that the statements contained within Paragraph 1 set forth factual allegations, Wyman-Gordon denies the same.

2. The statement set forth in Paragraph 2 of the Cross-Claim is not an allegation of fact to which a response is required, but instead purports to be a summary of the claim asserted by Plaintiffs in the Fourth Amended Complaint. To the extent the allegations contained within Paragraph 2 set forth factual allegations, Wyman-Gordon denies the same.

3. The statements set forth in Paragraph 3 of the Cross-Claim are not allegations of fact to which a response is required, but instead purport to be a summary of the claims asserted by Plaintiffs in Count II of the Fourth Amended Complaint. To the extent the statements contained within Paragraph 3 set forth factual allegations, Wyman-Gordon denies the same.

4. The statements set forth in Paragraph 4 of the Cross-Claim are not allegations of fact to which a response is required, but instead purport to be a summary of denials asserted by Defendant Sequa Corporation in its Answer to Plaintiffs' Fourth Amended Complaint. To the extent the statements contained within Paragraph 4 set forth factual allegations, Wyman-Gordon denies the same.

5. The statements set forth in Paragraph 5 of the Cross-Claim are not

allegations of fact to which a response is required, but instead purport to be a summary of claims asserted by Defendant Sequa Corporation. To the extent the statements contained within Paragraph 5 set forth factual allegations, Wyman-Gordon denies the same.

**CO-DEFENDANTS**

6. Wyman-Gordon is not required to respond to Paragraph 6 as it sets forth a conclusion of law. To the extent that Paragraph 6 is deemed to contain factual allegations pertaining to Wyman-Gordon, Wyman-Gordon denies the same.

7. Wyman-Gordon denies the allegations contained in Paragraph 7 of the Cross-Claim.

8. Wyman-Gordon denies the allegations contained in Paragraph 8 of the Cross-Claim.

**COUNT I**
**(Contribution under CERCLA)**

9. Wyman-Gordon repeats and incorporates herein by reference its response to Paragraphs 1 through 8 of the Cross-Claim.

10. Wyman-Gordon denies the allegations contained in Paragraph 10 of the Cross-Claim.

11. Wyman-Gordon denies the allegations contained in Paragraph 11 of the Cross-Claim.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Cross-Claim fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Cross-Claim and the claims therein are barred by the applicable statutes of limitation.

### THIRD DEFENSE

Some or all of the claims of the Defendant Sequa Corporation are barred or limited because the parties have failed to mitigate their damages.

### FOURTH DEFENSE

The Defendant Sequa Corporation's alleged cause of action is barred or limited insofar as any costs, damages and expenses alleged to be incurred by the Plaintiffs are solely the result of intervening and supervening acts of persons or entities over which Wyman-Gordon had no control.

### FIFTH DEFENSE

The alleged acts and omissions of Wyman-Gordon were not the legal proximate cause of the alleged damages.

### SIXTH DEFENSE

The Defendant Sequa Corporation is barred from recovery by the doctrines of laches, waiver and estoppel.

### SEVENTH DEFENSE

The Defendant Sequa Corporation may not recover judgment against Wyman-Gordon because the hazardous material at the Site, if any, is found in concentrations and amounts not legally sufficient to cause harm or damage to the premises.

EIGHTH DEFENSE

If the Defendant Sequa Corporation has incurred necessary response costs, they were caused, in whole or in part, by the acts or omissions of third parties, other than agents or employees of Wyman-Gordon and other than parties whose acts or omissions occurred in connection with a contractual relationship existing directly or indirectly with Wyman-Gordon, and Wyman-Gordon at all relevant times (a) exercised due care with respect to the property and any alleged contamination, (b) took all reasonable precautions against the actual omissions of any third party and their reasonable, foreseeable consequences, and (c) complied with all applicable notice requirements

NINTH DEFENSE

To the extent that Wyman-Gordon is liable to the Defendant Sequa Corporation for any response costs, Wyman-Gordon is liable only for that portion of such costs which are attributable to a release caused by the acts or omissions of Wyman-Gordon.

TENTH DEFENSE

If Wyman-Gordon is a person liable for releases or threats of release of oil or hazardous materials, which liability Wyman-Gordon expressly denies, then only a minor portion of Wyman-Gordon's costs or damage is attributable to a release or threat of release of such oil or hazardous material.

ELEVENTH DEFENSE

If Wyman-Gordon is a person liable for a release or threats of release of oil or

hazardous materials, which liability Wyman-Gordon expressly denies, then the substance or amount thereof Wyman-Gordon released or threatened to be released does not represent a long or short term danger to the public health, safety, welfare or the environment.

TWELFTH DEFENSE

If Wyman-Gordon is a person liable for a release of hazardous materials, which liability Wyman-Gordon expressly denies, then the release of hazardous substances or materials for which Wyman-Gordon is liable and any alleged resulting harm is divisible from the those other releases or other hazardous materials which require a response or remediation at the Site and for which Wyman-Gordon is not liable.

THIRTEENTH DEFENSE

If Wyman-Gordon is a person liable for a release of hazardous materials, which liability Wyman-Gordon expressly denies, such releases did not cause the Defendant Sequa Corporation to incur any response costs.

FOURTEENTH DEFENSE

Pursuant to 42 U.S.C. §§ 9601(35) and 9607(b), Wyman-Gordon is not liable because the alleged release(s) or threatened release(s) at issue in this action and the purported damages resulting therefrom, if any, were caused solely by acts or omissions of third parties.

FIFTEENTH DEFENSE

Defendant Sequa Corporation’s costs are, in whole or in part, unnecessary, inconsistent with the applicable National Contingency Plan ("NCP") or were not caused by the release(s) for which Wyman-Gordon may be held liable.

SIXTEENTH DEFENSE

Defendant Sequa Corporation has made insufficient and dilatory efforts to minimize environmental harm or correct environmental conditions existing on the property since at least 1980. They have, therefore, failed to avoid or mitigate damages that they allege have occurred at the site. To the extent that Defendant Sequa Corporation could have acted to avoid or mitigate its damages, its claim for costs, damages, expenses and other relief is barred, in whole or in part.

SEVENTEENTH DEFENSE

The imposition of liability upon Wyman-Gordon under CERCLA violates the Due Process, Equal Protection, Taking, and Ex Post Facto provisions of the United States Constitution.

EIGHTEENTH DEFENSE

Defendant Sequa Corporation is estopped from recovering against Wyman-Gordon for response costs attributable to their own actions.

NINETEENTH DEFENSE

Defendant Sequa Corporation's claims are barred, in whole or in part, by the doctrine of unclean hands.

TWENTIETH DEFENSE

Defendant Sequa Corporation's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

TWENTY-FIRST DEFENSE

If there were, or are, any releases of hazardous substances from the site for which Wyman-Gordon is found liable, the releases were or are federally permitted, in whole or in part,

and Defendant Sequa Corporation cannot recover under 42 U.S.C. § 9607 its response costs, if any, resulting from such releases.

TWENTY-SECOND DEFENSE

Defendant Sequa Corporations claims are barred, in whole or in part, under CERCLA insofar as they seek to recover costs, damages and expenses other than "response costs."

TWENTY-THIRD DEFENSE

If Defendant Sequa Corporation has incurred any recoverable response costs caused by a release or threat of release of a hazardous substance for which Wyman-Gordon is responsible, the costs and the harm in relation to which they were incurred are divisible and, therefore, Wyman-Gordon is not jointly and severally liable to Defendant Sequa Corporation.

TWENTY-FOURTH DEFENSE

Since Defendant Sequa Corporation’s action is one for contribution, Wyman-Gordon may be liable, if at all, only severally for its equitable share of Defendant Sequa Corporation’s alleged response costs otherwise recoverable from Wyman-Gordon.

TWENTY-FIFTH DEFENSE

Wyman-Gordon is not a past generator, transporter or owner or operator of a treatment, storage or disposal facility and Wyman-Gordon has not contributed to the past handling, storage, treatment, transportation or disposal of any solid or hazardous waste, which waste may present an imminent and substantial endangerment to health or the environment at this Site.

TWENTY-SIXTH DEFENSE

Defendant Sequa Corporation's claims are barred, in whole or in part, to the extent that the conditions at the site and any costs, damages and expenses allegedly incurred by Defendant Sequa Corporation are solely the result of intervening and supervening acts or omissions of persons over whom it had no control.

TWENTY-SEVENTH DEFENSE

Defendant Sequa Corporation may not invoke the citizen's suit provisions of RCRA.

TWENTY-EIGHTH DEFENSE

Defendant Sequa Corporation's claims are barred, in whole or in part, to the extent defendant seeks to recover costs, damages or expenses incurred before the effective dates of CERCLA or RCRA or for releases and/or injury occurring before December 11, 1980.

TWENTY-NINTH DEFENSE

Defendant Sequa Corporation's claims are barred, in whole or in part, by their own negligence.

THIRTIETH DEFENSE

Wyman-Gordon hereby adopts, incorporates by reference, and asserts all other affirmative defenses made by any other Defendants in this matter, except to the extent that said affirmative defenses attempt to shift liability to Wyman-Gordon.

THIRTY-FIRST DEFENSE

Wyman-Gordon hereby give notice that it intends to rely upon such other affirmative defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend its Answer to assert such defenses.

**WHEREFORE,** Wyman-Gordon respectfully requests that this Court:

A. Enter judgment in favor of Wyman-Gordon against the Defendant Sequa Corporation on all claims in the Cross-Claim;

B. Declare that Wyman-Gordon is not liable for the costs associated with the response actions undertaken at the subject property/site;

C. Dismiss the Cross-Claim;

D. Award Wyman-Gordon its reasonable costs and expenses of this litigation, including reasonable attorney's fees; and

E. Grant such legal or equitable relief as this Court deems just and proper under the circumstances.

WYMAN-GORDON COMPANY,
By its attorneys,

/s/ William D. Gillis, Jr.
________________________________

William D. Gillis, Jr. (pro hac vice)
DONOVAN HATEM LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210
(617) 406-4500
(617) 406-4501 FAX

/s/ Thomas C. Plunkett
________________________________

Thomas C. Plunkett (1662)
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900
(401) 331-7123 FAX

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2008 I caused a copy of the within to be served on the following:

**1:01-cv-496 Notice will be electronically mailed to:**

Stephen Adams sadams@taylorduane.com

Melody A. Alger melody.alger@bgmalaw.com

John A. Andreason jandreasen@mcgrathnorth.com

Thomas C. Angelone angelonelaw@aol.com, Conlonmaryv@aol.com

Julie P. Barry jpbarry@nutter.com

John J. Barton jbarton@taylorduane.com

Charles S. Beal cbeal@cm-law.com, ccappalli@cm-law.com

Gregory L. Benik gbenik@jreri.com, mbiagetti@jreri.com

Stephen J. Brake sbrake@nutter.com

Kevin J. Bristow KJBristowlaw@verizon.net

Christopher R. Bush cbush@riag.ri.gov, randrade@riag.ri.gov

Alexandra K. Callam acallam@haslaw.com, jmansolf@haslaw.com

Paul V. Curcio pcurcio@apslaw.com

John B. Daukas jdaukas@goodwinprocter.com

Mark O. Denehy mdenehy@apslaw.com

William S. Eggeling William.eggeling@ropesgray.com

Douglas J. Emanuel demanuel@crflp.com

Roy P. Giarrusso rgiarrusso@gncm.net

Alden C. Harrington Harrington@bhrlaw.com

| | |
|---|---|
| Martha A. Holt | mholt@eapdlaw.com |
| Thomas C. Jackson | thomas.jackson@bakerbotts.com |
| Bret W. Jedele | bjedele@crfllp.com |
| Adam P. Kahn | akahn@foleyhoag.com |
| Eric Lukingbeal | elukingbeal@rc.com |
| Kevin J. McAllister | kmcallister@brcsm.com |
| James J. McGair | jmcgair@hotmail.com |
| Joseph J. McGair | jjm@petrarcamcgair.com |
| Keven A. McKenna | KevenM@McKennaLaw.cc |
| Mark McSally | mmcsally@kkrs.com |
| Matthew F. Medeiros | mfm@lmkbw.com, cmorris@lmkbw.com, dcabral@lmkbw.com |
| Jeffrey S. Michaelson | jeffmichaelson@cox.net |
| Mortimer C. Newton | mortnewton@gmail.com |
| Karen Ann Pelczarski | kap@blishcavlaw.com |
| Gerald J. Petros | gpetros@haslaw.com, clomas@haslaw.com |
| Thomas C. Plunkett | tplunkett@kprlaw.com, info@kprlaw.com |
| James T. Price | jprice@spencerfane.com |
| Thomas P. Quinn | tquinn@fmmesq.com |
| Peter Brent Regan | pregan@srt-law.com |
| Paul V. Reynolds | pvreynolds@conversent.net |
| Justin T. Shay | jshay@cm-law.com, ccappalli@cm-law.com |
| Deming E. Sherman | dsherman@capdlaw.com, ekula@eapdlaw.com |
| Kristen W. Sherman | ksherman@apslaw.com, afontaine@apslaw.com, btallman@apslaw.com |

Steven E. Snow ses@psh.com, tlc@psh.com

Dean S. Sommer dsommer@youngsommer.com, amorris@youngsommer.com

Benjamin V White III bwhite@vetterandwhite.com,

**1:01-cv-496 Notice will be delivered by other means to:**

Ralph A. Child
Mintz, Levin, Cohn, Ferris,
Glovsky & Popeo, PC
One Financial Center
Boston, MA 02111

Stephen E. Crowley
US Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington DC 20026-3986

Christopher Davis
Goodwin Procter LLP
Exchange Place
Boston MA 02109

Gary N. Donner
Robertson, Freilich, Bruno & Cohen
One Riverfront Plaza
Newark, NJ 07102

Irvin Freilich
Robertson, Freilich, Bruno & Cohen
One Riverfront Plaza
Newark, NJ 07102

Roy P. Giarrusso
Giarrusso, Norton, Cooley & McGlone PC
Marina Bay
308 Victory Road
Boston, MA 02171

William D. Gillis, Jr.
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

Edmund J. Gorman
Moehreke, Mackie & Shea
137 Newbury Street
Boston, MA 02116

Ira K. Gross
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

H. Hamilton Hackney, III
Choate, Hall & Stewart
Exchange Place
53 State Street
Boston, MA 02109-2804

Thomas H. Hannigan, Jr.
Ropes & Gray
One International Place
Boston, MA 02110

Jennifer A. Jester
Choate, Hall & Stewart
Exchange Place
53 State Street
Boston, MA 02109-2804

Nicholas Kenney
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

Lyn M. Lustig
MIntz, Levin, Cohn, Ferris,
Glovsky & Popeo PC
One Financial Center
Boston, MA 02111

Louis N. Massery
Massery, Gillis & Guiney
101 Merrimac Street
Boston, MA 02114

Jonathan A. Murphy
Lester, Schwab, Katz & Dwyer LLP
120 Broadway
New York, NY 10271-5916

David Platt
Murtha Cullina Richter & Pinney
185 Asylum Street
Hartford, CT 06103

Eric M. Sommers
McLane Graf Raulerson & Middleton PA
2900 Elm St
P. O. Box 326
Manchester NH 03105 0326

Christine Kelley Tramontana
Giarrusso Norton Cooley & McGlone PC
308 Victory Road
Marina Bay
Quincy MA 02171

/s/ Thomas C. Plunkett