IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNILEVER BESTFOODS and KIK CUSTOM PRODUCTS, INC., f/k/a CCL CUSTOM MANUFACTURING, INC.<br><br>Plaintiffs,<br>v.<br><br>TEKNOR APEX COMPANY; QUEBECOR WORLD HALLIDAY, INC. f/k/a Halliday Lithograph Corp.; LEACH & GARNER TECHNOLOGY, INC.; SEQUA CORP. f/k/a Sun Chemical Corp.; WYMAN-GORDON COMPANY; DAVID BRASK; GENERAL ELECTRIC CO. f/k/a GE-CEP; HOLLINGSWORTH & VOSE CO.; THREE R's TRANSPORTATION, INC.; BENJAMIN MOORE & CO.; INTERNATIONAL PAPER CO. f/k/a Allied Container Corp.; and ACS INDUSTRIES, INC.<br><br>Defendants. | : | Civil Action No. 01-496L |

ANSWER OF KIK CUSTOM PRODUCTS, INC.
TO DAVID BRASK'S CONDITIONAL COUNTERCLAIM

Plaintiff KIK Custom Products, Inc. hereby denies Defendant David Brask's Conditional Counterclaim.

**First Defense**

David Brask's counterclaim fails to state a claim upon which relief can be granted.

**Second Defense**

David Brask's counterclaim is barred by the contribution protection provisions of the Third Amended Administrative Order on Consent to which Plaintiff is a signatory.

**Third Defense**

David Brask has caused and/or contributed to any and all releases and threatened releases at the Site, is responsible for the expenditures for which it now seeks contribution, and is liable for some or all of the costs that it seeks to recover. David Brask therefore is not entitled to recover contribution for response costs or any other relief requested in his counterclaim.

**Fourth Defense**

David Brask is estopped from maintaining any claims against Plaintiff by virtue of his acts, conduct and statements.

**Fifth Defense**

David Brask's counterclaim is barred by the equitable doctrine of unjust enrichment.

**Sixth Defense**

David Brask cannot recover the alleged costs, damages and other expenses that he has allegedly incurred or will incur because such recovery is barred by the doctrine of unclean hands.

**Seventh Defense**

David Brask has not paid, and will not be required to pay, amounts in excess of his equitable respective share of response costs at the Site, and therefore has no cause of action for contribution against Plaintiff.

**Eighth Defense**

In the event that Plaintiff is found liable for contribution for any costs incurred by David Brask related to the Site, Plaintiff is entitled to have the damages for harm be apportioned among the other parties found to be liable for such costs.

**Ninth Defense**

To the extent that Plaintiff may be found liable to David Brask, Plaintiff may not be held liable to David Brask for more than Plaintiff's fair and equitable share of reasonable and necessary costs of response incurred consistent with the National Contingency Plan.

**Tenth Defense**

David Brask is a responsible party under CERCLA and has acted negligently and is therefore responsible for a greater proportionate share of liability at the Site.

**Eleventh Defense**

David Brask's counterclaim is barred by the doctrine of waiver.

**Twelfth Defense**

Plaintiff incorporates herein by reference as though fully set forth herein at length all affirmative defenses set forth by other parties which may be applicable to Plaintiff.

**Thirteenth Defense**

Plaintiff reserves its right to assert additional affirmative defenses which become known or apparent during the discovery process.

WHEREFORE, Plaintiff demands that David Brask's counterclaim be dismissed with prejudice and that it be awarded costs and reasonable attorneys' fees and such other relief as this Court may deem just and proper.

Respectfully submitted,

KIK CUSTOM PRODUCTS, INC.
By Its Attorneys:

*/s/ Karen A. Pelczarski*______________
KAREN A. PELCZARSKI, ESQ. (#3357)
BLISH & CAVANAGH
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
Fax: (401) 351-7542

Of Counsel:
JONATHAN A. MURPHY, ESQ.
(JAM-6052)
LESTER, SCHWAB, KATZ & DWYER, LLP
125 Broadway
New York, New York 10271-0071
(212) 964-6611
Fax: (212) 267-5916

Dated: March 18, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of March, 2008, I caused a copy of the within to be sent by electronic means (ECF) to the following counsel of record:

| | |
|---|---|
| • **Julie P. Barry** jpbarry@nutter.com | • **Gregory L. Benik** gbenik@jreri.com |
| • **Stephen J. Brake** sbrake@nutter.com | • **Kevin J. Bristow** KJBristowlaw@verizon.net |
| • **Thomas C. Jackson** • thomas.jackson@bakerbotts.com | • **Keven A. McKenna** • KevenM@McKennaLaw.cc |
| • **Mortimer C. Newton** • mortnewton@gmail.com | • **Karen Ann Pelczarski** • kap@blishcavlaw.com |
| • **Martha A. Holt** mholt@eapdlaw.com | • **Robert Wick** bwick@ww-envlaw.com |
| • **Deming E. Sherman** • dsherman@eapdlaw.com | • **Dean S. Sommer** • dsommer@youngsommer.com |
| • **Thomas C. Plunkett** tplunkett@kprlaw.com | |
| • **Matthew F. Medeiros** mfm@lmkbw.com, dcabral@lmkbw.com, kocteau@lmkbw.com | |
| • **Steven M. Richard** srichard@nixonpeabody.com, ProEfile@nixonpeabody.com | |

and by mail to the following counsel of record:

| | |
|---|---|
| William D. Gillis, Jr., Esq.<br>Donovan Hatem LLP<br>World Trade Center East<br>Two Seaport Lane<br>Boston, MA 02210 | Irvin M. Freilich, Esq.<br>Gary N. Donner, Esq.<br>Robertson, Freilich, Bruno & Cohen, LLC<br>One Riverfront Plaza<br>Newark, NJ 07102 |
| Jonathan A. Murphy, Esq.<br>Lester Schwab Katz & Dwyer<br>120 Broadway<br>New York, NY 10271-0071 | |

*/s/ Karen A. Pelczarski*