UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILEVER, BESTFOODS et al.,<br><br>Plaintiffs,<br>v.<br><br>TEKNOR APEX COMPANY et al.<br><br>Defendants. | CONSOLIDATED<br>C.A. No. 01-496L |
| KIK CUSTOM PRODUCTS, et al.,<br><br>Plaintiffs,<br>v.<br><br>A.T. CROSS COMPANY et al.<br><br>Defendants. | |

**ANSWER, COUNTERCLAIMS AND CROSSCLAIMS OF THE DEFENDANT INTERNATIONAL PAPER COMPANY TO PLAINTIFFS' FOURTH AMENDED COMPLAINT**

Defendant International Paper Company ("International Paper"), hereby answers the allegations asserted against it as contained in the Fourth Amended Complaint of the Plaintiffs, Unilever Best Foods ("Unilever") and KIK Custom Products, Inc. ("KIK") (collectively, "Plaintiffs") as follows. To the extent said allegations do not concern or relate to International Paper, no response is necessary. Headings in this Answer are those included in Plaintiffs' Fourth Amended Complaint and are included here only for organizational consistency.

## STATEMENT OF THE CASE

1. To the extent that the first and second sentences of Paragraph 1 set forth factual allegations, International Paper denies the same. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 1 and therefore denies same.

2. To the extent the allegations contained within Paragraph 2 set forth factual allegations, International Paper denies the same.

3. To the extent the statements contained within Paragraph 3 set forth factual allegations, International Paper denies the same.

4. To the extent the statements contained within Paragraph 4 set forth factual allegations, International Paper denies the same.

5. To the extent the statements contained within Paragraph 5 set forth factual allegations, International Paper denies the same.

6. To the extent the statements contained within Paragraph 6 set forth factual allegations, International Paper denies the same.

## JURISDICTION AND VENUE

7. Admitted.

8. Admitted.

9. Admitted.

10. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegation contained within Paragraph 10 and therefore denies same.

**DEFENDANTS**

11. International Paper is not required to respond to Paragraph 11 as it sets forth a conclusion of law. To the extent that Paragraph 11 is deemed to contain factual allegations pertaining to International Paper, International Paper denies the same.

12. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegation contained within Paragraph 12 and therefore denies same.

13. International Paper admits so much of Paragraph 13 as it alleges its state of incorporation and its principal place of business. International Paper denies the remaining allegations of Paragraph 13.

14. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegation contained within Paragraph 14 and therefore denies same.

**THE NPL SITE**

15. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 15 of the Fourth Amended Complaint and therefore denies the same.

16. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 16 of the Fourth Amended Complaint and therefore denies the same.

17. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 17 of the Fourth Amended Complaint and therefore denies the same.

**RELATIONSHIP OF THE PARTIES TO AND HISTORY OF OPERATIONAL UNIT 1 (OU-1)**

18. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 18 of the Fourth Amended Complaint and therefore denies the same.

19. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 19 of the Fourth Amended Complaint and therefore denies the same.

20. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 20 of the Fourth Amended Complaint and therefore denies the same.

21. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 21 of the Fourth Amended Complaint and therefore denies the same.

22. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 22 of the Fourth Amended Complaint and therefore denies the same.

23. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 23 of the Fourth Amended Complaint and therefore denies the same.

24. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 24 of the Fourth Amended Complaint and therefore denies the same.

25. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 25 of the Fourth Amended Complaint and therefore denies the same.

**RELATIONSHIP OF THE PARTIES TO AND**
**HISTORY OF THE SITE (*I.E.*, OU-2)**

26. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 26 of the Fourth Amended Complaint and therefore denies the same.

27. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 27 of the Fourth Amended Complaint and therefore denies the same.

28. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 28 of the Fourth Amended Complaint and therefore denies the same.

29. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 29 of the Fourth Amended Complaint and therefore denies the same.

30. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 30 of the Fourth Amended Complaint and therefore denies the same.

31. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 31 of the Fourth Amended Complaint and therefore denies the same.

32. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 32 of the Fourth Amended Complaint and therefore denies the same.

33. To the extent the statements contained within Paragraph 33 of the Fourth Amended Complaint set forth factual allegations, International Paper is without knowledge or

information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

34. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Fourth Amended Complaint and therefore denies the same.

35. To the extent the statements contained within Paragraph 35 of the Fourth Amended Complaint set forth factual allegations, International Paper is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

36. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 36 of the Fourth Amended Complaint and therefore denies same.

37. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 37 of the Fourth Amended Complaint and therefore denies same.

38. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 38 of the Fourth Amended Complaint and therefore denies same.

**CLAIM FOR RELIEF**

**COUNT I**

39. International Paper repeats and incorporates by reference its responses to Paragraphs 1 through 38 of the Fourth Amended Complaint.

40. International Paper is not required to respond to Paragraph 40 or any of its subparts as it sets forth a conclusion of law. To the extent that Paragraph 40 is deemed to assert factual allegations pertaining to International Paper, these allegations are denied.

41. International Paper is not required to respond to Paragraph 41 as it sets forth a conclusion of law. To the extent that Paragraph 41 is deemed to assert factual allegations, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

42. International Paper is not required to respond to Paragraph 42 as it sets forth a conclusion of law. To the extent that Paragraph 42 is deemed to assert factual allegations, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

43. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 43 of the Fourth Amended Complaint and therefore denies the same.

44. International Paper is not required to respond to Paragraph 44 as it sets forth a conclusion of law. To the extent that Paragraph 44 is deemed to assert factual allegations, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

45. International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained with Paragraph 45 of the Fourth Amended complaint and therefore denies the same.

46. International Paper denies the allegations contained in Paragraph 46 of the Fourth Amended Complaint.

47. International Paper is not required to respond to Paragraph 47 as it sets forth a conclusion of law. To the extent that Paragraph 47 is deemed to assert factual allegations, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

48. International Paper is not required to respond to Paragraph 48 as it sets forth a conclusion of law. To the extent that Paragraph 48 is deemed to assert factual allegations, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

49. International Paper is not required to respond to Paragraph 49 as it sets forth a conclusion of law. To the extent that Paragraph 49 is deemed to assert factual allegations, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

50. International Paper is not required to respond to Paragraph 50 as it sets forth a conclusion of law. To the extent that Paragraph 50 is deemed to assert factual allegations, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

## COUNT II

51. International Paper repeats and incorporates herein by reference its response to Paragraphs 1 through 50 of the Fourth Amended Complaint.

52. International Paper is not required to respond to Paragraph 52 as it sets forth a conclusion of law.

53. International Paper is not required to respond to Paragraph 53 as it sets forth a conclusion of law. To the extent that Paragraph 53 is deemed to assert factual allegations, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

54. International Paper is not required to respond to Paragraph 54 as it sets forth a statement of law.

55. International Paper is not required to respond to Paragraph 55 as it sets forth a conclusion of law. To the extent that Paragraph 55 is deemed to assert factual allegations, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

56. International Paper is not required to respond to Paragraph 56 as it sets forth a conclusion of law. To the extent that Paragraph 56 is deemed to assert factual allegations, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

57. International Paper is not required to respond to Paragraph 57 as it sets forth a conclusion of law. To the extent that Paragraph 57 is deemed to assert factual allegations, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

58. International Paper is not required to respond to Paragraph 58 as it sets forth a conclusion of law. To the extent that Paragraph 58 is deemed to assert factual allegations, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

59. International Paper is not required to respond to Paragraph 59 as it sets forth a conclusion of law. To the extent that Paragraph 59 is deemed to assert factual allegations, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

60. International Paper denies the allegations contained in Paragraph 60 of the Fourth Amended Complaint.

**COUNT III**

61. International Paper repeats and incorporates herein by reference its responses to Paragraphs 1 through 60 of the Fourth Amended Complaint.

62. International Paper is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 62 of the Fourth Amended Complaint and therefore denies the same.

63. International Paper is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 63 of the Fourth Amended Complaint and therefore denies the same.

64. International Paper is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 64 of the Fourth Amended Complaint and therefore denies the same.

65. International Paper is not required to respond to Paragraph 65 as it sets forth a conclusion of law. To the extent that Paragraph 65 is deemed to assert factual allegations, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

66. International Paper is not required to respond to Paragraph 66 as it sets forth a conclusion of law. To the extent that Paragraph 66 is deemed to assert factual allegations, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

67. International Paper is not required to respond to Paragraph 67 as it sets forth a conclusion of law. To the extent that Paragraph 67 is deemed to assert factual allegations, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

**COUNT IV**

68. International Paper repeats and incorporates herein by reference its response to Paragraphs 1 through 67 of the Fourth Amended Complaint.

69. International Paper is not required to respond to Paragraph 48 as it sets forth a conclusion of law. To the extent that Paragraph 48 is deemed to assert factual allegations, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

70. International Paper is not required to respond to Paragraph 48 as it sets forth a conclusion of law. To the extent that Paragraph 48 is deemed to assert factual allegations, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

71. International Paper is not required to respond to Paragraph 71 as it sets forth a conclusion of law. To the extent that Paragraph 71 is deemed to assert factual allegations pertaining to International Paper, these allegations are denied.

72. International Paper is not required to respond to Paragraph 72 as it sets forth a conclusion of law. To the extent that Paragraph 72 is deemed to assert factual allegations, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

73. International Paper is not required to respond to Paragraph 73 as it sets forth a conclusion of law. To the extent that Paragraph 73 is deemed to assert factual allegations, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

74. International Paper is not required to respond to Paragraph 74 as it sets forth a conclusion of law.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Fourth Amended Complaint and the claims therein are barred by the applicable statutes of limitation.

### SECOND DEFENSE

Some or all of Plaintiffs' claims are barred or limited because the Plaintiffs have failed to mitigate their damages.

### THIRD DEFENSE

The Plaintiffs' alleged causes of action are barred or limited insofar as any costs, damages and expenses alleged to be incurred by the Plaintiffs are solely the result of intervening and supervening acts of persons or entities over which International Paper had no control.

### FOURTH DEFENSE

The alleged acts and omissions of International Paper were not the proximate cause of the alleged damages.

### FIFTH DEFENSE

The Plaintiffs are barred from recovery by the equitable doctrines of unclean hands, laches, unjust enrichment, waiver and estoppel.

### SIXTH DEFENSE

Plaintiffs' costs are, in whole or in part, unnecessary, inconsistent with the applicable National Contingency Plan ("NCP") or were not caused by the release(s) for which International Paper may be held liable.

SEVENTH DEFENSE

If the Plaintiffs have incurred necessary response costs, they were caused, in whole or in part, by the acts or omissions of third parties, other than agents or employees of International Paper and other than parties whose acts or omissions occurred in connection with a contractual relationship existing directly or indirectly with International Paper, and International Paper at all relevant times (a) exercised due care with respect to the property and any alleged contamination, (b) took all reasonable precautions against the actual omissions of any third party and their reasonable, foreseeable consequences, and (c) complied with all applicable notice requirements.

EIGHTH DEFENSE

To the extent that International Paper is liable to the Plaintiffs for any response costs, International Paper is liable only for that portion of such costs which are directly attributable the acts or omissions of International Paper.

NINTH DEFENSE

If International Paper is a person liable for a release of hazardous materials, which liability International Paper expressly denies, then the release of hazardous substances or materials for which International Paper is liable and any alleged resulting harm is divisible from the those other releases or other hazardous materials which require a response or remediation at the Site and for which International Paper is not liable.

TENTH DEFENSE

The Fourth Amended Complaint fails to join all indispensable parties.

ELEVENTH DEFENSE

Pursuant to 42 U.S.C. §§ 9601(35) and 9607(b), International Paper is not liable because the alleged release(s) or threatened release(s) at issue in this action and the purported damages resulting therefrom, if any, were caused solely by acts or omissions of third parties.

TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under CERCLA insofar as Plaintiffs seek to recover costs, damages and expenses other than "response costs."

THIRTEENTH DEFENSE

Since Plaintiffs' action is one for contribution, International Paper may be liable, if at all, only severally for its equitable share of Plaintiffs' alleged response costs otherwise recoverable from International Paper.

FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their own negligence.

FIFTEENTH DEFENSE

Plaintiffs' have failed to state a claim upon which relief can be granted.

SIXTEENTH DEFENSE

International Paper hereby adopts, incorporates by reference, and asserts all other affirmative defenses made by any other Defendants in this matter, except to the extent that said affirmative defenses attempt to shift liability to International Paper.

SEVENTEENTH DEFENSE

International Paper hereby give notice that it intends to rely upon such other affirmative defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend its Answer to assert such defenses.

**WHEREFORE,** International Paper respectfully requests that this Court:

A. Enter judgment in favor of International Paper against the Plaintiffs on all claims in the Fourth Amended Complaint;

B. Declare that International Paper is not liable for the costs associated with the response actions undertaken at the subject property/site;

C. Dismiss the Fourth Amended Complaint;

D. Award International Paper its reasonable costs and expenses of this litigation, including reasonable attorney's fees; and

E. Grant such legal or equitable relief as this Court deems just and proper under the circumstances.

## ANSWER TO ALL CLAIMS

International Paper denies the allegation of and denies liability pursuant to any and all cross-claims which have been or may be asserted against it by any party to this action.

## COUNTERCLAIMS AGAINST PLAINTIFFS

### Count I
### (Contribution)

Pursuant to Fed. R.Civ. P. 13, International Paper states and alleges the following for its counterclaims against Unilever Best Foods ("Unilever") and KIK Custom Products, Inc. ("KIK") (collectively, "Plaintiffs"):

1. These counterclaims arise out of the same transactions or occurrences that are the subject matter of the Plaintiffs' Fourth Amended Complaint.

2. This Court has jurisdiction over these counterclaims pursuant to 42 U.S.C. § 9613(b), 28 U.S.C. § 1331 and pursuant to the Court's ancillary and pendant jurisdiction.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b) because these counterclaims arose in this District.

4. Plaintiffs are persons liable for the alleged release or threat of release of oil or hazardous substances at or from the J.M. Mills Landfill and surrounding areas in Cumberland, Rhode Island, under, inter alia, CERCLA.

5. If International Paper is found liable to the Plaintiffs for some or all of Plaintiffs' alleged damages, response costs and/or costs of assessment, containment or removal related to such releases or threats of release, then Plaintiffs are liable to International Paper for any relief entered against International Paper that exceeds its fair, equitable and proportionate share of liability pursuant to CERCLA.

**Count II**
**(Cost Recovery)**

6. International Paper realleges and incorporates by reference as if set forth fully herein Paragraphs 1 through 5 of these counter-claims.

7. International Paper may in the future incur response costs and/or costs of assessment, containment or removal under CERCLA.

8. Plaintiffs are jointly and severally liable to International Paper pursuant to Section 107(a) of CERCLA for any such costs or damages incurred by International Paper.

**Count III**
**(Declaratory Relief)**

9. International Paper realleges and incorporates by reference as if set forth fully herein Paragraphs 1 through 8 of these counter-claims.

10. International Paper may in the future incur response costs and/or costs of assessment, containment or removal under CERCLA.

11. Plaintiffs are persons jointly and severally liable to International Paper pursuant to CERCLA and common law for any such costs or damages incurred by International Paper.

12. There is an actual controversy between and among Plaintiffs and International Paper as to their respective rights and duties concerning the alleged contamination at the facility.

13. International Paper seeks a declaration that Plaintiffs are jointly and severally liable to International Paper pursuant to CERCLA, 28 U.S.C. § 2201 and common law for any such costs or damages incurred by International Paper.

WHEREFORE, International Paper respectfully requests that this Court:

A. Enter a judgment against Plaintiffs in an amount equal to any judgment against International Paper in excess of International Paper's fair, equitable and proportionate share of such judgment;

B. Enter a judgment against Plaintiffs in an amount equal to International Paper's past response costs and/or costs of assessment, containment or removal under CERCLA;

C. Enter a declaration that Plaintiffs are liable to International Paper in an amount equal to International Paper's future response costs and/or costs of assessment, containment or removal under CERCLA;

D. Award International Paper its costs and attorneys' fees incurred in connection with these claims; and

E. Grant such other relief as the Court may deem just and proper.

**CROSS-CLAIMS TO ALL DEFENDANTS**

**Count I**
**(Contribution)**

Pursuant to Fed. R. Civ. P. 13, International Paper alleges the following as its cross-claims against all Defendants in this action:

1. These cross-claims arise out of the same transactions or occurrences that are the subject matter of the Plaintiffs' Fourth Amended Complaint.

2. This Court has jurisdiction over these cross-claims pursuant to 42 U.S.C. sec. 9613, 28 U.S.C. sec. 1331 and pursuant to the Court's ancillary and pendant jurisdiction.

3. Venue in this Court is proper pursuant to 28 U.S.C. sec. 1391(b) and 42 U.S.C. sec. 9613(b) because these cross-claims arose in this District.

4. Plaintiffs allege in their Complaint that Teknor Apex Company; Quebecor World Halliday, Inc. f/k/a Halliday Lithograph Corp.; Leach & Garner Technology, Inc.; Sequa Corp. f/k/a/ Sun Chemical Corp.; David Brask; General Electric Co f/k/a/ GE-CEP; Hollingsworth and Vose Co.; Three R's Transportation, Inc.; Benjamin Moore and Co.; Wyman-Gordon Co.; and ACS Industries are persons liable for alleged release or threat of release of oil or hazardous substances at or from the J.M. Mills Landfill and surrounding areas in Cumberland, Rhode Island.

5. If such allegations are proven to be true, and International Paper is found liable to the Plaintiffs for some or all of Plaintiffs' alleged damages, response costs and/or costs of assessment, containment or removal related to such release or threats of release, then Teknor Apex Company; Quebecor World Halliday, Inc. f/k/a Halliday Lithograph Corp.; Leach & Garner Technology, Inc.; Sequa Corp. f/k/a/ Sun Chemical Corp.; David Brask; General Electric Co f/k/a/ GE-CEP; Hollingsworth and Vose Co.; Three R's Transportation, Inc.; Benjamin Moore and Co.; Wyman-Gordon Co.; and ACS Industries are liable to International Paper for any relief entered against International Paper that exceeds its fair, equitable and proportionate share of liability pursuant to CERCLA.

**Count II (Response Cost Recovery)**

6. International Paper realleges and incorporates by reference as if set forth fully herein Paragraphs 1 through 5 of these cross-claims.

7. International Paper may in the future incur response costs and/or costs of assessment, containment or removal under CERCLA.

8. Plaintiffs allege in their complaint that Teknor Apex Company; Quebecor World Halliday, Inc. f/k/a Halliday Lithograph Corp.; Leach & Garner Technology, Inc.;

Sequa Corp. f/k/a/ Sun Chemical Corp.; David Brask; General Electric Co f/k/a/ GE-CEP; Hollingsworth and Vose Co.; Three R's Transportation, Inc.; Benjamin Moore and Co.; Wyman-Gordon Co.; and ACS Industries are persons liable for alleged release or threat of release of oil or hazardous substances at or from the J.M. Mills Landfill and surrounding areas in Cumberland, Rhode Island.

9. If such allegations are proven, Teknor Apex Company; Quebecor World Halliday, Inc. f/k/a Halliday Lithograph Corp.; Leach & Garner Technology, Inc.; Sequa Corp. f/k/a/ Sun Chemical Corp.; David Brask; General Electric Co f/k/a/ GE-CEP; Hollingsworth and Vose Co.; Three R's Tranportation, Inc.; Benjamin Moore and Co.; Wyman-Gordon Co.; and ACS Industries are jointly and severally liable to International Paper pursuant to CERCLA for any such costs or damages incurred by International Paper.

**Count III (Declaratory Relief)**

10. International Paper realleges and incorporates by reference as set forth fully herein Paragraphs 1 through 9 of these cross-claims.

11. International Paper may in the future incur response coasts and/or costs of assessment, containment or removal under CERCLA and/or G.L.

12. Plaintiffs allege in their Complaint that Teknor Apex Company; Quebecor World Halliday, Inc. f/k/a Halliday Lithograph Corp.; Leach & Garner Technology, Inc.; Sequa Corp. f/k/a/ Sun Chemical Corp.; David Brask; General Electric Co f/k/a/ GE-CEP; Hollingsworth and Vose Co.; Three R's Transportation, Inc.; Benjamin Moore and Co.; Wyman-Gordon Co. and ACS Industries are persons liable for the alleged release or threat of release of oil or hazardous substance at or from the J.M. Mills Landfill and surrounding areas in Cumberland, Rhode Island.

13. Upon information and belief, there is an actual controversy between and among International Paper, Teknor Apex Company; Quebecor World Halliday, Inc. f/k/a

Halliday Lithograph Corp.; Leach & Garner Technology, Inc.; Sequa Corp. f/k/a/ Sun Chemical Corp.; David Brask; General Electric Co f/k/a/ GE-CEP; Hollingsworth and Vose Co.; Three R's Transportation, Inc.; Benjamin Moore and Co.; Wyman-Gordon Co. and ACS Industries and Plaintiffs as to their respective rights and duties concerning the alleged contamination at the facility.

14. If such allegations are proven, International Paper seeks a declaration that Teknor Apex Company; Quebecor World Halliday, Inc. f/k/a Halliday Lithograph Corp.; Leach & Garner Technology, Inc.; Sequa Corp. f/k/a/ Sun Chemical Corp.; David Brask; General Electric Co f/k/a/ GE-CEP; Hollingsworth and Vose Co.; Three R's Transportation, Inc.; Benjamin Moore and Co.; Wyman-Gordon Co.; and ACS Industries are jointly and severally liable to International Paper pursuant to CERCLA, and common law for any such costs or damages incurred by International Paper.

WHEREFORE, International Paper respectfully requests that this Court:

A. Enter a judgment against the co-defendants in an amount equal to any judgment against International Paper in excess of International Paper's fair, equitable and proportionate share of such judgment;

B. Enter a judgment against the co-defendants in an amount equal to International Paper's past response costs and/or costs of assessment, containment or removal under CERCLA.

C. Enter a declaration that the co-defendants are jointly severally for their costs, incurred or to be incurred, and damages under CERCLA.

D. Award International Paper its costs and attorney's fees incurred in connection with these claims; and

E. Grant such other relief as the Court may deem just and proper.

INTERNATIONAL PAPER COMPANY,

By its attorneys,

/s/ Steven M. Richard

Steven M. Richard (#403)
Nixon Peabody
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)
srichard@nixonpeabody.com

Of Counsel:
Elton Parker
International Paper Company
6400 Poplar Avenue
Memphis, TN 38197
Phone: (901) 419-4724
Fax: (901) 214-5223
elton.parker@ipaper.com
Dated: March 20, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the participants registered to receive pleadings via the ECF system and via regular mail, postage prepaid those listed below on this 20th of March, 2008.

/s/ Steven M. Richard

**Notice has been delivered by EFC to the following:**

Stephen Adams sadams@taylorduane.com

Melody A. Alger melody.alger@bgmalaw.com

John A. Andreasen jandreasen@mcgrathnorth.com

Thomas C. Angelone angelonelaw@aol.com, Conlonmaryv@aol.com

Julie P. Barry jpbarry@nutter.com

John J. Barton jbarton@taylorduane.com

Charles S. Beal cbeal@cm-law.com, ccappalli@cm-law.com

Gregory L. Benik gbenik@jreri.com, mbiagetti@jreri.com

Stephen J. Brake sbrake@nutter.com

Jeffrey S. Brenner jbrenner@nixonpeabody.com, mryone@nixonpeabody.com, ProEfile@nixonpeabody.com

Kevin J. Bristow KJBristowlaw@verizon.net

Christopher R. Bush cbush@riag.ri.gov, randrade@riag.ri.gov

Alexandra K. Callam acallam@haslaw.com, jmansolf@haslaw.com

Andrew C. Coulam acoulam@taylorduane.com, fconnor@taylorduane.com

Paul V. Curcio pcurcio@apslaw.com

John B. Daukas jdaukas@goodwinprocter.com

Mark O. Denehy mdenehy@apslaw.com

Gary N. Donner gdonner@rfbclaw.com

William S. Eggeling william.eggeling@ropesgray.com

Douglas J. Emanuel demanuel@crfllp.com

Roy P. Giarrusso rgiarrusso@gncm.net

Alden C. Harrington harrington@bhrlaw.com

Martha A. Holt mholt@eapdlaw.com

Thomas C. Jackson thomas.jackson@bakerbotts.com

Bret W. Jedele bjedele@crfllp.com

Adam P. Kahn akahn@foleyhoag.com

Eric Lukingbeal elukingbeal@rc.com

Kevin J. McAllister kmcallister@brcsm.com

James J. McGair jmcgair@hotmail.com

Joseph J. McGair jjm@petrarcamcgair.com

Keven A. McKenna KevenM@McKennaLaw.cc

Mark A. McSally mmcsally@kkrs.com

Matthew F. Medeiros mfm@lmkbw.com, cmorris@lmkbw.com, dcabral@lmkbw.com

Jeffrey S. Michaelson jeffmichaelson@cox.net

Mortimer C. Newton mortnewton@gmail.com

Karen Ann Pelczarski kap@blishcavlaw.com

Gerald J. Petros gpetros@haslaw.com, clomas@haslaw.com

Thomas C. Plunkett tplunkett@kprlaw.com, info@kprlaw.com

James T. Price jprice@spencerfane.com

Thomas P. Quinn tquinn@fmmesq.com

Peter Brent Regan pregan@srt-law.com

Paul V. Reynolds pvreynolds@conversent.net

Justin T. Shay jshay@cm-law.com, ccappalli@cm-law.com

Deming E. Sherman dsherman@eapdlaw.com, ekula@eapdlaw.com

Kristen W. Sherman ksherman@apslaw.com, afontaine@apslaw.com, btallman@apslaw.com

Steven E. Snow ses@psh.com, tlc@psh.com

Dean S. Sommer dsommer@youngsommer.com, amorris@youngsommer.com

Benjamin V. White , III bwhite@vetterandwhite.com

**Notice has been delivered by U.S. mail to the following:**

| | | |
|---|---|---|
| Ralph A. Child<br>Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC<br>One Financial Center<br>Boston, MA 02111 | Stephen E. Crowley<br>US Dept. of Justice<br>Environmental Defense Section<br>P.O. Box 23986<br>Washington, DC 20026-3986 | Christopher Davis<br>Goodwin Procter LLP<br>Exchange Place<br>Boston, MA 02109 |
| Irvin Freilich<br>Roberton, Freilich, Bruno & Cohen<br>One Riverfront Plaza<br>Newark, NJ 07102 | Roy Giarusso<br>Giarruso, Norton, Cooley & McGlone<br>Marina Bay<br>308 Victory Road<br>Boston, MA 02171 | William D. Gillis, Jr.<br>Donovan Hatem, LLP<br>Two Seaport Lane<br>Boston, MA 02210 |
| Edmund J. Gorman<br>Moehreke, Mackie & Shea<br>137 Newbury Street<br>Boston, MA 02116 | Ira K. Gross<br>Sullivan & Worcester LLP<br>One Post Office Square<br>Boston, MA 02109 | H. Hamilton Hackney, III<br>Choate, Hall & Stewart<br>Exchange Place<br>53 State Street<br>Boston, MA 02109-2804 |
| Thomas H. Hannigan, Jr.<br>Ropes & Gray<br>One International Place<br>Boston, MA 02110 | Jennifer A. Jester<br>Choate, Hall & Stewart<br>Exchange Place<br>53 State Street<br>Boston, MA 02109-2804 | Nicholas Kenney<br>Foley Hoag LLP<br>155 Seaport Boulevard<br>Boston, MA 02210 |

| | | |
|---|---|---|
| Lyn M. Lustig<br>Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC<br>One Financial Center<br>Boston, MA 02111 | Louis N. Massery<br>Massery, Gillis & Guiney<br>101 Merrimac Street<br>Boston, MA 02114 | Jonathan A. Murphy<br>Lester, Schwab, Katz & Dwyer, LLP<br>120 Broadway<br>New York, NY 10271-5916 |
| David Platt<br>Murtha, Cullina, Richter & Pinney<br>185 Asylum Street<br>Hartford, CT 06103 | Eric M. Sommers<br>McLane Graf Raulerson & MIddleton, PA<br>2900 Elm St.<br>P.O. Box 326<br>Manchester, NH 03105-0326 | Christine Kelley Tramontana<br>Giarrusso, Norton, Cooley & McGlone, P.C.<br>308 Victory Road<br>Marina Bay<br>Quincy, MA 02171 |