UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILEVER BESTFOODS and KIK CUSTOM PRODUCTS, INC., f/k/a CCL CUSTOM MANUFACTURING, INC.<br><br>Plaintiffs,<br>v.<br><br>TEKNOR APEX COMPANY; QUEBECOR WORLD HALLIDAY, INC. f/k/a Halliday Lithograph Corp.; LEACH & GARNER TECHNOLOGY, INC.; SEQUA CORP. f/k/a Sun Chemical Corp.; WYMAN-GORDON COMPANY; DAVID BRASK GENERAL ELECTRIC CO. f/k/a GE-CEP; HOLLINGSWORTH & VOSE CO.; THREE R'S TRANSPORTATION, INC.; BENJAMIN MOORE & CO.; INTERNATIONAL PAPER CO. f/k/a Allied Container Corp.; and ACS INDUSTRIES, INC.<br><br>Defendants. | C.A. No. 01-496L |

**ANSWER OF ACS INDUSTRIES, INC. TO PLAINTIFFS'**
**FOURTH AMENDED COMPLAINT AND ANSWER TO CROSS-CLAIMS**

Defendant ACS Industries, Inc. ("ACS") responds to the Fourth Amended Complaint of Plaintiffs Unilever Bestfoods and KIK Custom Products, Inc., f/k/a CCL Custom Manufacturing, Inc. as follows:

**STATEMENT OF THE CASE**

1. This paragraph contains descriptions of allegations in the complaint and/or legal conclusions that require no response. To the extent that a response is deemed required, ACS denies the allegations.

2. This paragraph contains descriptions of allegations in the complaint and/or legal conclusions that require no response. To the extent that a response is deemed required, ACS denies the allegations.

3. This paragraph contains descriptions of allegations in the complaint and/or legal conclusions that require no response. To the extent that a response is deemed required, ACS denies the allegations.

4. This paragraph contains descriptions of allegations in the complaint and/or legal conclusions that require no response. To the extent that a response is deemed required, ACS denies the allegations.

5. This paragraph contains descriptions of allegations in the complaint and/or legal conclusions that require no response. To the extent that a response is deemed required, ACS denies the allegations.

6. This paragraph contains descriptions of allegations in the complaint and/or legal conclusions that require no response. To the extent that a response is deemed required, ACS denies the allegations.

## JURISDICTION AND VENUE

7. This paragraph contains descriptions of allegations in the complaint and/or legal conclusions that require no response. To the extent that a response is deemed required, ACS denies the allegations.

8. This paragraph contains descriptions of allegations in the complaint and/or legal conclusions that require no response. To the extent that a response is deemed required, ACS denies the allegations.

9. This paragraph contains descriptions of allegations in the complaint and/or legal conclusions that require no response. To the extent that a response is deemed required, ACS denies the allegations.

10. This paragraph contains descriptions of allegations in the complaint and/or legal conclusions that require no response. To the extent that a response is deemed required, ACS denies the allegations.

**DEFENDANTS**

11. ACS admits that it is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21). ACS is without sufficient knowledge or information to respond to the paragraph as it relates to other defendants, and therefore denies the remaining allegations set forth in paragraph 11.

12. ACS denies the allegations in this paragraph that relate to ACS, and states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph relating to any other defendants and, therefore, leaves the plaintiffs to their proof.

13. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

14. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

**THE NPL SITE**

15. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

16. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

17. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

## RELATIONSHIP OF THE PARTIES TO AND HISTORY OF OPERABLE UNIT 1 (OU-1)

18. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

19. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

20. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

21. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

22. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

23. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

24. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

25. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

## RELATIONSHIP OF THE PARTIES TO AND HISTORY OF THE SITE (*I.E.*, OU-2)

26. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

27. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

28. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

29. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

30. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

31. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

32. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

33. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

34. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

35. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

36. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

37. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

38. ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

**COUNT I**
**COST RECOVERY PURSUANT TO 42 U.S.C. § 9607**
**(UNILEVER BESTFOODS AND KIK CUSTOM PRODUCTS, INC.)**

39. ACS incorporates its response to Paragraphs 1 through 38 herein by reference.

40. ACS states it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof. Further, ACS states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

41. ACS states it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof. Further, ACS states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

42. ACS states it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof. Further, ACS states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

43. ACS states it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to

their proof. Further, ACS states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

44. ACS states it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof. Further, ACS states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

45. ACS states it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof. Further, ACS states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

46. ACS states it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof. Further, ACS states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

47. ACS states it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof. Further, ACS states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

48. ACS states it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof. Further, ACS states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

49. To the extent that paragraph 49 alleges that ACS is liable to the plaintiffs under 42 U.S.C. § 9607(a)(3) of CERCLA, it is denied. As to the remaining allegations contained in this paragraph, ACS states that it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

50. ACS states it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof. Further, ACS states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions.

**COUNT II**
**CONTRIBUTION PURSUANT TO CERCLA**
**(UNILEVER BESTFOODS AND KIK CUSTOM PRODUCTS, INC.)**

51. ACS incorporates its response to Paragraphs 1 through 50 herein by reference.

52. This paragraph contains a legal conclusion and, therefore, it requires no response.

53. This paragraph contains a legal conclusion and, therefore, it requires no response.

54. This paragraph contains a legal conclusion and, therefore, it requires no response.

55. This paragraph contains a legal conclusion and, therefore, it requires no response. To the extent it requires a response, it is denied.

56. ACS states it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

57. This paragraph contains a legal conclusion and, therefore, it requires no response.

58. This paragraph contains a legal conclusion and, therefore, it requires no response. To the extent it requires a response, it is denied.

59. ACS states it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiffs to their proof. To the extent it requires a response, it is denied.

60. ACS states it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof. Further, ACS states that no response is required to the allegations contained in this paragraph in that they constitute legal conclusions. To the extent it requires a response, it is denied.

## COUNT III
## EQUITABLE INDEMNITY
## (UNILEVER BESTFOODS)

61. ACS incorporates its response to Paragraphs 1 through 60 herein by reference.

62. ACS states it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

63. ACS states it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

64. ACS states it has insufficient knowledge and information upon which to form a belief as to the truth of the allegations in this paragraph and, therefore, leaves the plaintiffs to their proof.

65. ACS denies the allegations contained in paragraph 65 as they pertain to it, and has insufficient knowledge and information upon which to form a belief as to the truth of the other allegations and, therefore, leaves the plaintiffs to their proof.

66. ACS denies the allegations contained in paragraph 66 as they pertain to it, and has insufficient knowledge and information upon which to form a belief as to the truth of the other allegations and, therefore, leaves the plaintiffs to their proof.

67. ACS denies the allegations contained in paragraph 67 as they pertain to it, and has insufficient knowledge and information upon which to form a belief as to the truth of the other allegations and, therefore, leaves the plaintiffs to their proof.

**COUNT IV**
**DECLARATORY JUDGMENT**
**(UNILEVER BESTFOODS AND KIK CUSTOM PRODUCTS, INC.)**

68. ACS incorporates its response to Paragraphs 1 through 67 herein by reference.

69. This paragraph contains descriptions of allegations in the complaint and/or legal conclusions that require no response. To the extent that a response is deemed required, ACS denies the allegations.

70. ACS denies the allegations contained in paragraph 70 as they pertain to it, and has insufficient knowledge and information upon which to form a belief as to the truth of the other allegations and, therefore, leaves the plaintiffs to their proof.

71. ACS denies the allegations contained in paragraph 71 as they pertain to it, and has insufficient knowledge and information upon which to form a belief as to the truth of the other allegations and, therefore, leaves the plaintiffs to their proof.

72. ACS denies the allegations contained in paragraph 72 as they pertain to it, and has insufficient knowledge and information upon which to form a belief as to the truth of the other allegations and, therefore, leaves the plaintiffs to their proof.

73. ACS denies the allegations contained in paragraph 73 as they pertain to it, and has insufficient knowledge and information upon which to form a belief as to the truth of the other allegations and, therefore, leaves the plaintiffs to their proof.

74. ACS denies the allegations contained in paragraph 74 as they pertain to it, and has insufficient knowledge and information upon which to form a belief as to the truth of the other allegations and, therefore, leaves the plaintiffs to their proof.

**FIRST DEFENSE**

The Fourth Amended Complaint fails to state claims upon which relief can be granted.

**SECOND DEFENSE**

Insofar as the Fourth Amended Complaint purports to state claims upon which relief can be granted under CERCLA, 42 U.S.C. § 9601 et seq., all claims against ACS are barred to the extent that any releases or threats of release of hazardous substances and any damages resulting therefrom, proven by Plaintiffs, were caused by acts or omissions of third parties.

**THIRD DEFENSE**

Insofar as the Fourth Amended Complaint purports to state claims against ACS upon which relief can be granted, said claims are barred in whole or in part by the relevant statutes of limitations.

**FOURTH DEFENSE**

Insofar as the Fourth Amended Complaint purports to state claims against ACS upon which equitable relief can be granted, said claims are barred in whole or in part by the doctrine of unclean hands.

**FIFTH DEFENSE**

Plaintiffs have failed to mitigate their damages.

**SIXTH DEFENSE**

Plaintiffs have failed to join necessary and/or indispensable parties.

**SEVENTH DEFENSE**

Plaintiffs are barred from relief under CERCLA because, by their own acts or omissions, Plaintiffs have proximately caused the conditions alleged in the Fourth Amended Complaint, and in the alternative, are in pari delicto with others.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred by their contributory negligence.

**NINTH DEFENSE**

Even if some waste materials generated by ACS found their way to the Peterson/Puritan Superfund Site, which allegation is specifically denied, these materials were in no way hazardous, dangerous, toxic, or damaging.

**TENTH DEFENSE**

The volume of waste materials generated by ACS that may have been deposited at the Peterson/Puritans Site, if any, is so insignificant as to be de minimis and not the cause in fact or proximate cause of Plaintiffs' alleged damages or harm.

**ELEVENTH DEFENSE**

The conduct, actions or omissions of ACS were not the cause in fact or proximate cause of any of the response costs allegedly incurred by Plaintiffs in response to the "release" or "threatened release" of hazardous substances at the Peterson/Puritan Superfund Site.

**TWELFTH DEFENSE**

The costs incurred or to be incurred by Plaintiffs, which are referenced in the Fourth Amended Complaint, are not "response" costs recoverable from ACS within the meaning of CERCLA.

**THIRTEENTH DEFENSE**

The costs incurred, or to be incurred by Plaintiffs are inconsistent with the National Contingency Plan and therefore cannot be recovered from ACS pursuant to CERCLA.

**FOURTEENTH DEFENSE**

Plaintiffs have failed to completely extinguish their liability to other parties for Peterson/Puritan Superfund Site response costs and, therefore, are not entitled to maintain a contribution action against ACS.

**FIFTEENTH DEFENSE**

In the event that ACS is held responsible for any of the response costs as alleged in the Fourth Amended Complaint and affirmative relief is granted against ACS, then ACS' liability should be proportionate to its respective individual contribution to the alleged harm or endangerment causing the response costs to be incurred, taking into account the contribution of Plaintiffs and all other persons whose acts or omissions otherwise contributed to the alleged harm or endangerment from a "release" or "threatened release" at the Peterson/Puritan Superfund Site.

**SIXTEENTH DEFENSE**

ACS' contribution, if any, to Plaintiffs' alleged costs are de minimis as the contribution of hazardous substances by ACS into the Peterson/Puritan Superfund Site, if any, can be distinguished as a discrete portion and is minimal in volume and/or toxicity.

**SEVENTEENTH DEFENSE**

Plaintiffs have not paid more than their fair share of the total response costs incurred in connection with the Peterson/Puritan Superfund Site and, therefore, are not entitled to contribution from ACS.

**EIGHTEENTH DEFENSE**

ACS hereby incorporates all separate defenses which have been or will be pleaded by any party in this action, to the extent that these defenses are applicable to ACS.

**NINETEENTH DEFENSE**

Plaintiffs are precluded from seeking to recover any costs, damages and/or expenses from ACS because they are obligated by contract and applicable statutes and have entered into an administrative order on consent with the EPA.

**TWENTIETH DEFENSE**

Any costs, damages expenses incurred by plaintiffs were incurred voluntarily, and any contribution claims seeking their recovery is barred.

**ANSWER TO CROSS-CLAIMS**

ACS denies all of the allegations in any cross-claims that have been or may be asserted against it, and denies any liability pursuant to any cross-claims.

ACS INDUSTRIES, INC.

By its Attorneys,

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Alexandra K. Callam (#5358)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
gpetros@haslaw.com
acallam@haslaw.com

Dated: March 20, 2008

**CERTIFICATION**

I hereby certify that on March 20, 2008, a copy of the foregoing Answer was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Alexandra K. Callam (#5358)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (Facsimile)
gpetros@haslaw.com
acallam@haslaw.com

874229 (58616-125725)