UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNILEVER, BESTFOODS and KIK CUSTOM PRODUCTS, INC., f/k/a/ CCL CUSTOM MANUFACTURING, INC. Plaintiffs, | : | |
| v. | : | |
| TEKNOR APEX COMPANY; QUEBECOR WORLD HALLIDAY, INC. f/k/a/ Halliday Lithograph Corp.; LEACH & GARNER TECHNOLOGY, INC.; SEQUA CORP. f/k/a Sun Chemical Corp.; WYMAN-GORDON COMPANY; DAVID BRASK GENERAL ELECTRIC CO. f/k/a GE-CEP; HOLLINGSWORTH & VOSE CO.; THREE R'S TRANSPORTATION, INC.; BENJAMIN MOORE & CO.; INTERNATIONAL PAPER CO. f/k/a Allied Container Corp.; and ACS INDUSTRIES, INC. Defendants | : | CA No. 01-496L |
| ________________________________________ | : | CONSOLIDATED |
| KIK CUSTOM PRODUCTS, INC.; f/k/a CCL CUSTOM MANUFACTURING, INC., Plaintiff, | : | CA No. 01-511l |
| v. | : | |
| A.T. CROSS COMPANY and RAYTHEON COMPANY NATIONAL GRID USA f/k/a BLACKSTONE VALLEY ELECTRIC CO., and GENERAL CABLE CORP. f/k/a CAROL CABLE CO., Defendants. | : | |

**ANSWER OF THE DEFENDANT WYMAN-GORDON COMPANY TO CO-DEFENDANT INTERNATIONAL PAPER COMPANY'S CROSS-CLAIM**

The Defendant Wyman-Gordon Company ("Wyman-Gordon"), for answer to the Cross-Claim of Co-Defendant, International Paper Company, hereby states as follows:

COUNT I

Said defendant neither admits nor denies the allegations contained in paragraphs 1, 2 and 3.

Said defendant denies the allegations contained in paragraphs 4 and 5.

COUNT II

Said defendant hereby incorporates by reference its answers to paragraphs 1 through 5.

Said defendant denies the allegations contained in paragraphs 7, 8 and 9.

COUNT III

Said defendant incorporates by reference its answers to paragraphs 1 through 9.

Said defendant denies the allegations contained in paragraphs 11, 12, 13 and 14.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Cross-Claim fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Cross-Claim and the claims therein are barred by the applicable statutes of limitation.

### THIRD DEFENSE

Some or all of the claims of the Defendant International Paper Company are barred or limited because the parties have failed to mitigate their damages.

### FOURTH DEFENSE

The Defendant International Paper Company's alleged cause of action is barred or limited insofar as any costs, damages and expenses alleged to be incurred are solely the result of intervening and supervening acts of persons or entities over which Wyman-Gordon had no control.

### FIFTH DEFENSE

The alleged acts and omissions of Wyman-Gordon were not the legal proximate cause of the alleged damages.

SIXTH DEFENSE

The Defendant International Paper Company is barred from recovery by the doctrines of laches, waiver and estoppel.

SEVENTH DEFENSE

The Defendant International Paper Company may not recover judgment against Wyman-Gordon because the hazardous material at the Site, if any, is found in concentrations and amounts not legally sufficient to cause harm or damage to the premises.

EIGHTH DEFENSE

If the Defendant International Paper Company has incurred or may incur necessary response costs, they were caused, in whole or in part, by the acts or omissions of third parties, other than agents or employees of Wyman-Gordon and other than parties whose acts or omissions occurred in connection with a contractual relationship existing directly or indirectly with Wyman-Gordon, and Wyman-Gordon at all relevant times (a) exercised due care with respect to the property and any alleged contamination, (b) took all reasonable precautions against the actual omissions of any third party and their reasonable, foreseeable consequences, and (c) complied with all applicable notice requirements

NINTH DEFENSE

To the extent that Wyman-Gordon is liable to the Defendant International Paper Company for any response costs, Wyman-Gordon is liable only for that portion of such costs which are attributable to a release caused by the acts or omissions of Wyman-Gordon.

TENTH DEFENSE

If Wyman-Gordon is a person liable for releases or threats of release of oil or hazardous materials, which liability Wyman-Gordon expressly denies, then only a minor portion of Wyman-Gordon's costs or damage is attributable to a release or threat of release of such oil or hazardous material.

ELEVENTH DEFENSE

If Wyman-Gordon is a person liable for a release or threats of release of oil or hazardous materials, which liability Wyman-Gordon expressly denies, then the substance or amount thereof

Wyman-Gordon released or threatened to be released does not represent a long or short term danger to the public health, safety, welfare or the environment.

TWELFTH DEFENSE

If Wyman-Gordon is a person liable for a release of hazardous materials, which liability Wyman-Gordon expressly denies, then the release of hazardous substances or materials for which Wyman-Gordon is liable and any alleged resulting harm is divisible from the those other releases or other hazardous materials which require a response or remediation at the Site and for which Wyman-Gordon is not liable.

THIRTEENTH DEFENSE

If Wyman-Gordon is a person liable for a release of hazardous materials, which liability Wyman-Gordon expressly denies, such releases did not cause the Defendant International Paper Company to incur any response costs.

FOURTEENTH DEFENSE

Pursuant to 42 U.S.C. §§ 9601(35) and 9607(b), Wyman-Gordon is not liable because the alleged release(s) or threatened release(s) at issue in this action and the purported damages resulting therefrom, if any, were caused solely by acts or omissions of third parties.

FIFTEENTH DEFENSE

Defendant International Paper Company's costs, if any, are, in whole or in part, unnecessary, inconsistent with the applicable National Contingency Plan ("NCP") or were not caused by the release(s) for which Wyman-Gordon may be held liable.

SIXTEENTH DEFENSE

Defendant International Paper Company has failed to avoid or mitigate damages that they allege have occurred at the site. To the extent that Defendant International Paper Company could have acted to avoid or mitigate its damages, its claim for costs, damages, expenses and other relief is barred, in whole or in part.

SEVENTEENTH DEFENSE

The imposition of liability upon Wyman-Gordon under CERCLA violates the Due Process, Equal Protection, Taking, and Ex Post Facto provisions of the United States Constitution.

EIGHTEENTH DEFENSE

Defendant International Paper Company is estopped from recovering against Wyman-Gordon for response costs attributable to their own actions.

NINETEENTH DEFENSE

Defendant International Paper Company's claims are barred, in whole or in part, by the doctrine of unclean hands.

TWENTIETH DEFENSE

Defendant International Paper Company's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

TWENTY-FIRST DEFENSE

If there were, or are, any releases of hazardous substances from the site for which Wyman-Gordon is found liable, the releases were or are federally permitted, in whole or in part, and Defendant International Paper Company cannot recover under 42 U.S.C. § 9607 its response costs, if any, resulting from such releases.

TWENTY-SECOND DEFENSE

Defendant International Paper Company's claims are barred, in whole or in part, under CERCLA insofar as they seek to recover costs, damages and expenses other than "response costs."

TWENTY-THIRD DEFENSE

If Defendant International Paper Company has incurred any recoverable response costs caused by a release or threat of release of a hazardous substance for which Wyman-Gordon is

responsible, the costs and the harm in relation to which they were incurred are divisible and, therefore, Wyman-Gordon is not jointly and severally liable to Defendant International Paper Company

TWENTY-FOURTH DEFENSE

Since Defendant International Paper Company's action is one for contribution, Wyman-Gordon may be liable, if at all, only severally for its equitable share of Defendant International Paper Company's alleged response costs otherwise recoverable from Wyman-Gordon.

TWENTY-FIFTH DEFENSE

Wyman-Gordon is not a past generator, transporter or owner or operator of a treatment, storage or disposal facility and Wyman-Gordon has not contributed to the past handling, storage, treatment, transportation or disposal of any solid or hazardous waste, which waste may present an imminent and substantial endangerment to health or the environment at this Site.

TWENTY-SIXTH DEFENSE

Defendant International Paper Company's claims are barred, in whole or in part, to the extent that the conditions at the site and any costs, damages and expenses allegedly incurred by Defendant International Paper Company are solely the result of intervening and supervening acts or omissions of persons over whom it had no control.

TWENTY-SEVENTH DEFENSE

Defendant International Paper Company may not invoke the citizen's suit provisions of RCRA.

TWENTY-EIGHTH DEFENSE

Defendant International Paper Company's claims are barred, in whole or in part, to the extent defendant seeks to recover costs, damages or expenses incurred before the effective dates of CERCLA or RCRA or for releases and/or injury occurring before December 11, 1980.

TWENTY-NINTH DEFENSE

Defendant International Paper Company's claims are barred, in whole or in part, by their own negligence.

THIRTIETH DEFENSE

Wyman-Gordon hereby adopts, incorporates by reference, and asserts all other affirmative defenses made by any other Defendants in this matter, except to the extent that said affirmative defenses attempt to shift liability to Wyman-Gordon.

**WHEREFORE,** Wyman-Gordon respectfully requests that this Court:

A. Enter judgment in favor of Wyman-Gordon against the Defendant International Paper Company on all claims in the Cross-Claim;

B. Declare that Wyman-Gordon is not liable for the costs associated with the response actions undertaken at the subject property/site;

C. Dismiss the Cross-Claim;

D. Award Wyman-Gordon its reasonable costs and expenses of this litigation, including reasonable attorney's fees;

E. Grant such legal or equitable relief as this Court deems just and proper under the circumstances.

WYMAN-GORDON COMPANY,
By its attorneys,

/s/ William D. Gillis, Jr.

______________________________

William D. Gillis, Jr. (pro hac vice)
DONOVAN HATEM LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210
(617) 406-4500
(617) 406-4501 FAX

/s/ Thomas C. Plunkett

______________________________

Thomas C. Plunkett (1662)
KIERNAN, PLUNKETT & REDIHAN

91 Friendship Street
Providence, RI 02903
(401) 831-2900
(401) 331-7123 FAX

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2008 I caused a copy of the within to be served on the following:

**1:01-cv-496 Notice will be electronically mailed to:**

| | |
|---|---|
| Stephen Adams | sadams@taylorduane.com |
| Melody A. Alger | melody.alger@bgmalaw.com |
| John A. Andreason | jandreasen@mcgrathnorth.com |
| Thomas C. Angelone | angelonelaw@aol.com, Conlonmaryv@aol.com |
| Julie P. Barry | jpbarry@nutter.com |
| John J. Barton | jbarton@taylorduane.com |
| Charles S. Beal | cbeal@cm-law.com, ccappalli@cm-law.com |
| Gregory L. Benik | gbenik@jreri.com, mbiagetti@jreri.com |
| Stephen J. Brake | sbrake@nutter.com |
| Kevin J. Bristow | KJBristowlaw@verizon.net |
| Christopher R. Bush | cbush@riag.ri.gov, randrade@riag.ri.gov |
| Alexandra K. Callam | acallam@haslaw.com, jmansolf@haslaw.com |
| Paul V. Curcio | pcurcio@apslaw.com |
| John B. Daukas | jdaukas@goodwinprocter.com |
| Mark O. Denehy | mdenehy@apslaw.com |
| William S. Eggeling | William.eggeling@ropesgray.com |
| Douglas J. Emanuel | demanuel@crflp.com |
| Roy P. Giarrusso | rgiarrusso@gncm.net |
| Alden C. Harrington | Harrington@bhrlaw.com |

Martha A. Holt mholt@eapdlaw.com

Thomas C. Jackson thomas.jackson@bakerbotts.com

Bret W. Jedele bjedele@crfllp.com

Adam P. Kahn akahn@foleyhoag.com

Eric Lukingbeal elukingbeal@rc.com

Kevin J. McAllister kmcallister@brcsm.com

James J. McGair jmcgair@hotmail.com

Joseph J. McGair jjm@petrarcamcgair.com

Keven A. McKenna KevenM@McKennaLaw.cc

Mark McSally mmcsally@kkrs.com

Matthew F. Medeiros mfm@lmkbw.com, cmorris@lmkbw.com, dcabral@lmkbw.com

Jeffrey S. Michaelson jeffmichaelson@cox.net

Mortimer C. Newton mortnewton@gmail.com

Elton Parker Elton.parker@ipaper.com

Karen Ann Pelczarski kap@blishcavlaw.com

Gerald J. Petros gpetros@haslaw.com, clomas@haslaw.com

Thomas C. Plunkett tplunkett@kprlaw.com, info@kprlaw.com

James T. Price jprice@spencerfane.com

Thomas P. Quinn tquinn@fmmesq.com

Steven M. Richard srichard@nixonpeabody.com

Peter Brent Regan pregan@srt-law.com

Paul V. Reynolds pvreynolds@conversent.net

Justin T. Shay jshay@cm-law.com, ccappalli@cm-law.com

Deming E. Sherman dsherman@capdlaw.com, ekula@eapdlaw.com

Kristen W. Sherman ksherman@apslaw.com, afontaine@apslaw.com, btallman@apslaw.com

Steven E. Snow ses@psh.com, tlc@psh.com

Dean S. Sommer dsommer@youngsommer.com, amorris@youngsommer.com

Benjamin V White III bwhite@vetterandwhite.com,

**1:01-cv-496 Notice will be delivered by other means to:**

Ralph A. Child
Mintz, Levin, Cohn, Ferris,
Glovsky & Popeo, PC
One Financial Center
Boston, MA 02111

Stephen E. Crowley
US Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington DC 20026-3986

Christopher Davis
Goodwin Procter LLP
Exchange Place
Boston MA 02109

Gary N. Donner
Robertson, Freilich, Bruno & Cohen
One Riverfront Plaza
Newark, NJ 07102

Irvin Freilich
Robertson, Freilich, Bruno & Cohen
One Riverfront Plaza
Newark, NJ 07102

Roy P. Giarrusso
Giarrusso, Norton, Cooley & McGlone PC
Marina Bay
308 Victory Road
Boston, MA 02171

William D. Gillis, Jr.
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

Edmund J. Gorman
Moehreke, Mackie & Shea
137 Newbury Street
Boston, MA 02116

Ira K. Gross
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

H. Hamilton Hackney, III
Choate, Hall & Stewart
Exchange Place
53 State Street
Boston, MA 02109-2804

Thomas H. Hannigan, Jr.
Ropes & Gray
One International Place
Boston, MA 02110

Jennifer A. Jester
Choate, Hall & Stewart
Exchange Place
53 State Street
Boston, MA 02109-2804

Nicholas Kenney
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

Lyn M. Lustig
MIntz, Levin, Cohn, Ferris,
Glovsky & Popeo PC
One Financial Center
Boston, MA 02111

Kevin J. McCallister,Esq.
Brennan, Recupero, Cascione,
Scungio & McCallister LLP
362 Broadway
Providence, RI 02909

Louis N. Massery
Massery, Gillis & Guiney
101 Merrimac Street
Boston, MA 02114

Jonathan A. Murphy
Lester, Schwab, Katz & Dwyer LLP
120 Broadway
New York, NY 10271-5916

David Platt

Murtha Cullina Richter & Pinney
185 Asylum Street
Hartford, CT 06103

Dean S. Sommer, Esq.
James A. Muscato, II, Esq.
Young, Sommer, Ward, Ritzenberg,
Baker & Moore, LLC
5 Palisades Drive
Albany, NY 12205

Eric M. Sommers
McLane Graf Raulerson & Middleton PA
2900 Elm St
P. O. Box 326
Manchester NH 03105 0326

Christine Kelley Tramontana
Giarrusso Norton Cooley & McGlone PC
308 Victory Road
Marina Bay
Quincy MA 02171

/s/ Thomas C. Plunkett