IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNILEVER BESTFOODS and KIK CUSTOM PRODUCTS, INC., f/k/a CCL CUSTOM MANUFACTURING, INC.<br><br>Plaintiffs,<br><br>v.<br><br>TEKNOR APEX COMPANY; QUEBECOR WORLD HALLIDAY, INC. f/k/a Halliday Lithograph Corp.; LEACH & GARNER TECHNOLOGY, INC.; SEQUA CORP. f/k/a Sun Chemical Corp.; WYMAN-GORDON COMPANY; DAVID BRASK; GENERAL ELECTRIC CO. f/k/a GE-CEP; HOLLINGSWORTH & VOSE CO.; THREE R's TRANSPORTATION, INC.; BENJAMIN MOORE & CO.; INTERNATIONAL PAPER CO. f/k/a Allied Container Corp.; and ACS INDUSTRIES, INC.<br><br>Defendants. | : | Civil Action No. 01-496L |

ANSWER OF UNILEVER BESTFOODS AND KIK CUSTOM PRODUCTS, INC.
TO INTERNATIONAL PAPER COMPANY'S COUNTERCLAIM

Plaintiffs Unilever Bestfoods and KIK Custom Products, Inc. ("Plaintiffs") hereby answer Defendant International Paper Company's Counterclaim as follows:

Count I
(Contribution)

1. Admitted.

2. Admitted.

3. Admitted.

4. Plaintiffs state that the allegations set forth in Paragraph 4 draw legal conclusions, to which no response is required. To the extent this paragraph contains allegations against Plaintiffs for which a response is required, the allegations are denied.

5. Plaintiffs state that the allegations set forth in Paragraph 5 draw legal conclusions, to which no response is required. To the extent this paragraph contains allegations against Plaintiffs for which a response is required, the allegations are denied.

Count II
(Cost Recovery)

6. Plaintiffs adopt their responses to the allegations contained in the previous paragraphs as if fully set forth herein.

7. Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7.

8. Plaintiffs state that the allegations set forth in Paragraph 8 draw legal conclusions, to which no response is required. To the extent this paragraph contains allegations against Plaintiffs for which a response is required, the allegations are denied.

Count III
(Declaratory Relief)

9. Plaintiffs adopt their responses to the allegations contained in the previous paragraphs as if fully set forth herein.

10. Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Plaintiffs state that the allegations set forth in Paragraph 11 draw legal conclusions, to which no response is required. To the extent this paragraph contains allegations against Plaintiffs for which a response is required, the allegations are denied.

12. Plaintiffs state that the allegations set forth in Paragraph 12 draw legal conclusions, to which no response is required. To the extent this paragraph contains allegations against Plaintiffs for which a response is required, the allegations are denied.

13. Plaintiffs state that the allegations set forth in Paragraph 13 draw legal conclusions, to which no response is required. To the extent this paragraph contains allegations against Plaintiffs for which a response is required, the allegations are denied.

**First Defense**

International Paper Company's counterclaim fails to state a claim upon which relief can be granted.

**Second Defense**

International Paper Company's counterclaim is barred by the contribution protection provisions of the Third Amended Administrative Order on Consent to which Plaintiffs are signatories.

**Third Defense**

Unilever Bestfoods is not a person subject to liability pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613, because it is not the current owner or operator of the Site; did not own or operate the Site or some portion thereof at the time of disposal of any hazardous substance at the Site; did not, by contract, agreement or otherwise, arrange for disposal or treatment, or arrange with a transporter for transport for disposal or treatment, of hazardous substances at the Site; and, did not accept hazardous substances for transport to the Site and/or select the Site as the place for disposal or treatment.

**Fourth Defense**

Unilever Bestfoods is not contributing and has not contributed to the past or present disposal or release of any hazardous substance or any disposal of a solid waste or hazardous waste on any or certain portions of the Site.

**Fifth Defense**

Unilever Bestfoods did not release or permit the release of any hazardous substance or material or arrange for the disposal of any hazardous substance or material which was released at the Site.

**Sixth Defense**

Any release or threatened release of hazardous substances at the Site and/or any response costs incurred by International Paper Company was not caused by any hazardous substances released or threatened to be released as a result of the processing or disposal of materials allegedly sent by Unilever Bestfoods. International Paper Company therefore is not entitled to recover contribution for any response costs or other relief requested in its counterclaim against Unilever Bestfoods.

**Seventh Defense**

The alleged acts or omissions of Unilever Bestfoods were not the legal or proximate cause of the alleged conditions at the Site.

**Eighth Defense**

International Paper Company has caused and/or contributed to any and all releases and threatened releases at the Site, is responsible for the expenditures for which it now seeks contribution, and is liable for some or all of the costs that it seeks to recover. International Paper Company therefore is not entitled to recover contribution for response costs or any other relief requested in its counterclaim.

**Ninth Defense**

International Paper Company is estopped from maintaining any claims against Plaintiffs by virtue of its acts, conduct and statements.

**Tenth Defense**

International Paper Company's counterclaim is barred by the equitable doctrine of unjust enrichment.

**Eleventh Defense**

International Paper Company cannot recover the alleged costs, damages and other expenses that it has allegedly incurred or will incur because such recovery is barred by the doctrine of unclean hands.

**Twelfth Defense**

International Paper Company has not paid, and will not be required to pay, amounts in excess of its equitable respective share of response costs at the Site, and therefore has no cause of action for contribution against Plaintiffs.

**Thirteenth Defense**

In the event that Plaintiffs are found liable for contribution for any costs incurred by International Paper Company related to the Site, Plaintiffs are entitled to have the damages for harm be apportioned among the other parties found to be liable for such costs.

**Fourteenth Defense**

To the extent that Plaintiffs may be found liable to International Paper Company, Plaintiffs may not be held liable to International Paper Company for more than Plaintiffs' fair and equitable share of reasonable and necessary costs of response incurred consistent with the National Contingency Plan.

**Fifteenth Defense**

International Paper Company is a responsible party under CERCLA and has acted negligently and is therefore responsible for a greater proportionate share of liability at the Site.

**Sixteenth Defense**

International Paper Company's counterclaim is barred by the doctrine of waiver.

**Seventeenth Defense**

Plaintiffs incorporate herein by reference as though fully set forth herein at length all affirmative defenses set forth by other parties which may be applicable to Plaintiffs.

**Eighteenth Defense**

Plaintiffs reserve their right to assert additional affirmative defenses which become known or apparent during the discovery process.

WHEREFORE, Plaintiffs demand that International Paper Company's counterclaim be dismissed with prejudice and that they be awarded costs and reasonable attorneys' fees and such other relief as this Court may deem just and proper.

Respectfully submitted,

UNILEVER BESTFOODS
By Its Attorneys

*/s/ Kristen W. Sherman*
MARK DENEHY, ESQ. (#3492)
KRISTEN W. SHERMAN, ESQ. (#5595)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607

THOMAS C. JACKSON
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W. - The Warner
Washington, D.C. 20004
(202) 639-7710
Fax: (202) 585-1009

Dated: April 8, 2008

KIK CUSTOM PRODUCTS, INC.
By Its Attorneys:

*/s/ Karen A. Pelczarski*

KAREN A. PELCZARSKI, ESQ. (#3357)
BLISH & CAVANAGH
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
Fax: (401) 351-7542

Of Counsel:
JONATHAN A. MURPHY, ESQ.
(JAM-6052)
LESTER, SCHWAB, KATZ & DWYER, LLP
125 Broadway
New York, New York 10271-0071
(212) 964-6611
Fax: (212) 267-5916

Dated: April 8, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of April, 2008, I caused a copy of the within to be sent by electronic means (ECF) to the following counsel of record:

- **Julie P. Barry**
  jpbarry@nutter.com
- **Stephen J. Brake**
  sbrake@nutter.com
- **Thomas C. Jackson**
- thomas.jackson@bakerbotts.com
- **Mortimer C. Newton**
- mortnewton@gmail.com
- **Martha A. Holt**
  mholt@eapdlaw.com
- **Deming E. Sherman**
- dsherman@eapdlaw.com
- **Thomas C. Plunkett**
  tplunkett@kprlaw.com
- **Matthew F. Medeiros**
  mfm@lmkbw.com, dcabral@lmkbw.com, kocteau@lmkbw.com
- **Steven M. Richard**
  srichard@nixonpeabody.com, ProEfile@nixonpeabody.com
- **Gregory L. Benik**
  gbenik@jreri.com
- **Kevin J. Bristow**
  KJBristowlaw@verizon.net
- **Keven A. McKenna**
- KevenM@McKennaLaw.cc
- **Karen Ann Pelczarski**
- kap@blishcavlaw.com
- **Robert Wick**
  bwick@ww-envlaw.com
- **Dean S. Sommer**
- dsommer@youngsommer.com

and by mail to the following counsel of record:

William D. Gillis, Jr., Esq.
Donovan Hatem LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210

Irvin M. Freilich, Esq.
Gary N. Donner, Esq.
Robertson, Freilich, Bruno & Cohen, LLC
One Riverfront Plaza
Newark, NJ 07102

Jonathan A. Murphy, Esq.
Lester Schwab Katz & Dwyer
120 Broadway
New York, NY 10271-0071

*/s/ Kristen W. Sherman*

450722_1.DOC