UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILEVER, BESTFOODS et al., Plaintiffs, v. TEKNOR APEX COMPANY et al. Defendants. | CONSOLIDATED C.A. No. 01-496L |
| KIK CUSTOM PRODUCTS, et al., Plaintiffs, v. A.T. CROSS COMPANY et al. Defendants. | |

**ANSWER OF INTERNATIONAL PAPER COMPANY TO**
**CO-DEFENDANT GENERAL ELECTRIC CORPORATION'S CROSSCLAIM**

Defendant International Paper Company ("International Paper"), hereby answers the allegations asserted against it as contained in Defendant General Electric Co.'s ("General Electric") Answer To Plaintiffs' Fourth Amended Complaint, With Affirmative Defenses, Counterclaims And Cross-Claims (the "Crossclaim") as follows. To the extent said allegations do not concern or relate to International Paper, no response is necessary. Headings in this Answer are those included in the Crossclaim and are included here only for organizational consistency

## JURISDICTION AND VENUE

1. Admitted.

2. Admitted.

## FACTUAL ALLEGATIONS

3. The statements set forth in Paragraph 3 of the Crossclaim are not allegations of fact to which a response is required, but instead purport to describe the Crossclaim.

4. International Paper is not required to respond to Paragraph 4 as it sets forth a conclusion of law.

5. International Paper is not required to respond to Paragraph 5 as it sets forth a conclusion of law.

6. International Paper is not required to respond to Paragraph 6 as it sets forth a conclusion of law.

7. The statements set forth in Paragraph 7 of the Crossclaim are not allegations of fact to which a response is required, but instead purport to describe General Electric's response to Plaintiffs' allegations.

8. International Paper is not required to respond to Paragraph 8 as it sets forth a conclusion of law. Further responding, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore denies same.

9. International Paper is not required to respond to Paragraph 9 as it sets forth a conclusion of law. Further responding, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies same.

10. International Paper is not required to respond to Paragraph 10 as it sets forth a conclusion of law. Further responding, to the extent that they relate to International Paper, International Paper denies the allegations contained in Paragraph 10 of the Crossclaim.

11. International Paper is not required to respond to Paragraph 11 as it sets forth a conclusion of law. Further responding, to the extent that they relate to International Paper, International Paper denies the allegations contained in Paragraph 11 of the Crossclaim.

12. International Paper is not required to respond to Paragraph 12 as it sets forth a conclusion of law. Further responding, to the extent that they relate to International Paper, International Paper denies the allegations contained in Paragraph 12 of the Crossclaim.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Since General Electric's action is one for contribution, International Paper may be liable, if at all, only severally for its equitable share of General Electric's alleged response costs otherwise recoverable from International Paper.

### SECOND DEFENSE

Some or all of General Electric's claims are barred or limited because General Electric has failed to mitigate their damages.

### THIRD DEFENSE

General Electric's alleged causes of action are barred or limited insofar as any costs, damages and expenses alleged to be incurred by General Electric are solely the result of intervening and supervening acts of persons or entities over which International Paper had no control.

### FOURTH DEFENSE

The alleged acts and omissions of International Paper were not the proximate cause of the alleged damages.

FIFTH DEFENSE

General Electric is barred from recovery by the equitable doctrines of unclean hands, laches, unjust enrichment, waiver and estoppel.

SIXTH DEFENSE

General Electric's costs are, in whole or in part, unnecessary, and inconsistent with the applicable National Contingency Plan ("NCP") or were not caused by the release(s) for which International Paper may be held liable.

SEVENTH DEFENSE

If General Electric has incurred necessary response costs, they were caused, in whole or in part, by the acts or omissions of third parties, other than agents or employees of International Paper and other than parties whose acts or omissions occurred in connection with a contractual relationship existing directly or indirectly with International Paper, and International Paper at all relevant times (a) exercised due care with respect to the property and any alleged contamination, (b) took all reasonable precautions against the actual omissions of any third party and their reasonable, foreseeable consequences, and (c) complied with all applicable notice requirements.

EIGHTH DEFENSE

To the extent that International Paper is liable to General Electric for any response costs, International Paper is liable only for that portion of such costs which are directly attributable the acts or omissions of International Paper.

NINTH DEFENSE

If International Paper is a person liable for a release of hazardous materials, which liability International Paper expressly denies, then the release of hazardous substances or materials for which International Paper is liable and any alleged resulting harm is divisible from the those

other releases or other hazardous materials which require a response or remediation at the Site and for which International Paper is not liable.

TENTH DEFENSE

The Crossclaim fails to join all indispensable parties.

ELEVENTH DEFENSE

Pursuant to 42 U.S.C. §§ 9601(35) and 9607(b), International Paper is not liable because the alleged release(s) or threatened release(s) at issue in this action and the purported damages resulting therefrom, if any, were caused solely by acts or omissions of third parties.

TWELFTH DEFENSE

General Electric's claims are barred, in whole or in part, under CERCLA insofar as General Electric seeks to recover costs, damages and expenses other than "response costs."

THIRTEENTH DEFENSE

General Electric's claims are barred, in whole or in part, by their own negligence.

FOURTEENTH DEFENSE

General Electric has failed to state a claim upon which relief can be granted.

FIFTEENTH DEFENSE

International Paper hereby adopts, incorporates by reference, and asserts all other affirmative defenses made by any other Defendants in this matter, except to the extent that said affirmative defenses attempt to shift liability to International Paper.

SIXTEENTH DEFENSE

International Paper hereby give notice that it intends to rely upon such other affirmative defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend its Answer to assert such defenses.

**WHEREFORE,** International Paper respectfully requests that this Court:

A. Enter judgment in favor of International Paper against General Electric on all claims in the Crossclaim;

B. Declare that International Paper is not liable for the costs associated with the response actions undertaken at the subject property/site;

C. Dismiss the Crossclaim;

D. Award International Paper its reasonable costs and expenses of this litigation, including reasonable attorney's fees; and

E. Grant such legal or equitable relief as this Court deems just and proper under the circumstances.

INTERNATIONAL PAPER COMPANY,

By its attorneys,

/s/ Steven M. Richard

Steven M. Richard (4403)
Nixon Peabody
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Facsimile)
srichard@nixonpeabody.com

# CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the participants registered to receive pleadings via the ECF system and via regular mail, postage prepaid those listed below on this 10th of April, 2008.

/s/ Steven M. Richard

**Notice has been delivered by EFC to the following:**

Stephen Adams sadams@taylorduane.com

Melody A. Alger melody.alger@bgmalaw.com

John A. Andreasen jandreasen@mcgrathnorth.com

Thomas C. Angelone angelonelaw@aol.com, Conlonmaryv@aol.com

Julie P. Barry jpbarry@nutter.com

John J. Barton jbarton@taylorduane.com

Charles S. Beal cbeal@cm-law.com, ccappalli@cm-law.com

Gregory L. Benik gbenik@jreri.com, mbiagetti@jreri.com

Stephen J. Brake sbrake@nutter.com

Jeffrey S. Brenner jbrenner@nixonpeabody.com, mryone@nixonpeabody.com, ProEfile@nixonpeabody.com

Kevin J. Bristow KJBristowlaw@verizon.net

Christopher R. Bush cbush@riag.ri.gov, randrade@riag.ri.gov

Alexandra K. Callam acallam@haslaw.com, jmansolf@haslaw.com

Andrew C. Coulam acoulam@taylorduane.com, fconnor@taylorduane.com

Paul V. Curcio pcurcio@apslaw.com

John B. Daukas jdaukas@goodwinprocter.com

Mark O. Denehy mdenehy@apslaw.com

Gary N. Donner gdonner@rfbclaw.com

William S. Eggeling william.eggeling@ropesgray.com

Douglas J. Emanuel demanuel@crfllp.com

Roy P. Giarrusso rgiarrusso@gncm.net

Alden C. Harrington harrington@bhrlaw.com

Martha A. Holt mholt@eapdlaw.com

Thomas C. Jackson thomas.jackson@bakerbotts.com

Bret W. Jedele bjedele@crfllp.com

Adam P. Kahn akahn@foleyhoag.com

Staci L. Kolb slk@blishcavlaw.com

Eric Lukingbeal elukingbeal@rc.com

Kevin J. McAllister kmcallister@brcsm.com

James J. McGair jmcgair@hotmail.com

Joseph J. McGair jjm@petrarcamcgair.com

Keven A. McKenna KevenM@McKennaLaw.cc

Mark A. McSally mmcsally@kkrs.com

Matthew F. Medeiros mfm@lmkbw.com, cmorris@lmkbw.com, dcabral@lmkbw.com

Jeffrey S. Michaelson jeffmichaelson@cox.net

Mortimer C. Newton mortnewton@gmail.com

Karen Ann Pelczarski kap@blishcavlaw.com

Gerald J. Petros gpetros@haslaw.com, clomas@haslaw.com

Thomas C. Plunkett tplunkett@kprlaw.com, info@kprlaw.com

James T. Price jprice@spencerfane.com

Thomas P. Quinn tquinn@fmmesq.com

Peter Brent Regan pregan@srt-law.com

Paul V. Reynolds pvreynolds@conversent.net

Justin T. Shay jshay@cm-law.com, ccappalli@cm-law.com

Deming E. Sherman dsherman@eapdlaw.com, ekula@eapdlaw.com

Kristen W. Sherman ksherman@apslaw.com, afontaine@apslaw.com, btallman@apslaw.com

Steven E. Snow ses@psh.com, tlc@psh.com

Dean S. Sommer dsommer@youngsommer.com, amorris@youngsommer.com

Benjamin V. White , III bwhite@vetterandwhite.com

**Notice has been delivered by U.S. mail to the following:**

| | | |
|---|---|---|
| Ralph A. Child<br>Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC<br>One Financial Center<br>Boston, MA 02111 | Stephen E. Crowley<br>US Dept. of Justice<br>Environmental Defense Section<br>P.O. Box 23986<br>Washington, DC 20026-3986 | Christopher Davis<br>Goodwin Procter LLP<br>Exchange Place<br>Boston, MA 02109 |
| Irvin Freilich<br>Roberton, Freilich, Bruno & Cohen<br>One Riverfront Plaza<br>Newark, NJ 07102 | Roy Giarusso<br>Giarruso, Norton, Cooley & McGlone<br>Marina Bay<br>308 Victory Road<br>Boston, MA 02171 | William D. Gillis, Jr.<br>Donovan Hatem, LLP<br>Two Seaport Lane<br>Boston, MA 02210 |
| Nicholas Kenney<br>Foley Hoag LLP<br>155 Seaport Boulevard<br>Boston, MA 02210 | Ira K. Gross<br>Sullivan & Worcester LLP<br>One Post Office Square<br>Boston, MA 02109 | H. Hamilton Hackney, III<br>Choate, Hall & Stewart<br>Exchange Place<br>53 State Street<br>Boston, MA 02109-2804 |
| Thomas H. Hannigan, Jr.<br>Ropes & Gray<br>One International Place<br>Boston, MA 02110 | Jennifer A. Jester<br>Choate, Hall & Stewart<br>Exchange Place<br>53 State Street<br>Boston, MA 02109-2804 | Edmund J. Gorman<br>Moehreke, Mackie & Shea<br>137 Newbury Street<br>Boston, MA 02116 |

| | | |
|---|---|---|
| Lyn M. Lustig<br>Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC<br>One Financial Center<br>Boston, MA 02111 | Louis N. Massery<br>Massery, Gillis & Guiney<br>101 Merrimac Street<br>Boston, MA 02114 | Jonathan A. Murphy<br>Lester, Schwab, Katz & Dwyer, LLP<br>120 Broadway<br>New York, NY 10271-5916 |
| David Platt<br>Murtha, Cullina, Richter & Pinney<br>185 Asylum Street<br>Hartford, CT 06103 | Eric M. Sommers<br>McLane Graf Raulerson & MIddleton, PA<br>2900 Elm St.<br>P.O. Box 326<br>Manchester, NH 03105-0326 | Christine Kelley Tramontana<br>Giarrusso, Norton, Cooley & McGlone, P.C.<br>308 Victory Road<br>Marina Bay<br>Quincy, MA 02171 |